UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARTHUR L. DAVIS, et al.

Plaintiffs,

v.

DAVID M. WALKER, et al.
Comptroller General of the
U.S. Government Accountability Office

Defendants.

Case No: 06-1002 (JGP)

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, through counsel, respectfully move this Court to dismiss Plaintiffs' complaint with prejudice for lack of subject matter jurisdiction and failure to state a claim. In support of this motion, Defendants respectfully refer the Court to the attached memorandum of points and authorities.

Because this is a dispositive motion, the undersigned has not sought Plaintiffs' consent before filing it. LCvR 7 (m).

August 2, 2006

Respectfully submitted,

_________________________/s/________________
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_________________________/s/________________
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_________________________/s/________________
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARTHUR L. DAVIS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No: 06-1002 (JGP) |
| | ) | |
| DAVID M. WALKER, et al. | ) | |
| Comptroller General of the | ) | |
| U.S. Government Accountability Office | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The Defendants, David M. Walker, Comptroller General of the United States, Government Accountability Office ("GAO") et al., through counsel, hereby move this Court to dismiss the instant complaint for lack of subject matter jurisdiction and failure to state a claim. Three plaintiffs commenced this action under the Age Discrimination in Employment Act of 1964 ("ADEA"), 29 U.S.C. § 633a (2006), the Constitution, and other federal laws and regulations, alleging age discrimination in performance appraisals, advancements, pay and terminations.[1] Plaintiffs' claims of age discrimination, which Plaintiffs allege date back to the 1980's, must be dismissed for untimeliness and/or failure to exhaust administrative remedies, as well as a failure to state a claim. In addition, Plaintiffs' claim that the GAO Personnel Appeals Board ("PAB") has failed to perform its statutory oversight function must be dismissed for

[1] In the Complaint, Plaintiffs stated that they "are contemporaneously filing a motion for a preliminary injunction and a motion for class certification under Rule 23. The allegations in those motions are incorporated by this reference." Compl. at 5. Defendants believe that class certification is premature at this stage of the litigation and are filing a motion to stay class certification until the Court has made a decision on the motion to dismiss.

failure to state a claim. Finally, the jury demand must be stricken from the complaint because the ADEA does not allow for jury trials. See, e.g., Lehman v. Nakshian, 453 U.S. 156 (1981) (federal employees may not demand a jury trial for ADEA claims); Al-Harazi v. City of New York, 70 BNA FEP Cas 444 (S.D.N.Y. 1996)(no entitlement to jury trial in ADEA cases).

FACTUAL AND PROCEDURAL BACKGROUND

The three plaintiffs are former and current GAO analysts. Plaintiffs Davis and Gilbert allege they retired from GAO in June 2004 and June 1999, respectively. Pl.'s Compl. at 2-3. Plaintiff Moses is still employed by the agency. Compl. at 15-16. After unsuccessfully attempting to intervene in another case that is currently before this Court, Chennareddy v. Walker, Case No. 87-3538 (JGP), and raising many of the same claims they raise in the case at bar, Pl.'s Compl. at 15-16, Plaintiffs filed the instant complaint on May 31, 2006. In the complaint, plaintiffs allege that GAO discriminated against them on the basis of age with regard to performance appraisals, advancements, pay, and terminations. Compl. at 2-3. Plaintiffs claim that these actions constitute continuing violations. Compl. at 3. Plaintiffs allege that Plaintiffs Davis and Gilbert were constructively discharged and that GAO's Band II restructuring, which took place in late 2005 and 2006, was discriminatory. Compl. at 4, 10. Plaintiffs further claim that GAO's oversight body, the PAB, has failed to investigate or correct allegations of age discrimination. Compl. at 2, 13. Finally, Plaintiffs allege that they filed two Notices of Intent to Sue under the ADEA with GAO, one dated in the year 2000 (no month or day alleged) and the other on April 6, 2006. Compl. at 6.

## ARGUMENT

**I. Standard of Review**

*1. Motion to Dismiss*

In resolving a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. Sullivan-Obst v. Powell, Secretary, Department of State, 300 F. Supp. 2d 85, 91 (D.D.C. 2004). Therefore, the complaint will be dismissed if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. Finally, while "many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." Id.

