UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ARTHUR L. DAVIS, et al.                )
                                       )
                    Plaintiffs,        )
             v.                        )        Case No: 06-1002 (JGP)
                                       )
DAVID M. WALKER, et al.                )
Comptroller General of the             )
U.S. Government Accountability Office  )
                                       )
                    Defendants.        )
_____)

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
AND SUPPORTING MEMORANDUM**

Defendants hereby move this Court for a protective order staying discovery in this case

until the Court rules on their Motion to Dismiss which was filed on August 2, 2006. Plaintiffs

oppose the requested stay.

**PROCEDURAL HISTORY**

Three plaintiffs commenced this action under the Age Discrimination in Employment Act

of 1964 ("ADEA"), 29 U.S.C. § 633a (2006), the Constitution, and other federal laws and

regulations, alleging age discrimination in performance appraisals, advancements, pay and

terminations.[1] Plaintiffs filed their complaint on May 31, 2006. On August 2, 2006, Defendants

filed a motion to dismiss and a motion to stay class certification until the Court has made a

decision on the motion to dismiss. With Plaintiffs' opposition still pending, briefing on the

motion to dismiss has not been completed.

Despite the pending motion to dismiss, Plaintiffs have already requested discovery from

_____

[1] In the Complaint, Plaintiffs also requested that the Court grant class certification.

Defendants and seek documents dating back over 10 years. In the absence of a stay, discovery in this case could encompass a review of events and documents of over a 25 years period, because Plaintiffs allege discrimination that dates back to the 1980s. If Defendants' pending motion is granted, discovery would be moot as all elements of the complaint are subject to Defendants' motion to dismiss. Since Defendants' motion is potentially dispositive of the entire case, a stay of discovery is warranted to prevent unnecessary expenditure of the parties' resources.

## ARGUMENT

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see also White v. Fraternal Order of Police, 909 F.2d 512, 516 (D.C. Cir. 1990) (decision whether to stay discovery is committed to the sound discretion of the district court and may be reversed only for abuse of discretion); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, inter alia, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this generous discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26(c). Accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is particularly appropriate for a Court to stay discovery where, as here, there is a dispositive motion pending: "[W]hen, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the

determination of such questions." O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); See, e.g., United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceeding at the outset to a determination of jurisdictional matters . . . ."); Dulany v. Carnahan, 132 F.3d 1234, 1238-39 (8th Cir. 1997) (upholding protective order and grant of summary judgment to defendant); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); New America Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1081 (Fed. Cir. 1989) (no abuse of discretion in staying discovery pending ruling on summary judgment motion); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of question of defendant's immunity, where discovery had no bearing on outcome of immunity issue); Abraham v. Volkswagen of America., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction).

Here, the entire suit may be resolved based on the determination of preliminary questions.  Specifically, Defendant's dispositive motion challenges whether Plaintiffs' claims of

age discrimination must be dismissed for untimeliness and/or failure to exhaust administrative

remedies, as well as a failure to state a claim.  In addition, Plaintiffs' claim that the GAO

Personnel Appeals Board ("PAB") has failed to perform its statutory oversight function, should

be dismissed for failure to state a claim.  Thus, if Defendant's dispositive motion is successful,

any discovery taken by either party on the merits of Plaintiffs' claims dating back to the 1980's,

will have been a needless expenditure of resources.  In these circumstances, a stay of discovery

pending resolution of the pending motion to dismiss is particularly warranted.

## **CONCLUSION**

For these reasons, Defendants respectfully request that this Court grant a protective order staying discovery in the instant action until the Court rules on Defendants' Motion to Dismiss.


August 8, 2006                          Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Government Accountability Office
Staff Attorney
Cherrie Owen

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing defendants' Motion for A Protective Order to

Stay Discovery, its accompanying memorandum and proposed Order, was mailed first class

postage prepaid, this 8th day of August, 2006 to:

Walter T. Charlton & Associates
Attorney at Law, Washington, D.C.
230 Kirkley Road
Annapolis, Md 21401

_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153