IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Arthur L. Davis, et al<br>    and all others similarly situated )<br>)<br>PLAINTIFFS,         )<br>)<br>)<br>)<br>DAVID M. WALKER       )<br>Comptroller General of the    )<br>United States c/o United States General )<br>Accountability Office (GAO)    )<br>    and         )<br>Michael Wolf, Chairman      )<br>United States Government Accountability Office )<br>Personnel Appeals Board (PAB)   )<br>   DEFENDANTS.       )<br>) | CASE NO: 06 1002 (JGP) |

**PLAINTIFF'S OBJECTION AND MOTION TO STRIKE APPEARANCE
OF THE U. S. DEPARTMENT OF JUSTICE'S
DUAL REPRESENTATION OF TWO GOVERNMENT AGENCIES
<u>WHERE INHERENT CONFLICT OF INTEREST EXISTS</u>**

Plaintiffs through counsel file this Objection to the dual representation by the United States Department Of Justice's (DOJ) dual representation of both the United States General Accountability Office (GAO), and the Agency supposed to oversee the Civil Rights and Equal Employment Activities of the GAO, the United States General Accountability Office's Personnel Appeals Board (PAB). This dual responsibility, in this situation, is inherently fraught with very material conflicts of interest.

Plaintiffs herein allege domination of the actions of the PAB by GAO, through manipulation of its budgetary control over the PAB, and appointment of its Board membership. These Plaintiffs and the class they seek to represent seek freedom for the PAB from that

domination, and now, through the very domination complained of by Plaintiffs, GAO has caused the PAB to be represented by the same attorney at the DOJ. The inherent conflict need not be examined further to determine that a serious conflict of interest situation exists.

The defendants' inherent conflict of interest which should be expected to interfere with the administration of justice in this case. The United States Department of Justice (DOJ), indeed the same AUSA counsel, represents both defendant agencies. Ordinarily this appearance of a conflict would be bad enough. But here, the situation is worse.

A central part of Plaintiffs allegations is that Plaintiffs, and the several class(es) they seek to represent have been and are being denied constitutional, statutory rights of due process, and equal access to the laws by several mechanisms. The denial of fair administrative processing of the Plaintiffs' and the class they seek to represent civil rights claims are, and have been, part of a continuing discriminatory pattern and practice of age discrimination.

Plaintiffs allege that GAO's personnel oversight agency, the PAB is utterly controlled by GAO, and thus ineffective in the performance of its statutory task of employment discrimination oversight, investigation and enforcement. Here, the United States Department of Justice represents not one, but both of the Agencies of the Federal Government who have *both* been accused of collusion in violation of existing civil rights and failure to investigate the rights of GAO employees.

One is the employer, GAO, and the other is its purported oversight and investigatory agency, the PAB. Working together, and failing to investigate massive claims like these allegations which cover period of more than 20 years accounts for a large part of Plaintiffs' civil rights that are alleged to have been violated.

The GAO has admitted, and the judge has commented upon that fact, that the PAB is essentially controlled by the GAO. GAO controls the PAB's budget process and the panels of judges, indeed the very membership of the Board itself. As the presiding District Judge, the Honorable Judge John G. Penn stated in a related case: "What more does GAO need" [for complete control]?

And this conflict is by the very Agency of the Federal Government, the United States Department of Justice, charged with responsibility for insuring justice for all in this United States for its Citizens. Plaintiffs submit that this is an example of an intolerable conflict of interest which should not be allowed to persist by this Court.

The Court is requested to strike from the case the entry of representation of the Department of Justice of both Defendant Agencies herein.

As detailed points and authorities in support of this objection and motion, Plaintiffs factual representations contained in the accompanying Memorandum in Opposition to Defendant's Motion to Dismiss are incorporated by this reference.

Respectfully submitted,

/s/ charltonw 2428

Walter T. Charlton, D.C. Bar # 186940
Counsel for the Plaintiffs and the Class
They Seek to Represent
230 Kirkley Road,
Annapolis, Maryland 21401
Telephone 410 571 8764
Email, charltonwt@comcast.net

**Certificate of Service**

  I hereby certify that I mailed, first class postage prepaid, a copy of this Plaintiffs Objection to the Dual representation of two government agencies with an inherent conflict of interest on this 11th , day of September, 2006 to counsel for the Defendants:

Andrea McBarnette, AUSA
Judiciary Center Building
555 4th, Street, N.W.
Washington, D.C. 2001.

_____

Walter T. Charlton