**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

Arthur L. Davis, et al                                    )
    and all others similarly situated              )
                                     )
    PLAINTIFFS,                                         )
                                       )     **CASE NO: 06 1002 (JGP)**
                                       )
DAVID M. WALKER                                        )
Comptroller General of the                             )
United States c/o United States General                )
Accountability Office (GAO)                            )
    and                                                )
Michael Wolf, Chairman                                 )
United States Government Accountability Office         )
Personnel Appeals Board (PAB)                          )
   DEFENDANTS.                                        )
_____)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY**
and
<u>**CROSS MOTION FOR A SHOW CAUSE ORDER**</u>

       Plaintiffs through counsel file this Objection to Motion of the Defendants to stay

discovery in this case until after the decision is reached on the Defendant's pending Motion to

Dismiss.

       Plaintiffs object and oppose this Motion because the matters sought in the initial

discovery attempted by the Plaintiffs pursuant to Federal Rule of Civil Procedure 26(A)(1) have

relevance to the facts determinative of the instant motion to dismiss.  Plaintiffs allege that GAO's

entire course of action in this case, and in the related and underlying case of Chennareddy, et al v.

Walker is driven by the necessity for cover-up of the statistical facts pertaining to GAO's

ongoing massive scheme to deprive GAO's older protected employees of their equal employment rights.

Discovery, if allowed to proceed, would result in full disclosure of the secret statistical system with associated data bases which would demonstrate, not only that an overall pattern and practice of disparate treatment of older employees has existed for more than 20 years and is ongoing, but that also, the Court, the GAO oversight agency, the PAB, and all plaintiffs who have sued the agency during that extended period were misled and misinformed as to those facts by the GAO. The purpose was and is clear, to cover its tracks.

This Motion to Stay is therefore not a merely routine matter. GAO **must** stay this discovery or its entire position in defense of its actions becomes untenable. One effect of the disclosures sought by Plaintiffs is to validate the "continuing violation doctrine" in application of the facts in this case. That in turn would have a determinative effect upon the statute of limitations questions raised by the GAO in defense of its position as to violations alleged to have occurred by the Plaintiffs in this case.

That issue is now before this Court. GAO should not now be allowed to put aside the determinative facts of viability of Plaintiffs's claims via this Motion to Stay discovery. That is what GAO has done so far in this protracted litigation, and it should not be further tolerated by this Honorable Court.

### A Brief History of GAO's Misleading Actions Underlying This Case and Related Cases Still Before this Court[1]:

---

[1] Contemporaneously herewith, these three plaintiffs along with the 11 putative class representatives in the related case of *Chennareddy v. Walker*, 87-3538 (JGP) move for reconsideration of several motions which heretofore denied relief requested. The thrust of these related motions is to place squarely before this Court all related issues as to the rights of the several classes whose rights are contained both in this case and in the 20 year old

Beginning in 1985, GAO assigned Mr. Robert Mowbray (Mowbray) to build a GAO employee data base. To that end Mowbray designed and constructed a fully expressed data base system containing from 60 to 90 data element (fields) of data pertaining to each employee. This effort was completed in 1989. Each year since 1985 is a separate data base, which is constructed from a number of component data systems. Each year's results may be obtained by accessing that data using a series of report programs designed for that purpose which may be varied from year to year with little effort. The system is all encompassing and may be accessed with minimal effort. (Attachment 1, Pg. 7-10, citing deposition testimony of Robert Mowbray in a related case before this court).

Plaintiffs herein allege that not only did the system exist, contrary to the misrepresentations of the GAO to this court, but it was used to measure and plan the discriminatory age based actions harming essentially all of GAO's older employees for the past 20 years, and continuing to date. GAO maintained secret the existence of that system, even from is own oversight agency, the PAB. It stated repeatedly through its counsel that no such data and system existed. Those representations were and are false.

Moreover, Plaintiffs allege that GAO used reports from that system to containing age data in its promotion panel deliberations as a routine practice and approve policy over the many years

Chennareddy case.

Those reconsideration motions are: (1) Motion for Leave to Amend, along with a Fourth Amended Complaint. That Motion with accompanying amended complaint seeks to add the PAB as a necessary party opponent, adds these three Plaintiffs as intervenors; and generally brings the allegations of the complaint up to date to include recent blatant violations of all of the Plaintiffs rights. (2) Also accompanying that motion is a motion requesting reconsideration of the previous denial of class certification. (3) Finally, a motion requesting Rule 11 sanctions requests exposure of and consideration of the obstructionist actions of the GAO in misleading the Court, the PAB, and the Plaintiffs as to the existence of material evidence of discrimination. GAO has falsely denied the existence of a comprehensive personnel statistical system which has been used to measure and manipulate the very violations complained about in these related cases. Had truthful disclosures been made, the age discrimination of the past 20 years would have been exposed and long ago eliminated.

of the underlying case.  As noted foregoing that included the attempts of these three Plaintiffs to intervene alleging similar complaints in the year 2000.  This allegation of misuse of the secret data is supported by testimony in related cases also taken in cases before this court[2].

