# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Arthur L. Davis, et al )<br>   and all others similarly situated )<br> )<br>**PLAINTIFFS,** )<br> )<br> )<br> )<br>**DAVID M. WALKER** )<br>**Comptroller General of the** )<br>**United States c/o United States General** )<br>**Accountability Office (GAO)** )<br>   **and** )<br>**Michael Wolf, Chairman** )<br>**United States Government Accountability Office** )<br>**Personnel Appeals Board (PAB)** )<br>   **DEFENDANTS.** )<br> ) | **CASE NO: 06 1002 (JGP)** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY CLASS CERTIFICATION
and
CROSS MOTION TO CERTIFY THE CLASS OR CLASSES**

Plaintiffs through counsel file this Objection to Motion of the Defendants to stay class certification in this case until after the decision is reached on the Defendant's pending Motion to Dismiss.

There is no reason to stay class certification, nor any reason to dismiss the complaint. Oppositions filed today, September 11, 2006 are to the effect that GAO has prevented access to determinative evidence indicating across-the-board age discrimination since about 1985. All the elements necessary for a certification of the class are available and were stated in the Complaint filed in this case. Numerosity exists in abundance. Recently, another 300 older employees were denied cost of living increases following their downgrade in status.

1

The accompanying declaration of James D. Moses attests to the intolerable circumstances current employees find themselves. Counsel has leaned that about 15 older employees have elected to take their claims to the oversight agency charged with administrative relief for GAO employees. That agency is the United States General Accountability Office Personnel Appeals Board. Those persons apparently have elected to be represented not as a class, but as individuals. Therefore the danger exists that inconsistent and conflicting decisions will be issued by a governmental body which will affect the rights of the members of this putative class.

Moreover, this tactic is GAO's standard delaying tactic which has worked to well for over 20 years during which the GAO misled the Court by representations that there was no common and typical centrally located mechanism by which members of the class were damaged. This has now been proven untrue. Therefore, all of the elements to certify this class now exist.

**MOTION FOR CLASS CERTIFICATION, WITH POINTS AND AUTHORITIES:**

Plaintiffs herein hereby move for class certification. The factual allegations contained in the affidavits of Davis, Chennareddy, and the Declaration of Moses are incorporated by this reference, as are the class representations contained in the complaint filed in this case. Also incorporated by this reference is the factual background contained in the Plaintiffs opposition to Defendants' Motion to Dismiss filed today, September 11, 2006.

The Points and Authorities in Support of this Motion are Contained in the Separate Oppositions filed today, September 11, 2006. These factual allegations and verified representations are incorporated by this reference in order not to burden the Court with redundant information.

2

**CONCLUSION:**

For all of the above reasons, GAO's motion to stay class certification should be denied.

Plaintiffs cross-motion to certify the class, in accordance with the definitions contained in

Plaintiffs' complaint should be granted.  Preliminary injunctive relief should be granted to stop

the GAO's continued manipulation of the Court processes to thwart and obstruct justice.

A draft Order accompanies this opposition.

Respectfully submitted,

/s/ charltonw 2428

Walter T. Charlton, D.C. Bar # 186940
Counsel for the Plaintiffs and the Class
They Seek to Represent
230 Kirkley Road,
Annapolis, Maryland 21401
Telephone 410 571 8764
Email, charltonwt@comcast.net

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

Arthur L. Davis, et al                                      )
    and all others similarly situated            )
                                                            )
PLAINTIFFS,                                              )
                                                            )          CASE NO: 06 1002 (JGP)
                                                            )
DAVID M. WALKER                                     )
Comptroller General of the                           )
United States c/o United States General       )
Accountability Office (GAO)                         )
    and                                                     )
Michael Wolf, Chairman                              )
United States Government Accountability Office  )
Personnel Appeals Board (PAB)               )
  DEFENDANTS.                                      )
_____)

### ORDER
### (Denying Stay of Initial Rule Class Certification,
### Granting Class Certification, and for a Show Cause Order)

Upon consideration of the Motion to Stay Discovery in this case, the opposition thereto, and the status of this case, and it appearing that there is no just cause for preventing Plaintiffs immediate access to information and evidence described by Mr. Mowbray in his deposition in a related case, and it further appearing, AND THIS COURT SO FINDS, that GAO has withheld the existence of material and relevant information from these Plaintiffs and this Court for many years, now therefore

1.  The Motion to Stay is Denied.

2.  The Plaintiffs' Motion for Class Certification is Granted.  Plaintiffs shall reexamine the class definitions in the light of rulings by the Court and submit an appropriate Order incorporating the

1

rulings and submit a new draft order as required under F.R. Civ. P. 23 and the local rules of this Court after submitting the draft order to opposing counsel fo review.

3.  GAO shall forthwith furnish any and all information is possesses regarding the scope of the data, systems and report definitions as contained in its several data bases and associated systems described by Mr. Mowbray in his deposition of June 27, 2002, to Plaintiffs herein, including full descriptions of computerized programs available or which may be readily constructed to extract meaningful data from the data existing or which may be readily obtained..

4.  Defendant shall furnish copies of all data for all years since 1983 in machine manipulable form, which sufficient support systems and information to allow audit or verification of that data. by opposing Counsel, under such confidentiality safeguards as are necessary to prevent any personal employee information to be viewed by other than counsel or their employees.

5.  As a sanction, for failures of the GAO to be forthcoming in the past, GAO is hereby ordered to cooperate fully with Plaintiffs counsel in any and all inquiries as to the information sought relevant to GAO's personnel practices and actions affecting personnel since 1983.

6.  All such actions and disclosures shall be fully and voluntarily made by GAO and shall be at GAO's expense.

7.  Plaintiffs request for a Show Cause Order is Granted.  GAO shall show cause as to why it should not now be held in contempt of this Court for matters it has failed to disclose for over 20 years, and further, GAO shall show cause as to why it should not now be held accountable for costs and attorney's fees to date in this case and related cases, including reasons why no age discrimination in employment practices does now exist at GAO, and why it has not existed each year since 1983.

2

SO ORDERED

_____
Judge, United States District Court

3

**Certificate of Service**

I hereby certify that I mailed, first class postage prepaid, a copy of this Plaintiffs Opposition to Defendants' Motion to Stay Class Certification and Cross Motion to Certify a Class or Classes on this 11th , day of September, 2006 to counsel for the Defendants:

Andrea McBarnette, AUSA
Judiciary Center Building
555 4th, Street, N.W.
Washington, D.C. 2001.

  /s/ charltonw2428

_____

Walter T. Charlton

4