UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR L. DAVIS, et al. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>DAVID M. WALKER, )<br>Comptroller General of the )<br>U.S. Government Accountability Office, )<br>et al. )<br>)<br>Defendants. )<br>) | Case No: 06-1002 (JGP) |

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE DUAL REPRESENTATION

The Plaintiffs commenced this action against Defendants, David Walker, Comptroller General of the U.S. Government Accountability Office ("GAO") and GAO's Personnel Appeals Board ("PAB"), alleging age discrimination and a failure to process discrimination complaints. The Plaintiffs have moved to strike the "dual representation" of both GAO and the PAB by the Department of Justice ("DOJ"). Plaintiffs' Objection and Motion to Strike at 1. The Plaintiffs argue that there is a conflict of interest due to GAO's "domination of the actions of the PAB." Motion to Strike at 1.

ARGUMENT

I.  *The Court should deny Plaintiffs' Motion to Strike Dual Representation*

Plaintiffs have named two defendants and seek to prevent the DOJ from representing both defendants.[1] However, the DOJ has statutory authority to represent the Defendants. Pursuant to 28 U.S.C. § 547, the U.S. Attorney's office shall "prosecute or defend, for the

---

[1] As discussed in Defendant's Motion to Dismiss and its supporting documents, all of Plaintiffs' claims against PAB should be dismissed.

Government, all civil actions, suits or proceedings in which the United States is concerned" and "appear in behalf of the defendants in all civil actions." 28 U.S.C. § 547(2), (3).  Therefore, the DOJ is appropriately defending the Defendants in this case.

The Plaintiffs allege that there is a conflict of interest between the Defendants due to GAO's "domination of the actions of the PAB."  Motion to Strike at 1.  Disciplinary Rule 5-105 prohibits a lawyer from representing multiple clients "if the exercise of his independent professional judgment ⋯ would be likely to involve him in representing differing interests" unless "it is obvious that he can adequately represent the interest of each [client] and ⋯ each consents to the representation after full disclosure." D.C. Code of Professional Responsibility DR 5-105(B) to ©.  Because of the alleged conflict of interest, Plaintiffs argue that the Defendants can not be both represented by the DOJ.  Id. at 1.  Yet, Plaintiffs allege that they believe that both GAO and PAB are in "collusion in violating existing civil rights and fail[ing] to investigate the rights of GAO employees." Motion to Strike at 2.  Ironically, the allegation of "collusion," is by itself an admission that the Defendants do not have conflicting interests in this litigation.  Despite Plaintiffs' allegations, there is no conflict of interest between the Defendants.

The Plaintiffs further argue that the GAO's domination of the PAB is so extreme that "the GAO has caused the PAB to be represented by the same attorney at the DOJ."  Motion to Strike at 2.  However, pursuant to 28 U.S.C. § 516, the Defendants' representation is not determined by the GAO.  Because the DOJ has the authority to represent the Defendants, the Court should deny Plaintiffs' Motion to Strike.

Finally, there is no conflict of interest because the U.S. Attorney's Office represents the interests of the United States, not the individual entities.  Thus the Department attorney's or the

Assisted United States Attorney's ("AUSA") client is the United States. The rational underpinning this position is explained in a memorandum by the DOJ's Office of Legal Counsel.

> [T]he Attorney General must serve the interests of the "client" agency as well as the broader interests of the United States as a whole in carrying out his professional duties. The Attorney General is obligated to administer and enforce the Constitution of the United States and the will of Congress as expressed in the public laws, as well as the more "private" legal interests of the "client" agency. It is because of this diversity of functions that situations may arise where the Attorney General is faced with conflicting demands, e.g., where a "client" agency desires to circumvent the law, or dissociate itself from legal or policy judgments to which the Executive subscribes; where a "client" agency attempts to litigate against another agency or department of the federal government; or where a "client" agency desires a legal result that will benefit the narrow area of law administered by the agency, without regard to the broader interests of the United States government as a whole. In such cases, the Attorney General's obligation to represent and advocate the "client" agency's position must yield to a higher obligation to take care that the laws be executed faithfully. In every case, the Attorney General must satisfy himself that this constitutional duty, delegated from the Executive, has not been compromised in any way, and that the legal positions advocated by him do not adversely affect the interests of the United States.

"The Attorney General's Role as Chief Litigator for the United States," 6 U.S. Op. Off. Legal Counsel 47, 62; 1982 WL 170670. Thus for purposes of the cases that a AUSA would handle at the U.S. Attorney's Office, her client would be the United States. Consequently, there is no conflict of interest in DOJ representing both Defendants GAO and PAB.

## **CONCLUSION**

For these reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Strike Dual Representation of the Defendants.

October 10, 2006                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153


Government Accountability Office
Staff Attorney
Cherie Owen

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DUAL REPRESENTATION was mailed first class postage prepaid, this 10th day of October, 2006 to:

Walter T. Charlton & Associates
Attorney at Law, Washington, D.C.
230 Kirkley Road
Annapolis, Md 21401

_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153