UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR L. DAVIS, et al. )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>DAVID M. WALKER, et al. )<br>Comptroller General of the )<br>U.S. Government Accountability Office )<br>)<br>Defendants. )<br>) | Case No: 06-1002 (JGP) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER AND STAY OF CLASS
CERTIFICATION AND OPPOSITION TO SHOW CAUSE ORDER**

Defendants submit this reply in support of their motion to stay class certification and for a protective order staying discovery until the Court rules on their motion to dismiss. Defendants also oppose Plaintiffs' request for a show cause order.

Three plaintiffs commenced this action under the Age Discrimination in Employment Act of 1964 ("ADEA"), 29 U.S.C. § 633a (2006), the Constitution, and other federal laws and regulations, alleging age discrimination in performance appraisals, advancements, pay and terminations. In the Complaint, Plaintiffs requested that the Court grant class certification.

Despite the pending motion to dismiss, Plaintiffs seek discovery from Defendants and seek the certification of a class. If Defendants' pending motion is granted, discovery would be moot as all elements of the complaint are subject to Defendants' motion to dismiss. Defendants' dispositive motion challenges whether Plaintiffs' claims of age discrimination must be dismissed for untimeliness and/or failure to exhaust administrative remedies, as well as a failure to state a claim. "[W]hen, as here, the determination of a preliminary question may dispose of the entire

suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see, e.g., United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceeding at the outset to a determination of jurisdictional matters . . . ."). A stay of discovery is warranted to prevent unnecessary expenditure of the parties' resources, whether the Court dismisses all or only some of the claims in the Complaint.

Plaintiffs argue that the matters sought in their discovery requests have relevance to the facts in the motion to dismiss and will shed light on Defendants' alleged "massive" scheme to coverup. Opp. Motion to Stay Discovery at 2. However, Defendants have filed a motion to dismiss pursuant to 12(b)(6). In resolving a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. Sullivan-Obst v. Powell, Secretary, Department of State, 300 F. Supp. 2d 85, 91 (D.D.C. 2004). Therefore, Plaintiffs do not need to prove the facts they allege in the complaint for the Court to rule on the motion to dismiss. Thus, Plaintiffs' argument that they need discovery is simply incorrect.

Plaintiffs object to a stay of class certification and merely state that there is "no reason to stay class certification." Opp. Motion to Stay Class Cert. at 1. However, Plaintiffs ignore a critical reason - that discovery and briefing on the issue of class certification should be stayed because it would save the Court and the parties time and resources to await a decision on

the motion to dismiss.[1]

Finally, the Defendants object to Plaintiffs' request for the Defendant GAO to "show cause as to why it should not now be held in contempt of this Court for matters it has failed to disclose for over 20 years . . ." Plaintiffs' Order ¶ 7. Plaintiffs' request is based on nothing more than Plaintiffs' allegations and the request is premature at best. Moreover, as Defendants argue in their motion to dismiss and supporting documents, claims against GAO should be dismissed.

---

[1] Defendants object to the extent that Plaintiffs request that the Court determine class certification without Defendants conducting discovery on the issue of class certification.

## **CONCLUSION**

For these reasons, until the Court rules on Defendants' Motion to Dismiss, Defendants respectfully request that this Court stay discovery and class certification in the instant action. Defendants also request that the Court deny Plaintiffs' request for a show cause order.

October 10, 2006                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Government Accountability Office
Staff Attorney
Cherrie Owen

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND STAY OF CLASS CERTIFICATION AND OPPOSITION TO SHOW CAUSE ORDER**, its accompanying memorandum and proposed Order, was mailed first class postage prepaid, this 10th day of August, 2006 to:

Walter T. Charlton & Associates
Attorney at Law, Washington, D.C.
230 Kirkley Road
Annapolis, Md 21401

_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 514-7153