Attachment 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No   06-1002 (JGP)

DECLARATION OF JAMES D. MOSES NOVEMBER 29, 2006

Declaration under oath by James D. Moses, Plaintiff on Defendant's
Motion to Dismiss Complaint No 06-1002.

Defendant Erroneously States that Plaintiff Moses failed to timely file a notice on
intent to file suit (page 8 of Defendants' Motion)

Comments:

In order to support a claim of not timely, there first must be established an effective date of the alleged unlawful practice.  The Defendants do not state the effective date of the unlawful practice, apparently to confuse the issue.   The two separate cases here involved are cases no. 06-1002 and 06-01712.  Case no. 06-1002 was filed by three complainants, Davis, Moses and Gilbert alleging a long term continuing series of violations about which we had been complaining and trying to intervene in Chennareddy, et al for about six years.  The violations continued each year with each ratings period.

We had not been granted intervention, and were worried that we would run afoul of the statute of limitations.  For this reason we, the three prospective intervenors in 87-3538 filed a new notice of intent to sue on or about April 11, 2005.  When nothing happened but more instances of age discrimination we filed a separate lawsuit on May 31, 2006.  By that time Davis and Gilbert had left the agency.

In the meantime, as a similar matter, but with a slightly different tack, the CG had determined to make the Band II split, a down-grade for myself and about 340 other analysts.  That move, which affected mostly persons over 50, was effective

1

in my paycheck on February 16th, 2006 and every paycheck thereafter. I have been downgraded to Band II a, the same as the other people similarly situated. That complaint is a separate one, filed for myself and all others similarly situated on October 4th, 2006 after giving notice of intent to sue on August 9th, 2006.

To be timely under GAO's Order # 2713.2, a Notice of Intent to Sue must be filed within 180 days after the alleged unlawful practice occurred. After filing notice, plaintiffs must wait at least 30 days before commencing suit. Defendants claim that Plaintiff Moses August 2006 Notice of Intent to Sue was untimely with regard to both of these time limitations. According to Defendants, Plaintiff August 2006 Notice was filed more than two months after the filing date of this lawsuit (meaning the lawsuit filed by Plaintiff Moses on May 31, 2006, No 06-1002).

In addition, Defendants claim that Plaintiff Moses was notified on February 2, 2006 of the Comptroller General's decision not to grant Plaintiff Moses' request to be placed in Band IIB: thus the 2006 Notice was filed 188 days after the alleged unlawful action. <u>The Defendants are wrong on both accounts about timeliness.</u>

First, the August 9th, 2006 Notice of Intent to Sue was made specifically to meet the timeframe set by the GAO Administrative process requirements for case number 06-01712. No lawsuit was filed under Plaintiff Moses August 9th 2006 Notice until October 4th, 2006, the date 06-01712 was filed. Therefore, Plaintiff Moses waited more than 30 days before commencing that lawsuit which clearly meets the legal requirements.

Second, as to the lawsuit filed on May 31, 2006, this is the case for which the Motion to Dismiss was filed and is now in question. In that case, the previous notice of intent to sue was filed on April 6th, 2005. Thus, the May 31st 2006 lawsuit # 06-1002 was filed about 14 months after the notice of intent to sue was filed. That lawsuit was filed for Moses, Davis and Gilbert and all others similarly situated alleging continuing violations based upon age, and other wrongs which were first subjected to a notice of intent to sue in about 1999.

2

To my knowledge, that motion to intervene is still pending for all three of the original applicants for intervention.  But those wrongs did not include the downgrades which occurred effective with the paycheck on February 16th, 2006.  Those complaints were included in my separate class action lawsuit not filed until October 4th, 2006.

In his February 2, 2006 letter to Plaintiff Moses, the CG gave Plaintiff Moses an opportunity to personally meet with him to discuss his decision.  In a letter to the C G dated February 7, 2006, Plaintiff Moses asked the CG for a personal meeting to further discuss his decision not to place him in Band IIB.  The CG did not grant a personal meeting but did grant Plaintiff Moses a meeting by telephone.  The CG made his final decision denying that Moses' request for canceling of the down-grade after that telephone meeting.  Therefore, the CG's final decision to not place Plaintiff Moses in Band IIB would have to be on or after February 16, 2006.  Consequently, Plaintiff Moses Notice of Intent to Sue dated August 9, 2006, is timely.  Plaintiff Moses Notice was filed 173 days after the alleged unlawful practice occurred.

This is clearly within the requirement that notice be filed within 180 days which was clearly stated in Plaintiff Moses affidavit as filed in this case.  Also, Plaintiff Moses first pay check that was affected by the CG decision not to place him in Band IIB was dated February 16, 2006, which is also well within the 180 days requirement.

<u>Plaintiffs Have Not Established Prima Facie Case for Plaintiff Moses</u>
In footnote 3 on page 10, Defendants state that Plaintiff Moses appears to have abandoned his claims regarding the award in the instant case, and is pursuing only claims regarding the performance analysis.

<u>This is far from the truth</u>.  Plaintiff Moses is still pursuing all of his claims under the 2002 administrative complaint including performance ratings for 2000 and 2001 and not receiving an award that he should have received.

The Defendants statement on page 10, that Plaintiff Moses has not established a prima facie case under the ADEA with regards to his claims is not true.  Under <u>McDonnell Douglas</u> a plaintiff bears the initial burden of establishing a prima facie case that (1) he/she is a member of a protected class: (2) he/she suffered from an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.  Defendants claim that Plaintiff Moses cannot establish the second of these prima facie elements (adverse action) in regards to the administrative claim filed in 2002.  GAO never issued a final agency decision on that complaint..  Therefore the Defendant's statement of this point is not true.

In fact Plaintiff Moses established all three of the prima facie elements including the second element, an adverse action.  Plaintiff Moses was denied an award of $300 that he should have received.  There were three members on the assignment where the award was given.  The two female members both of whom were much younger than Plaintiff Moses (one member was under 40) received the $300 award.  There is no other clear or documented reason, other than age, to not have given Plaintiff Moses the award with $300 cash.

The lower ratings that Plaintiff Moses received were also an adverse action.  Plaintiff Moses ratings were among the lowest in the entire group of 47 people, completely out of character with what he had been accustomed.  Both females received higher ratings than Plaintiff Moses with no documented reasons.  The lower ratings that Plaintiff Moses received were embarrassing and psychologically draining.  The lower ratings and not receiving the award disrespected Plaintiff Moses and caused him to lose status among his peers.  Also, these discriminatory

4

actions against Plaintiff Moses because of his age, affected his future status and potential advancement in the GAO organization.

I declare under the penalties of perjury that the foregoing statements are true and correct.

[SIGNED BY DECLARANT]  November 29, 2006

James D. Moses          ORIGINAL ON FILE IN COUNSEL'S OFFICE

.