IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Arthur L. Davis, et al**<br>    and all others similarly situated<br><br>**PLAINTIFFS,**<br><br>**DAVID M. WALKER**<br>**Comptroller General of the**<br>**United States c/o United States Government**<br>**Accountability Office (GAO)**<br>    and<br>**Michael Wolf, Chairman**<br>**United States Government Accountability Office**<br>**Personnel Appeals Board (PAB)**<br>    **DEFENDANTS.** | **CASE NO: 06 1002 (EJS)**<br>**Maj (DAR)** |

**RENEWAL OF MOTION TO INTERVENE**
**AND TO CONSOLIDATE THIS CASE INTO CASE NO 87-3538**

The three named plaintiffs herein, for themselves and all others similarly situated, renew their request that they be allowed to intervene into case number 87-3538, and that this case be consolidated and merged into the underlying case, 87-3538, now before this court[1], pursuant to Federal Rule of Civil Procedure 42(a).  Counsel for the Government Harry B. Roback, AUSA, has been contacted and opposes this Motion on the grounds that these three plaintiffs allegedly failed to exhaust administrative remedies.  Plaintiffs disagree with that position.

Since the original filing of this motion in intervene in January 2008, some of the underlying facts have changed.  For this reason, a supplemental statement of facts is Attached as Exhibit 1.  This Court's attention is respectfully directed to that document which is incorporated by this reference.

Consolidation is in the interests of judicial economy and justice.  Plaintiff asserts that the facts, causes of action and the determinative issues in all of the related cases before this court are essentially the same.  The only real difference is the time sequence of each occurrence of alleged discrimination.  The central issues are as follows:

---

[1] Venkareddy Chennareddy et al v. Walker, 87 CV-3538 (EJS, MJ DAR)

    I. Whether the GAO has a policy of discrimination using age as an adverse determinative factor in lowered ratings of its older professional employees?

    II. Whether that discriminatory policy is reflected in performance ratings based upon illusory, or false or irrelevant factors designed to carry out its intentional policy of age discrimination against its older professional employees?

    III. Whether the mandatory administrative complaint process for GAO employees is meaningless, defective and violates GAO employee's rights to a meaningful administrative processing of complaints.

    IV. Whether these employees met their administrative duties by filing the statutory 30 day notices of intent to sue, thereby fulfilling their administrative requirements.

    V. Whether GAO has met its mandate to be candid and forthcoming with the Court and adverse parties in these discrimination complaints?

    It is unquestioned that all indicia of earnings, advancements, status and retention at GAO is based upon the purported merit ratings system in place. That same ratings system, slightly modified, has been in place for the entire term of the employment of these plaintiffs, and all plaintiffs in the related cases. Therefore, the same class of parties, the same factual issues, and the same legal issues are present in each of the related cases.

**This Complaint Stands Alone**:

    The complaint in this case was initially filed to preserve the three plaintiffs' and all similarly situated federal employees rights which were allegedly violated by discriminatory ratings. These three plaintiffs found it necessary to file their won complaints to protect their interests after rulings on their intervention were first interminably delayed, then summarily denied. These three plaintiffs were and are members of the putative class in case 87-3538, they wished to file their own complaints to cover the possibility that class certification would NEVER be granted. They therefore began to request intervention to complain in their own names, and

sought intervention repeatedly since 1999. Incident to their own filings, several timely notifications of intent to sue took place, and renewals of the motion to intervene were filed.

In addition to filing a 30 day notice of intent to sue, the plaintiffs herein each complained to GAO's civil rights office with administrative complaints, but although investigations were instituted, no final management action was made, after years of waiting. No timely administrative denials were ever made nor notices of a rights to sue issued as government regulations require. The administrative process was never explained in writing as the law requires.

Finally, this Court deemed the motion to intervene withdrawn along with other pending motions. Only then was the determination made to file this separate lawsuit. Thus, this lawsuit was timely filed to preserve the rights thus delayed for years for these three plaintiffs. This suit was also filed to prevent lapse in the event class certification in the underlying related case was ultimately denied.

Two of these three named plaintiffs, Davis and Gilbert, have now left the agency and one, Moses, remains employed after having suffered a reduction is status. Mr. Moses complains about those (later but with an identical root cause in a second case filed by him, case number 1:06CV 01712 (JGP).

