ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Arthur L. Davis, et al<br>    and all others similarly situated<br><br>PLAINTIFFS,<br><br>DAVID M. WALKER<br>Comptroller General of the<br>United States c/o United States Government<br>Accountability Office (GAO)<br>    and<br>Michael Wolf, Chairman<br>United States Government Accountability Office<br>Personnel Appeals Board (PAB)<br>    DEFENDANTS. | CASE NO: 06 1002 (EJS)<br>MJ (DAR) |

**SUPPLEMENTAL STATEMENT OF RECENT FACTS
SUPPORTING INTERVENTION AND CONSOLIDATION**

**Note for Court:**

This case and related cases have been the subject of much contention and controversy at the place of business of the defendant, the GAO, and joint hearings of a Congressional sub-committee on government operations. Those hearings were held on March 13, 2008. Undersigned counsel attended the session, and although the transcripts or that latest hearing are not yet available, some facts, deemed important and relevant by counsel, are stated herein from Counsel's notes and witness testimony at that hearing. The Comptroller General, defendant in these cases resigned effective on March 12, 2008 and thus, did not attend that hearing.

**I. STATEMENT OF SUPPLEMENTAL FACTS-RECENT EVENTS**

1. The defendant in the underlying and related case, the Acting Comptroller General of the United States, Gene Dodaro, has not responded to the Fourth Amended Complaint filed on

January 3, 2008. It appears that a default should be entered by the Court in that case into which these plaintiffs seek to intervene and have this case consolidated. About four months have passed since that amended complaint was filed with leave of Court. Opposing counsel has been reminded twice that the response is long overdue. Yet no response has been filed.

     2. On March 13, 2008 a joint sub-committee of the Congress held hearings on the status of recent employment decisions of GAO Management with respect to professional employees. Those employees are essentially the same group as the class, or classes that Messrs. Davis, Moses and Gilbert seek to represent in this class action.

     3. The subject of the joint session was GAO's and the GAO Personnel Appeals Board's actions resulting in great personnel upset at GAO.

     4. The Comptroller General of GAO, resigned one day before the joint session convened.

     5. In recent months, a union has been formed and approved at GAO, for the first time in its history.

     6. Inquiries at the hearing were transcribed. Transcripts are due to be available on or about May 13, 2008.

     7. The subject of the hearings were the status of about 308 professional level (Band IIA) employees, who like Mr. Moses were demoted and denied cost of living increases.

     8. Those 308 employees meet the definitions of the class or classes Chennareddy, and Davis Moses and Gilbert seek to represent.

     9. About 14 of those 308 persons individually complained to the PAB General Counsel and were afforded substantial relief, when GAO settled their individual cases.

     10. About 200 of those 308 persons belatedly complained to the PAB General Counsel's office. On information and belief, based upon testimony at the hearing by the PAB General Counsel, those claims were not processed.

     11. It appears that Congress has in process a bill whereby all employees remaining at GAO will be afforded some relief.

12. However, no provision has been made or is suggested for the about 75 employees who resigned rather than face the indignation of a demotion. Those employees include, Davis, Gilbert and Chennareddy.

13. Neither the GAO nor the PAB ever informed any one of those 308 employees of the existence of the Davis, Moses and Gilbert class action suit, nor the existence of the James B. Moses class action suit for employees still "on board" as GAO employees.

14. The PAB General Counsel admitted she did not consider a class action for the about 200 unprocessed complaint now on her desk.

15. The PAB General Counsel admitted that the PAB performs no oversight, except in conjunction with a prior employee complaint for relief.

16. The PAB has mandatory responsibility to perform EEO systemic oversight and review where discrimination of any kind is suspected or evident.

17. The GAO never informed the PAB, or this Court, or plaintiffs in any of these related cases of the existence of its all encompassing "Bob Mowbray" statistical system, and the use of that system in control of personnel selection and other key decisions. The existence of this system has now been admitted by GAO (See Report of February 22, 2008). This places GAO's entire posture before this Court, for more than 20 years, in a position of bad faith pleading and discovery abuses.

18. Neither the PAB nor GAO advised aggrieved employees of their rights and options to obtain relief, one option of which was to seek relief in the form of a participant in the three putative class actions now before the Courts. The PAB General Counsel never considered the class action option as to the discrimination alleged.

19. Employee ages of selectees and rejects obtained by plaintiffs demonstrate to a certainty that age was a determining factor, and perhaps the only determining factor, in the determination as to who would be selected and who would not in the demotions to Band IIA. And cola denials.

20. Congress has in process a bill to restore those employees who chose to stay at GAO to their former status, with the denied colas paid.

21. No provisions for relief have been made for those who left as did Chennareddy, Davis and Gilbert. There are about 100 of such persons.

22. The Mowbray statistical system, by analysis of about 24 factors contained therein, or available to it, as detailed below will enable measurement of similarities, dissimilarities, bias and advantage based upon age, race gender and veterans's status. This system has always been available to plaintiffs and was requested, but denied to exist by GAO.

23. That statistical system will also allow measurement of typicality and commonality of each plaintiffs personnel situation as between each plaintiff and the class he/she seeks to represent. It therefore is expected to refute GAO's position argued incorrectly to the Court for over 20 years.

24. Great inconsistencies will result if no class is certified as demonstrated by the above facts.

25. William (Bob) Mowbray knows more about these relevant facts then any other person.

26. The motion to intervene filed by Davis, Moses and Gilbert, and all known facts demonstrate the similarity of the claims of the prospective intervenors to those of the plaintiffs included in the underlying and related Fourth Amended Complaint in Chennareddy et al. The facts in those pleadings are hereby incorporated by this reference as if fully set out herein.

## II. FACTS RELATED TO INCONSISTENT RESULTS AND IRREPARABLE HARM IF NO INTERVENTION IS ALLOWED AND NO CLASS IS CERTIFIED.

27. James B. Moses, along with Davis and Gilbert, began attempting to intervene into this underlying case in 1999.

28. Administrative Exhaustion is unnecessary as the essence of these claims is age discrimination. All that is required in an age case is a 30 day notice of intent to sue, followed by a claim filed within the statute of limitations. Davis, Moses and Gilbert, repeatedly met those limitations.

29. Davis and Gilbert retired rather than continue to suffer from the bias and indignities of being treated as a second class professional, solely because of their age and (and perhaps) race.

30. Relief from a viable discrimination claim, should not and is not intended to be under the law, dependent upon continuing to experience that discrimination. The proposals being implemented by Congress do just that. This is the essence of an inconsistent result which will happen if intervention is not allowed followed by class certification.

31. Moses continued to work at GAO, and continues to this day. Moses was demoted, denied his cola in 2006 and 2007, and restored to near "whole" status, but not entirely.

32. Moses was given a bonus slightly less than his cola denials, and "promoted" but continues to suffer the indignities of being on the demoted list when lessor qualified and lessor experienced younger persons were selected.

33. Moses now claims that he has substantially prevailed, after filing for relief, as the result of that filing for relief.

34. Moses, Davis, and Chennareddy repeatedly filed administrative complaints which remained unprocessed substantially beyond the 180 day reasonable period for finishing the administrative process. This practice is routine and intentional dereliction of duty by GAO management in order to discourage lawsuits and relief to which employees are entitled to receive under applicable law.

35. Davis, Moses and Gilbert request injunctive relief, effective immediately to correct ongoing systemic violations of law in failure to process administrative claims. They aver and request equitable relief in GAO's invoking deadlines which were never conveyed to employees and to which the GAO office of inclusiveness (OOI) fails to adhere.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
213 Morgan Street, N.W.
Washington D.C., 20001
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net