**II. Plaintiffs Failed to Comply with the ADEA's Notice Requirements.**

The ADEA provides two routes by which a claim of age discrimination may be brought against a federal agency. A federal employee may invoke an administrative process and then file a civil action if she is not satisfied with her administrative remedies. See 29 U.S.C. § 633a(b). Alternatively, the employee may elect to forego that administrative process and present her claim directly to a United States district court[2]. See 29 U.S.C. § 633a(c); Lex K. Larson, 8 Employment Discrimination (2d ed.) § 140.08, at 140-32 (1998). If a federal employee pursues the second route, the employee must file a notice of intent to sue with the Equal Employment Opportunity Commission ("EEOC")[3] within 180 days of the alleged discriminatory incident and give the EEOC at least 30 days to remedy the situation before filing the federal complaint. See

---

[2] None of the Plaintiffs claim to have exhausted their administrative remedies. Compl.

[3] For GAO employees, the notice of intent to file suit is filed with the agency's Office of Opportunity and Inclusiveness.

29 U.S.C. § 633a(c) and (d); Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991); Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003). The purpose of this 180-day notice requirement is twofold: First, it provides the EEOC or the employing agency with an opportunity to attempt to conciliate the complaint while it is still fresh. Second, it provides early notice to the employer of a possible lawsuit, thereby promoting both the preservation of evidence and good faith negotiation on the part of the employer during the conciliation period. Cf. Lex K. Larson, 8 Employment Discrimination (2d ed.) § 140.01, at 140-3 (1998). Because the deadline for providing written notice of intent to sue is a statutory prerequisite to suit, it constitutes an integral part of the waiver of sovereign immunity that permits an employee to bring an age discrimination claim against a federal government agency. Here, all three plaintiffs failed to file timely their notices of intent to sue.

*Plaintiff Gilbert failed to file timely notice of intent to sue*

Plaintiff Gilbert ("Gilbert") alleges that he filed a Notice of Intent to Sue in 2000 and again on April 6, 2005. Pl.'s Compl. at 6. Gilbert claims that he was constructively discharged, and he retired in June 1999. Pl.'s Compl. at 8-9. Therefore, his other allegations relating to discrimination[4] while employed at GAO would have had to occur before his June 1999 retirement. For his claims to be timely, Mr. Gilbert would have had to file a Notice of Intent to Sue by December 1999, within 180 days after the alleged discriminatory acts.[5] 29 U.S.C.

---

[4] Most of Plaintiff Gilbert's claims consist of broad allegations of age discrimination tied to no specific events or dates.

[5] GAO's records show a retirement date of July 2, 1999, rather than June 1999. However, his 2000 Notice of Intent to Sue would be untimely for his constructive discharge allegations, as 180 days from July 2, 1999 is December 29, 1999.

§ 633a(d); Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991). However, Plaintiff Gilbert failed to file in 1999 and his filings in 2000 and 2005 were untimely.

*Plaintiff Davis failed to file timely notice of intent to sue*

Plaintiff Davis'("Davis") claims also generally consist of broad allegations of age discrimination tied to no specific events or dates. The allegation most recent in time is that of constructive discharge. Pl.'s Compl. at 4, 7. Davis alleges that he was constructively discharged on June 1, 2004. Pl.'s Compl. at 4. His other allegations relating to discrimination while employed at GAO would have had to occur before the alleged June 1999 constructive discharge. To be timely for the constructive discharge claim, Davis would have had to file a Notice of Intent to Sue by November 27, 2004, within 180 days after the alleged discriminatory act. However, the complaint alleges a filing on April 6, 2005, more than 4 months beyond the 180-day filing period.[6]

*Plaintiff Moses failed to file timely notice of intent to sue*

*a. Plaintiff Moses fails to allege actions or dates prior to 2005 notice*

Despite his broad allegations of age discrimination, Plaintiff Moses ("Moses") does not identify any unlawful practices occurring 180 days prior to the alleged filing of either his 2000 or 2005 Notice of Intent to Sue. Therefore, these general claims should be dismissed.

*b. Plaintiff Moses failed to file notice for claims arising after his 2005 notice*

In the complaint, Moses alleges discrimination from the agency's Band II restructuring process which took place roughly eight months *after* his April 17, 2005 Notice of Intent to Sue.