In the Mid 1990's the PAB conducted its own statistical study, using its own derived statistics with the aid of the University of Maryland Statistics laboratory, which also indicated possible bias.  But GAO failed to follow up those indicators of a discriminatory pattern and practice.

Meanwhile, the GAO maintained to this Court that it had no statistical system nor data, and refused to produce any data base systems or results.  It consistently maintained (falsely) to this Court that none such existed.  As one consequence, the Court repeatedly denied class certification on the grounds that Plaintiffs could demonstrate no central control or measurement of employee data existed.  That obstruction left the misrepresentations standing un-rebutted to the false effect that older employees at GAO had no common or typical complaint.  That simply had to be true since there existed (according to the false representations of GAO counsel) no central personnel control mechanism for its professional level ratings, promotion and personnel system.

In fact all of those representations were false and known to be so when made by GAO legal representatives.  The fact of those misrepresentations remained unknown until 2002 when depositions in a related case exposed the existence of the comprehensive personnel data system

---

[2]  See testimony, Attachment 1, pages 7-10 with explanations; also see transcripts demonstrating misleading answers to the Court's questions, Attachments 2 and 3, accompanying this opposition, attachments to Plaintiffs Opposition to GAO's and the PAB's Motions to Dismiss for failure to state a claim and for statute of limitations questions.  The Court should note that if the discovery sought supports the proposition of intentional cover-up and obstruction of justice, the Doctrine of Equitable Estoppel would prevent any application of the Statute of Limitations to GAO's defenses.  This discovery is therefore of the essence of Plaintiffs' claims.

and its use in the personnel promotion process, and as a tool to shape the age of the professional

staff.  Although fully briefed, no decision on these matters has yet been made by the Court.

      Beginning in June, 1999 (Attachment 7, to Plaintiffs Opposition to Motion to Dismiss,

accompanying this Motion) these three plaintiffs filed their initial notice of intent to sue which

has been repeated in April of 2005, and again on August 9th , 2006 (Attachment 8).

**CONCLUSION:**

      For all of the above reasons, GAO's motion to stay discovery should be denied.  Plaintiffs

cross-motion for a Show Cause Order and preliminary injunctive relief should be granted to stop

the GAO's continued manipulation of the Court processes to thwart and obstruct justice.

      A draft Order accompanies this opposition.


        Respectfully submitted,

        /s/ charltonw 2428

        Walter T. Charlton, D.C. Bar # 186940
        Counsel for the Plaintiffs and the Class
        They Seek to Represent
        230 Kirkley Road,
        Annapolis, Maryland 21401
        Telephone 410 571 8764
        Email, charltonwt@comcast.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Arthur L. Davis, et al )<br>    and all others similarly situated )<br>)<br>PLAINTIFFS, )<br>)<br>)<br>)<br>DAVID M. WALKER )<br>Comptroller General of the )<br>United States c/o United States General )<br>Accountability Office (GAO) )<br>    and )<br>Michael Wolf, Chairman )<br>United States Government Accountability Office )<br>Personnel Appeals Board (PAB) )<br>    DEFENDANTS. )<br>) | CASE NO: 06 1002 (JGP) |

## ORDER
### (Denying Stay of Initial Rule 26(a)(1) Discovery)

Upon consideration of the Motion to Stay Discovery in this case, the opposition thereto, and the status of this case, and it appearing that there is no just cause for preventing Plaintiffs immediate access to information and evidence described by Mr. Mowbray in his deposition in a related case, and it further appearing, AND THIS COURT SO FINDS, that GAO has withheld the existence of material and relevant information from these Plaintiffs and this Court for many years, now therefore

1. The Motion to Stay is Denied.

2. GAO shall furnish any and all information is possesses regarding the scope of the data contained in its several data bases described by Mr. Mowbray to Plaintiffs herein, computerized programs available or which may be readily constructed to extract data therefrom.

1

3.  Copies to Counsel, under confidentiality safeguards necessary to prevent any personal employee information to be viewed by other than counsel or their employees.

4.  As a sanction, for failures of the GAO to be forthcoming in the past, GAO is hereby ordered to cooperate fully with Plaintiffs counsel in any and all inquiries as to the information sought relevant to GAO's personnel practices and actions affecting personnel since 1983.

5.  All such actions and disclosures shall be fully and voluntarily made by GAO and shall be at GAO's expense.

6.  Plaintiffs request for a Show Cause Order is Granted.  GAO shall show cause as to why it should not now be held in contempt of this Court for matters it has failed to disclose for over 20 years, and further, GAO shall show cause as to why it should not now be held accountable for costs and attorney's fees to date in this case and related cases, including reasons why no age discrimination in employment practices does now exist at GAO, and why it has not existed each year since 1983.

2

**Certificate of Service**

I hereby certify that I mailed, first class postage prepaid, a copy of this Plaintiffs Opposition to Defendants' Motion to Stay Discovery on this 11th , day of September, 2006 to counsel for the Defendants:

Andrea McBarnette, AUSA
Judiciary Center Building
555 4th, Street, N.W.
Washington, D.C. 2001.

/s/ charltonw2428
_____

Walter T. Charlton

3