**Reasons Supporting Intervention and Consolidation:**

The essence of the factual issues of this case as compared to the long-standing underlying case are the same. The existing statistical system is the same, maintained by the same person for the entire period of time of all of the complaints. All trial issue are expected to follow the same order of proof as to the discriminatory policies and practices complained of by the Chennareddy named plaintiffs. Intervention is necessary for the further reason that some of the putative class members remain at GAO. James D.Moses is the only putative class representative who remains employed at this time. Thus, Moses is a necessary class representative for those employees who still work at GAO. Dr. Chennareddy was the last employee who retired of the original class members. Moses therefore serves as the only class representative available to represent current

employees in the putative class action. And without Moses the present employees at GAO have a "headless class".

It is in the interests of economy for the Court, for plaintiffs and for the defendants to process this case in the most efficient manner. For all of the foregoing reasons and circumstances, intervention should be granted, this matter should be consolidated with the three cases enumerated herein, and this case dismissed as mooted by the intervention and consolidation. This Motion, therefore is a determinative motion.

Plaintiff's points and authorities in support of this Motion, and draft order, follow.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
213 Morgan Street, N.W.
Washington D.C., 20001
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Arthur L. Davis, et al )<br>and all others similarly situated )<br>)<br>PLAINTIFFS, )<br>)<br>)<br>DAVID M. WALKER )<br>Comptroller General of the )<br>United States c/o United States Government )<br>Accountability Office (GAO) )<br>and )<br>Michael Wolf, Chairman )<br>United States Government Accountability Office )<br>Personnel Appeals Board (PAB) )<br>DEFENDANTS. )<br>) | CASE NO: 06 1002 (EJS)<br>Maj (DAR) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO INTERVENE INTO CASE NUMBER 87-3538, AND TO CONSOLIDATE
THIS CASE PURSUANT TO RULE 42(a) FEDERAL RULES OF CIVIL PROCEDURE**

  The three Plaintiffs, Messrs Davis, Moses and Gilbert, all are or were, GAO professional level employees (Band II) who allege a policy and practices of age discrimination in employment in violation of ADEA.  They also allege a violation of their civil rights as government employees, for procedural denials of a meaningful administrative process by faulty notifications and other violations contained in GAO's defective, untimely, and essentially non-existent administrative process as applied to allegations of age bias.

  They allege the same period of time for their own discriminatory experiences as alleged by the eleven plaintiffs in Chennareddy et al, case No. 87 CV 3538.  They allege systemic violations beginning for them at the time they attained senior status, and thus became subject to the age bias complained about by all plaintiffs in case number 87CV 3538.  Misleading and inaccurate arguments by GAO to this Court caused repeated denials (without prejudice to renew) class certification motions.  That misinformation is discussed below in the context of the Mowbray system denials, which plaintiffs view as a determinative matter as to nearly all relevant underlying facts.  These plaintiffs, and all other putative class members should have been certified as class members long ago, but for the misinformation and lack of disclosure by the defendant herein.

New and highly determinative facts are now available in the record supporting plaintiffs' position, including resignation of the former Comptroller General and highly adversarial hearings before the Congress. For this reason, and to place these facts before the Court, a revised and updated statement of facts is submitted herewith. See Attachment 1 hereto.

The essence of plaintiffs position is that for all times since 1985, each of the plaintiffs in all of these related cases has been subject to a massive bias against all professional employees over the age of (that is starting at) age 43. These plaintiffs as well as the original 11 Chennareddy plaintiffs seek to represent those employees and the rights that have been taken from them. They therefore request that intervention be granted, and that this action be consolidated into ongoing case number 87-3538 (EJS, DAR) for all purposes.

## ARGUMENT

### I. Consolidation is Favored By the Law

This consolidation is authorized by under the provisions of F.R.Civ.P. 42(a)[2]

### II. Consolidation is Favored and Particularly Appropriate, As Here, Where Multiple Class Actions are Represented by the Same Counsel and the Cases Involve the Same Legal Issues and Facts.