---

[6] Davis alleges that he filed a Notice of Intent to Sue in 2000, prior to his alleged constructive discharge. However, as noted earlier, Davis' general allegations of age discrimination are not tied to specific events or dates.

Compl. at 10-11. Moses alleges that as a result of the restructuring, in December 2005 the GAO placed him in the lower group, Band II A. These allegations were not the subject of a new notice or charge and should therefore be dismissed.

In an analogous Title VII matter, the Supreme Court has held that a new EEO charge must be filed when an employee has previously filed a charge but is alleging a new discreet unlawful act. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002) In reaching its holding, the court carefully analyzed the statutory language of 42 U.S.C. § 2000e-5(e)(1), the charge filing process in Title VII, which states: "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred". Noting the purpose of each term and phrase, it found that the terms "occurred" and "after" make clear that the unlawful practice has to have taken place in the past, prior to the charge filing. Morgan, 536 U.S. at 109-110. The court also noted that it has repeatedly interpreted the term "practice" to apply to a discrete act or occurrence, even when the act has a connection to other acts. Id. at 111; see e.g., Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229 (1976). In this regard, the court further stated that discrete acts such as termination and failure to promote are easy to identify and that each such incident constitutes a separate actionable employment practice.

This Circuit, and others, have relied upon the Morgan analysis in Title VII cases to bar discrete acts occurring *after* the time filing period when the plaintiff fails to file a new charge. In Romero-Ostolaza v. Ridge, 370 F. Supp.2d 139 (D.D.C. 2005), the court dismissed additional employment-related allegations for which plaintiff had not filed a charge despite having filed a charge on failure to be promoted. In so doing, the court cited Velikonja v. Mueller, 315 F. Supp.

2d 66 (D.D.C. 2004), and noted that requiring a plaintiff to exhaust each discrete claim of discrimination comports with the purpose of giving agencies notice and the opportunity to handle a matter internally. Romero, 370 F. Supp. 2d at 149. Although Morgan and Romero-Ostolaza involve Title VII, their reasoning can be applied with equal force to Moses' Band II restructuring ADEA claims. The ADEA time filing provision for Notice of Intent to Sue, 29 U.S.C. § 633a(d), contains the same terminology as the Title VII provision ( "….filed within one hundred and eighty days after the alleged unlawful practice occurred.") Further, the intent of the requirement, permitting the agency to resolve the matter internally, is the same for both statutes. See 29 U.S.C. § 633a(d). See also H. Rep. Conf. No. 95-950, at 534 (1978) (noting that one purpose of the notice requirement is to provide the opportunity to eliminate the alleged unlawful practice through informal methods of conciliation).

Here, Moses' allegation that he was placed in a lower group, Band II A, as a result of the restructuring is a discreet claim that was definable at a date certain and easily identifiable. Moses should have filed a separate notice of intent to sue after it occurred. Thus, Moses' claims regarding the Band II restructuring must be dismissed.

Plaintiffs' claims should be dismissed because they filed untimely Notices of Intent to Sue. In addition, their claims should be barred by the statute of limitations.

**III. Plaintiffs Failed to File Complaint within the Statute of Limitations Period.**

There is no statute of limitations in the federal government section of the ADEA, but the Supreme Court has stated that it assumes "Congress intended to impose an appropriate period borrowed from either a state statute or from an analogous federal one." Stevens, 500 U.S. at 7. The majority of other circuits have found that Title VII of the Civil Rights Act of 1964 ("Title

VII") is most analogous to the ADEA, and therefore provides the most appropriate statute from which to borrow an applicable statute of limitations for ADEA actions brought by federal employees directly into federal court. See e.g., Edwards v. Shalala, 64 F.3d 601, 606 (11th Cir. 1995); Long v. Frank, 22 F.3d 54 (2d Cir. 1994); Lavery v. Marsh, 918 F.2d 1022, 1025 (1st Cir. 1990); Elder v. Cisneros, No. 94C-597, 1995 WL 107108 at *2 (N.D. Ill. March 8, 1995); Rawlett v. Runyun, 849 F. Supp. 449 (E.D.Va. 1994); Sykes v. James, No. Civ. 04-2031, 2005 WL 3544294, *3 (D.D.C. Dec 27, 2005); Price v. Greenspan, 374 F. Supp.2d 177, 186 (D.D.C. Jun 22, 2005); but see Rossiter v. Potter, 357 F.3d 26, 35 (1st Cir. 2004) (finding 2 year statute of limitations in the Fair Labor Standards Act to be more appropriate than Title VII).