**A. Case law in this Court favors consolidation.**

As stated by the Honorable Judge Emmet G. Sullivan of this Court in ***Chang, et al., Plaintiffs v. United States, et al Defendants, Banham, et al., Plaintiffs, v Ramsey, et al., Jones, et al., Plaintiffs, v. District of Columbia, et al., Defendants. Abbate. Et al., Plaintiffs v. Ramsey, et al Defendants*** Civ. Action No. 02-2010 (EGS), Civ. Action No. 02-2283 (EGS), Civ. Action No. 02-2310 (EGS), Civ. Action No. 03-767), 217 F.R.D. 262, 265; 2003 U.S.Dist. Lexis 16645 (2003)(Granting consolidation and certifying a class of complainants):

---

[2] **Federal Rule of Civil Procedure 42(a)**. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

> ....[HN2][**at page 265**] "The decision whether to consolidate cases under *Rule 42(a)* is within the broad discretion of the trial court." *Stewart v. O'Neill, 225 F. Supp. 2d 16, 20 (D.D.C. 2002)*. Generally speaking, when exercising their discretion with respect to consolidation of actions, courts weigh considerations of convenience and economy against considerations of confusion and prejudice. *Id*. Consolidation may increase judicial efficiency by reducing presentation of duplicative proof at trial, eliminating **[\*\*6]** the need for more than one judge to familiarize themselves with the issues presented, and reducing excess costs to all parties and the government. *Id*. **Consolidation is particularly appropriate where, as here, "two cases each involve review of the same underlying decision."** See *Biochem Pharma, Inc. v. Emory University, 148 F. Supp. 2d 11, 12 (D.D.C. 2001)*.[emphasis added].

The instant action should be consolidated with the underlying suit represented by the same plaintiffs' counsel. The issues, both factual and legal are the same. The only differences are the times of the continuing occurrences of instances of the same discriminatory policies and practices implementing those same policies covering a span of many years.

### B. The Legal Issues in Both Cases Are Essentially the Same:

Those issues are:

1. Whether the GAO has a policy of discrimination using age as an adverse determinative factor in lowered ratings of its older protected professional employees?

2. Whether that discriminatory policy is reflected in performance ratings based upon illusory, or false or irrelevant factors designed to carry out its intentional policy of age discrimination against its older professional employees?

3. Whether the administrative complaint process for GAO employees is meaningless and defective?

### C. The Factual Issues are the Same:

The intervention requested and the cases requested to be consolidated are:

(1) **Case No 87 CV-3538 (JGP)**, Dr. V. Chennareddy and 18 other named plaintiffs, for themselves and all others similarly situated v. David M. Walker (GAO).

Plaintiff herein is a member of the putative class in this case and applicant intervenor in a pending motion for reconsideration and to amend the complaint to add the PAB as a necessary party.

(2). **Case No 06 CV 01002 (JGP)**. A. Davis, J. Moses and J. Gilbert, for themselves

and all others similarly situated, v. David M. Walker (GAO and the PAB). Davis, Moses and Gilbert also allege unprocessed administrative claims constituting part of the overall pattern and practice of age discrimination.

(3). The Discrimination Alleged, and Relief Requested is essentially the same.

The issues involving bias in ratings and attributes of employment flowing from allegedly false and illusory ratings for each member of the class, legal issues and defendants are, or should be, the same for both cases. The only fact that is different as between the two cases is the date of each of the alleged continuing discriminatory processes and the label GAO placed upon each of such processes. The discriminatory policy and the effect of that policy on employee ratings and all other indicia of wrongdoing has been uniform throughout the nearly 20 year term of these related cases.

(4) The facts as to ratings, promotions, age, race, sex and all other relevant attributes of each employees profile are contained in GAO's own comprehensive employee profile data base (Bob Mowbray's data base) and thus, subject to discovery and presentation as trial evidence. This is a major undertaking, even though there is evidence that the data is readily available (Testimony of William (Bob) Mowbray). There will be great judicial economy, to the Court and the parties by granting the intervention and consolidation.

(5) In both cases, GAO has discriminated against it older complainants/putative class representatives, all over 40, and most now over 50. A ratings process which is the foundation for all bonuses, promotions and retention for the entire period of time here involved, was uniformly discriminatory. The defective process was and is based upon illusory and non-relevant criteria which are entirely subjective in nature. GAO's well hidden but determinative motive, consistent throughout the 20 year discriminatory period of time, is the age factor of plaintiffs.

That policy is properly and appropriately subject to challenge under applicable ADEA law[3].

---

[3] See the recent landmark case of *Equal Employment Opportunity Commission, Plaintiff(s), vs. Allstate Insurance Company, Defendants(s)*, Case No. 4:04CV01359 ERW, USDC, ED Missouri, 2006 U.S. Dist. LEXIS 76096, *October 19, 2006*, citing Supreme Court rulings, and holding that a Plaintiff must articulate specific policies

(6). For each of the demotions and COLA denials about which this particular case complains, the essential facts are the same. The GAO performance ratings herein for plaintiff Moses and the class he seeks to represent caused his demotion in status and rank, and his and their denial of a Congressionally mandated cost of living increase. (Or to about 340 other persons over the age of 40).