The 11th Circuit in Edwards supported the applicability of the Title VII model where an employee decided to forego the administrative process and present a claim directly to a United States district court. The Court found Title VII to be the natural source for borrowing a statute of limitations for age discrimination cases as "the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace . . . " and as the first two sections of the federal sector ADEA provisions, 29 U.S.C. § 633a, were patterned after Title VII. Edwards, at 606; Lehman v. Nakshian, 453 U.S. 156, 163-64 (1981). In Edwards, the Court found it to be persuasive and significant that the EEOC's regulations for the enforcement of the ADEA apply the same statute of limitations as that for federal Title VII claims. "An agency's interpretation of an ambiguous provision within a statute it is authorized to implement is entitled to judicial deference. Edwards, at 606 *citing* Jones, 32 F.3d at 1457-58; see 29 C.F.R. § 1614.408. In Edwards, the court found that the analogous limitations period from Title VII, 42 U.S.C. § 2000e-16(c) is the appropriate period to apply to the ADEA claims brought by federal employees

directly in federal court.

Applying the period of Title VII, 42 U.S.C. § 2000e-16(c), Plaintiffs would have had to file a complaint in district court 90 days after the date on which they were required to file a Notice of Intent to Sue. See Edwards, at 605 ("[the appropriate time] period would begin to run on the expiration of the EEOC's thirty day notice waiting period"). Claims not filed in the district court within the 90 day period should be dismissed.

*Plaintiff Gilbert*

Under the Title VII statute of limitations, Plaintiff Gilbert would have had to file a complaint in district court by the end of March 2000, 90 days after the date on which he was required to file a Notice of Intent to Sue. Because Gilbert alleges that he was constructively discharged on June 1999, he would have had to file a Notice of Intent to Sue by December 1999 - 180 days after the alleged discriminatory act - and he would have had to file a complaint by the end of March 2000, 90 days later. Pl.'s Compl. at 8. Having not filed a complaint until May 31, 2006, his allegations must be dismissed.[7]

*Plaintiff Davis*

Under the Title VII statute of limitations, Plaintiff Davis would have had to file a complaint in district court in February 2005, within 90 days after the date on which he was required to file a Notice of Intent to Sue. Because Davis alleges that he was constructively discharged on June 1, 2004, he would have had to file a Notice of Intent to Sue by November 27,

[7] Under the FLSA statute of limitations, Gilbert would have had to file a complaint in district court by July 2, 2001, 2 years after the date of the alleged unlawful occurrence. Having not filed a complaint until May 31, 2006, his allegations must be dismissed under either Title VII or FLSA limitations period.

2004 - 180 days after the alleged discriminatory act and he would have had to file a complaint in district court by March 28, 2000, 90 days later. Pl.'s Compl. at 4. Having not filed a complaint until May 31, 2006, his allegations must be dismissed.[8]

*Plaintiff Moses*

Under the Title VII 90-day limitations period, Moses would have been required to bring suit in district court by July 5, 2005, within 90 days of filing his April 6, 2005 Notice of Intent to Sue. Having not filed a complaint until May 31, 2006, his allegations addressed in his Notice of Intent to Sue must be dismissed.[9]

**IV. Plaintiffs' Continuing Violations Claim Fails.**

While Plaintiffs contend that GAO's alleged policy of age discrimination constitutes a continuing violation of ADEA, the holding in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), makes clear that discrete events of the type alleged in the complaint are not subject to the continuing violation doctrine. Compl. at 3. Discrete occurrences, such as termination or failure to promote, constitute a separate action for which separate and timely EEO charges (or, in the case of ADEA, Notices of Intent to Sue) must be filed. Id. at 114. The alleged constructive discharges and the Band II placement meet the court's definition of discrete

---

[8] Under the FLSA statute of limitations, Davis' constructive discharge claim would have to be filed no later than June 1, 2006, 2 years after the date of the alleged unlawful occurrence. Having filed a complaint on May 31, 2006, his constructive discharge claim would survive if he had filed a timely notice of intent to sue. As discussed *supra*, Davis did not file a timely notice of intent to sue.