(7) This discriminatory adverse action is a continuation of GAO policy of discrimination (beginning in 1985) against older and more experienced employees.

(8). The Fourth Amended Complaint, as filed in case number 87-3538 on January 3, 2008, which has been requested to be substituted for the "live" complaint in all four cases by contemporaneous motion by the parties plaintiff in all four cases, is hereby adopted as the complaint in this case in the event that this motion for consolidation is granted.

(9) However, the Court is requested to note, that this case has developed a "life of its own". Facts keep changing. Therefore, the revised statement of facts based upon current resignation of the Comptroller General, Formation of a Union, and sworn testimony before the Congress by GAO and PAB officials are also relevant to current events and decisions. See Attachment 1 hereto.

**D. The "Live" Fourth Amended Complaint, Which these Plaintiffs seek to Adopt, is Attached Hereto as Attachment 2.**

For the convenience of the Court, the Plaintiffs Fourth Amended Complaint in Chennareddy, et al v. David M. Walker is attached hereto as Attachment 2. All of the averments made in that complaint are adopted by this reference.

---

causing an adverse impact measured for the plaintiffs and the class. This is the first large age case wherein an adverse impact theory was approved by a court.
  Here, Moses and each other plaintiff in their respective case, has articulated specific policies and practices which violate ADEA and/or Title VII and cause the adverse impact measured. GAO has yet to articulate any legitimate reason for the discrepancies in ratings and promotions observed. GAO also has failed (in every related case) to articulate reasons why the discriminatory conduct is "reasonable" or has a legitimate business or other valid non-discriminatory reason for degrading older employees as distinguished from the younger employees. In other words GAO has failed to articulate a "meritorious defense" to these charges as required by federal case law

## CONCLUSION

Accordingly, this to Motion to Intervene, and to Consolidate this case into Case number 87-3538 should be granted in all respects.

A draft Order accomplishing this objective is Attached.

                              Respectfully submitted,

                              Signed, *charltonw2428*

                              Walter T. Charlton, Attorney for Plaintiffs
                              D.C. Bar # 186940
                              Walter T. Charlton & Associates
                              1156 15th, Street N.W. LL 10
                              Washington D.C., 20005-1704
                              Phone 410 571 8764, Fax 410 897 0471
                              charltonwt@comcast.net
                              Counsel for Plaintiffs and the Putative Class

## CERTIFICATE OF SERVICE

      I hereby certify that I filed, with the expectation of electronic delivery, a copy of the accompanying Renewal of the Motion to Intervene and Consolidate to:

Harry B. Roback AUSA
Civil Division
501 Third Street, N.W.
Washington, D.C. 20530

on this 22th day of April, 2008

<u>Charltonw 2428</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**     For himself and     All others similarly situated    Plaintiffs    v.  **DAVID M. WALKER,**     Comptroller General (GAO)    and  **Michael Doheny, Chair**  **The Personnel Appeals Board of the GAO,**     **(PAB)**    Defendants. | Case No.  1:06 CV 01712  (EJS)              Maj. (DAR) |

## ORDER

Upon consideration of plaintiffs Arthur L. Davis, Jimmie Gilbert, and James D. Moses's Renewal of their Motion to Intervene, and Motion to Consolidate this case with the other cases now before this Court against the Defendant's herein, and it appearing that the issues, facts and class or classes of the parties are substantially the same in all cases, and it further appearing that the interests of simplicity and judicial economy predominate over arguments to the contrary, the same counsel represents all plaintiffs, a consolidation will avoid inconsistent findings, will be in the interests of justice and will provide for a single, coherent consistent judgment, and if further appearing that no prejudice to any party will result from this consolidation, now therefore the Motion to Intervene and to Consolidate is GRANTED.

Cases numbered 87 CV-3538; and case number 06 CV 01002 are hereby Consolidated and henceforth shall be considered as one case under the Caption, **Venkareddy Chennareddy, et al v. Walker** for all purposes.

Case number 06 CV 01002 is hereby dismissed as duplicative and thereby moot.

Messrs. Davis, Moses and Gilbert shall be added as intervenors into Case No. 87-3538, as named party plaintiffs and putative class representatives.  The effect of their representations as

1

additional putative class representatives shall accrue and attach to their status in that case as of the date they first moved to intervene as a class representative.

 

_____
United States District Court
Emmet J. Sullivan, Judge
Deborah A. Robinson, Magistrate Judge