[9] Under the FLSA statute of limitations, Moses' claims addressed in his Notice of Intent to Sue would have to be filed no later than February 7, 2008, 2 years after the alleged discriminatory act. (The alleged discriminatory act was the final decision to place Moses in the alleged lower group, Band II A). If the FLSA approach is used, the only cognizable claim Mr. Moses has made concerns the Band II restructuring. However, as noted *supra*, that claim should also fail because a timely Notice of Intent to Sue was not filed.

events. Thus, Plaintiffs' allegations of continuing violation must be dismissed as the Plaintiffs not only failed to file timely notices of intent to sue but failed to file a complaint within the statute of limitations period.

**V. The Court Should Dismiss the Claims against the PAB and Dismiss the PAB as a Party to this Action.**

Plaintiffs claim that the Personnel Appeals Board has failed to perform its statutory oversight function. Compl. at 2, 13. Under 31 U.S.C. §§ 751-55, the PAB is the administrative body that handles complaints of employees of the GAO and provides oversight on EEO issues at GAO. Plaintiffs allege that PAB failed to investigate and correct age discrimination at GAO. However, the PAB's alleged inaction did not deprive Plaintiffs of any interest they had under the ADEA or other laws. In Francis-Sobel v. Univ. of Maine, 597 F.2d 15 (1st Cir.), cert. denied, 444 U.S. 949 (1979), a case involving allegations that the EEOC's inaction deprived the plaintiffs of their rights, the First Circuit stated, "[t]he interests themselves [the rights under the anti-discrimination statute] have not been lost, only the help that Congress intended charging parties receive in vindicating those rights." Id. at 18. Because the Plaintiffs had not been deprived of their underlying Title VII statutory interests, the court held that the plaintiffs had failed to state a claim. Thus, even assuming, arguendo, that the PAB failed to investigate age discrimination at GAO, a contention Defendants deny, Plaintiffs would have suffered no loss of their underlying right to seek redress of their complaints under the ADEA in federal court. They are entitled to no further relief regarding the investigative actions of the PAB and Plaintiffs have failed to state a claim against the PAB. Therefore, the Court should dismiss the claims against PAB and dismiss PAB as a party to this suit. Cf., e.g., Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990), *aff'd*, 959 F.2d 1102 (D.C. Cir.) (table), *cert. denied*, 506 U.S. 1036 (1992)

(alleged failure to process EEO claims properly is not actionable under Title VII).

**VI. Plaintiffs Have Failed to State a Claim Under the Constitution or Other Laws.**

In addition to their ADEA claims, Plaintiffs attempt to seek relief under other federal laws, federal regulations, and the Constitution concerning the alleged age discrimination. Pl.'s Compl. at 2, 5, 13. However, this Circuit has held that "[i]t is undisputed that the ADEA provides the exclusive remedy for a federal employee who claims age discrimination." Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991); see Ward v. Kennard, 133 F. Supp. 2d 54, 58 (D.D.C. 2000); Sykes, 2005 WL 3544294 at *4. Therefore, Plaintiffs' claims under the Constitution and other laws and regulations should be dismissed.

**CONCLUSION**

Based upon the foregoing, Defendants respectfully request that Plaintiffs' complaint be dismissed with prejudice.

August 2, 2006

Respectfully submitted,

_________________________/s/________________
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_________________________/s/________________
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_________________________/s/________________
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153

Government Accountability Office
Staff Attorney
Cherrie Owen

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss, and its accompanying Order was filed via the Court's electronic filing system on this August 2, 2006 and is expected to be served by the Court's electronic transmission facilities to:

Walter T. Carlton
Walter T. Charlton & Assoc.
1156 15th Street, N.W.
LL 10
Washington, D.C. 20005
(410) 571-8764 (phone)
(410) 897-0471 (Fax)

/S/
ANDREA McBARNETTE, D.C. Bar #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153