GAO FORM - 378 (Aug. 72)

United States
General Accounting Office
Operations Manual





# Order

2713.2

December 2, 1997

**Subject:  DISCRIMINATION COMPLAINT PROCESS**

---

## TABLE OF CONTENTS

**Chapter**                                                                    **Page**

**CHAPTER 1.  DISCRIMINATION COMPLAINT GUIDELINES**

1. Purpose  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1
2. Applicability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1
3. Supersession and Cancellation. . . . . . . . . . . . . . . . . . . . . . . . .   1
4. References  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1
5. General Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
6. GAO's Equal Opportunity Program  . . . . . . . . . . . . . . . . . . . . . . . . .   2
7. Complaints of Discrimination Covered byThis Order. . . . . . . . . . . . . . . . .   3

**CHAPTER 2.  MEDIATION PROGRAM**

1. The Mediation Program  . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5
2. Mediation of Discrimination Complaints . . . . . . . . . . . . . . . . . . . . .   5
3. Confidentiality of Mediation Process  . . . . . . . . . . . . . . . . . . . . .   6

**CHAPTER 3.  INDIVIDUAL COMPLAINTS**

1. Precomplaint Processing . . . . . . . . . . . . . . . . . . . . . . . . .. . . .   7
2. Special Rules for Adverse and Performance- Based Actions  . . . . . . .   8
3. Complaints Against CRO Staff . . . . . . . . . . . . . . . . . . . . . . . . . .   9
4. Filing Individual Complaints . . . . . . . . . . . . . . . . . . . . . . . . . .   9
5. Dismissals of Complaints  . . . . . . . . . . . . . . . . . . . . . . . . . .. . . .   9
6. Investigation of Complaints . . . . . . . . . . . . . . . . . . . . . . . . . .   10
7. Conciliation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11
8. GAO's Final Decision  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11
9. Age Discrimination in Employment Act  . . . . . . . . . . . . . . . . . . . . . . .   12
10.  Equal Pay Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

**CHAPTER 4.  CLASS COMPLAINTS**

1. Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .   13
2. Precomplaint Processing . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13
3. Filing and Presentation of a Class Complaint. . . . . . . . . . . .. . . . . . .   13
4. Acceptance or Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14
5. Notification  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . .. . . .   15
6. Obtaining Evidence Concerning the  Complaint . . . . . . . . . . . . . . . . .   15

---

(2713.2)                                                                    December 2, 1997

7.  Opportunity for Complaint Resolution . . . . . . . . . . . . . . . . . . . . . . . . . . .          16
8.  Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . .          16
9.  Findings and Conclusions Without a Hearing. . . . . . . . . . . . . . . . . .          17
10. Record of Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          17
11. Report of Findings and Recommendations . . . . . . . . . . . . . . . . . . . . .          18
12. GAO's Final Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . .          18
13. Notification of GAO's Final Decision . . . . . . . . . . . . . . . . . . . . . . . . .          18
14. Relief for Individual Class Members . . . . . . . . . . . . . . . . . . . . . . . . . . .          19

CHAPTER 5.       RELATIONSHIP TO GRIEVANCE PROCEDURES. . . . . . . . .          21

CHAPTER 6.       CIVIL ACTIONS AND PAB APPEALS
1.  Filing Alternatives  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          23
2.  Filing A Civil Action in District Court:  Title VII, Age
    Discrimination in Employment Act, and the Americans
    With Disabilities Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          23
3.  Appeal From District Court Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . .          23
4.  Seeking Relief From the PAB:  Individual Complaints  . . . . . . . . . . . . .          23
5.  Direct Appeal to PAB:  Termination by Reduction in Force . . . . . . . . .          24
6.  Seeking Relief From the PAB:  Class Actions . . . . . . . . . . . . . . .. . . . . .          24
7.  Appeal From PAB Decision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          24

CHAPTER 7.       REMEDIES AND COMPLIANCE
1.  Remedies and Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          25
2.  Compliance  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          25
3.  Voluntary Settlement Attempts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          25

CHAPTER 8.  ADMINISTRATIVE MATTERS
1.  Filing and Computation of Time  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          27
2.  Representation and Official Time  . . . . . . . . . . . . . . . . . . . . . . . . . . . .          27
3.  Joint Processing and Consolidation of Complaints . . . . . . . . . . . . . . . . . .          28

*CHAPTER 9.  DISCRIMINATION COMPLAINT PROCESSING FOR GAO
VISITORS,GUESTS, OR PATRONS
1.  Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          29
2.  Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          29
3.  Who Can File a Complaint  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          29
4.  When and Where Complaints are to be Filed; Appeals  . . . . . . . . . .          29
5.  Exclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          29

December 2, 1997 (2713.2)

## DISCRIMINATION COMPLAINT PROCESS

### CHAPTER 1.  DISCRIMINATION COMPLAINT GUIDELINES

1.  **PURPOSE**.  This order sets forth the procedures by which individuals or classes of people may pursue discrimination complaints based on race, color, religion, sex, national origin, disability, age, and retaliation for activities protected by the anti-discrimination statutes, within GAO and through appeals to the GAO Personnel Appeals Board.  The order also sets forth the right of individuals and class action agents to file a civil action in an appropriate U.S. court; and, the procedures for filing complaints for visitors, guests or patrons with disabilities who allege GAO failed to make its facilities accessible.

2.  **APPLICABILITY**.

   a.  A GAO employee or applicant for employment who believes he or she has been discriminated against because of race, color, religion, sex, national origin, disability, age, or retaliation for activities protected by the anti-discrimination statutes (referred to as "aggrieved person"), may file a complaint as set forth in this order.  A complaint may also be filed on behalf of a person claiming to have been discriminated against.

   b.  An employee/applicant may file a complaint as an agent on behalf of a class of employees, former employees, or applicants in accordance with the provisions of this order.

3.  **SUPERSESSION AND CANCELLATION**.  This order supersedes GAO Order 2713.2, Discrimination Complaint Processing in the United States General Accounting Office, dated  July 24, 1996; and cancels GAO Order 2713.4, "Discrimination Complaint Processing for GAO Visitors, Guests or Patrons".

\*   **NOTE:**  Marginal asterisks have been used to indicate new or revised information.

4.  **REFERENCES**.

   a.  31 U.S.C.§§ 731, 732(f)(2)
   b.  4 C.F.R.§ 28.95-101
   c.  Civil Rights Act of 1964 as amended (Title VII),
       42 U.S.C.§§ 2000e, 2000e-16
   d.  Age Discrimination in Employment Act of 1967 (ADEA),
       29 U.S.C.§§ 631, 633a
   e.  Fair Labor Standards Act of 1938, as amended (Equal Pay Act),
       29 U.S.C.§ 206(d)
   f.  Americans With Disabilities Act of 1990 (ADA),
       42 U.S.C.§ 12101
   g.  Administrative Dispute Resolution Act, 5 U.S.C. §§571-583

1

    h.  GAO Order 2751.1, Discipline
    i.  GAO Order 2751.2, Table of Disciplinary Offenses and Penalties
    j.  GAO Order 2752.1, Adverse Actions
    k.  GAO Order 2771.1, Administrative Grievance Procedures
    l.  Additional Guidance from CRO:
        "Problem Solving and Dispute Resolution at GAO"
        "Sexual Harassment Is Prohibited and Can Be Stopped"
        "CRO's Mediation Program"
    m. Congressional Accountability Act, Pub. L. No. 104-1, January 23, 1995.

## 5. **GENERAL POLICY**.

a.  The policy of the U.S. General Accounting Office (GAO) is to provide equal opportunity in employment for all persons and to prohibit discrimination in the workplace because of race, color, religion, sex, national origin, age, or disability.

b.  No person shall be subject to retaliation for opposing any practice made unlawful by Title VII of the Civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA), the Equal Pay Act, or the Americans With Disabilities Act (ADA) or for participating in any stage of administrative or judicial proceedings under these statutes.

c.  Consistent with section 118 of the Civil Rights Act of 1991, GAO shall encourage the use of alternative dispute resolution approaches in the discrimination complaint process.

## 6. **GAO'S EQUAL OPPORTUNITY PROGRAM**.

a.  The Assistant Comptroller General(ACG) for Operations is responsible for ensuring that all the provisions of this order are carried out.

b.  GAO and its managers and supervisors are responsible for

(1)  conducting a continuing campaign to eradicate unlawful discrimination in the workplace, including eradicating retaliation for activities protected by the anti-discrimination statutes;

(2)  taking appropriate disciplinary action against employees who have engaged in unlawful discriminatory practices under the appropriate GAO Orders;

(3)  providing recognition to staff members, supervisors, managers, and units demonstrating superior accomplishment in equal employment opportunity;

(4)  providing the maximum feasible opportunity to employees to enhance their skills through on-the-job training and other training measures so that they may perform at their highest potential and advance in accordance with their abilities;

(5)  making reasonable accommodation to the known physical or mental limitations of qualified applicants and employees with disabilities unless the accommodation would impose an undue hardship on GAO operations;

December 2, 1997 (2713.2)

(6)  publicizing to all employees and posting the names and the office telephone numbers of unit civil rights counselors and mediators, and the office telephone number and the address of the Civil Rights Office (CRO) Director; and

(7)  publicizing to all employees the time limits and requirements to contact a counselor before filing a complaint.

c.  The Director, CRO, is responsible for

(1)  evaluating the effectiveness of GAO's program for equal employment opportunity and reporting to the ACG for Operations with recommendations on any improvement or correction needed, including remedial or disciplinary action under appropriate GAO orders with respect to managers, supervisors, or other employees who have failed in their responsibilities;

(2)  recommending changes in programs and procedures designed to eliminate discriminatory practices and improve GAO's program for equal employment opportunity;

(3)  providing for counseling of aggrieved persons and for the receipt and the processing of individual and class complaints of discrimination;

(4)  ensuring that individual complaints are fairly and thoroughly investigated and that they are processed in a timely manner; and

(5)  ensuring that the involved units receive a copy of the complaint and are informed of the progress of the investigation and ensuring that the unit head receives a copy of the final decision.

7.  **COMPLAINTS OF DISCRIMINATION COVERED BY THIS ORDER**.

Individual and class complaints of employment discrimination and retaliation prohibited by Title VII (discrimination on the basis of race, color, religion, sex[1], or national origin), the ADEA (discrimination on the basis of age when the aggrieved person is at least 40 years of age), the Americans With Disabilities Act (discrimination on the basis of a disability), or the Equal Pay Act (sex-based wage discrimination)[2] shall be processed in accordance with this order.  Complaints alleging retaliation prohibited by these statutes are considered to be complaints of discrimination for the purposes of this order.

(Reverse Blank)

---

[1]Allegations of sexual harassment are included in this basis.

[2] Alternatively, a person aggrieved under the EPA or ADEA--see notice requirement under the ADEA at para.1b(1) of Chapter 3--may go directly to U.S. District Court, by-passing the administrastive process.

3

December 2, 1997

December 2, 1997                                                                    (2713.2)

## CHAPTER 2.  MEDIATION PROGRAM

1.  <u>THE MEDIATION PROGRAM.</u>  The Mediation Program is a voluntary problem-solving process available to individuals who want to resolve any work related concerns or difficulties.

a.  Mediation can take place between a manager and a staff member, peers, or two or more individuals in a work group.

b.  Participation in mediation extends the time frames of other administrative proceedings which are resumed at the end of the mediation if a resolution is not reached.

c.  All parties must agree to mediate and must be willing to collaborate in creating mutually satisfactory solutions that will address the concerns raised by each party.

d.  Unlike court litigation or other adversarial processes, the focus of mediation is not on determining who is right and who is wrong.  The mediator is not a judge or an arbitrator and has no power to make a decision; instead the mediator tries to help two or more individuals work together to creatively resolve their differences.

e.  Mediators do not mediate in their own units.

2.  <u>MEDIATION OF DISCRIMINATION COMPLAINTS.</u>  Employees or applicants, and managers with decision making authority, may agree to use mediation during the discrimination complaint process in an attempt to resolve the issues raised.

a.  Mediation extends the pre-complaint stage of the discrimination complaint process for 60 days from the date of the initial mediation session.  At the initial mediation session the mediator must advise an aggrieved person in writing

(1)  of the discrimination complaint process and the requirement to consult a civil rights counselor, according to Chapter 3, paragraph 1 of this order, before filing a discrimination complaint.

(2)  of the right to file a notice of intent to sue and a lawsuit under the ADEA instead of an administrative complaint of age discrimination under this order;

(3)  of the duty to mitigate damages;

(4)  of administrative and court time frames;

(5)  that only the matter(s) (or like or related issues) raised in precomplaint mediation or counseling, may be alleged in a subsequent complaint filed with GAO;

(6)  that he or she must keep GAO informed of his or her current address;

(7)  that if the aggrieved person informs the mediator that he or she wishes to file a class complaint, the mediator shall refer the person to a counselor who shall explain the class complaint procedures and the responsibilities of a class agent as required by chapter 4 of this order.

b.  Mediation is voluntary, any party may terminate the mediation.  The mediator may terminate the mediation after consultation with CRO.

c.  The aggrieved person does not waive any rights by participating in mediation.  At the end of the mediation the mediator shall notify the aggrieved person of the right to file a discrimination complaint stating any unresolved issues to be processed under chapter 3 of this order.  The notice shall inform the person of

(1)  the right to file a discrimination complaint alleging unresolved issues within 15 days of receipt of the notice; or, the right to contact a civil rights counselor within 15 days of receipt of the notice, if the person has not contacted a counselor prior to participation in mediation.

(2)  the appropriate official with whom to file a complaint;

(3)  the complainant's duty to ensure that CRO is informed immediately if the complainant retains counsel or a representative;

(4)  the right to file a class complaint; if the aggrieved person wishes to file a class complaint he or she must contact a counselor who shall explain the class complaint procedure and the responsibilities of a class agent required by chapter 4 of this Order.

d.  A person who believes he or she has been discriminated against on the basis of his or her sexual orientation may seek mediation.  Participation in mediation does not confer any rights or obligations under the anti-discrimination statutes or other administrative proceedings.

3.  <u>CONFIDENTIALITY OF MEDIATION PROCESS.</u>  Consistent with and as limited by the Alternative Dispute Resolution Act, 5 U.S.C. § 571 <u>et. seq.</u>, the mediation process is a confidential process and therefore:

a.  A mediator shall not disclose any information communicated to the mediator in confidence during the mediation.

b.  The parties may agree as to what matters discussed during the mediation they will not disclose.

c.  A party shall not subpoena or request as a witness any mediator, or request or use as evidence any materials prepared by the mediator for the mediation, with the exception of a non-confidential settlement agreement or other non-confidential document signed by all parties.  A mediator shall not testify on behalf of any party or submit any type of report in connection with the mediation.

d.  Nothing in this chapter shall prevent the discovery or admissibility of any evidence that is otherwise discoverable merely because the evidence was presented in the course of a mediation.

December 2, 1997                                                                                                    (2713.2)

# CHAPTER 3.  INDIVIDUAL COMPLAINTS

1. **PRECOMPLAINT PROCESSING**.

    a.   An applicant or employee who believes she or he has been discriminated against on the basis of race, color, religion, sex, national origin, age, disability or  retaliation for activities protected by the anti-discrimination statutes must consult a civil rights counselor before filing a complaint in order to try to informally resolve the matter.

    (1)  An aggrieved person must contact a civil rights counselor within 45 days[3] of the date of the matter alleged to be discriminatory, except that in the case of a personnel action, a civil rights counselor must be contacted within 45 days of the effective date of the action.

    (2)  The Director, CRO, shall extend the 45-day time limit in subparagraph a(1) of this paragraph to permit timely contact with a civil rights counselor when the aggrieved person shows that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred or for other good cause shown.

    b.   At the initial counseling session, the civil rights counselor must advise an aggrieved person in writing of

    (1)  the right to file a notice of intent to sue and a lawsuit under the ADEA instead of an administrative complaint of age discrimination under this order;

    (2)  the duty to mitigate damages;

    (3)  administrative and court time frames;

    (4)  the limitation that like or related issues raised in precomplaint counseling or mediation are the only matters that may be alleged in a subsequent complaint filed with GAO;

    (5)  the requirement to keep GAO informed of his or her current address.

    c.   The civil rights counselor shall also

    (1)  discuss the mediation program, under chapter 2 of this order, with the aggrieved person, explaining that an agreement to mediate would extend the counseling phase for up to 60 days and that a mediator serves as a neutral third party to facilitate resolving the differences between the parties, to enhance future communication and to help the parties reach a final agreement;

    (2)  facilitate the informal resolution of the complaint through informal inquiry with the involved unit or managers.

---

[3]All days are calendar days, see chapter 8, paragraph 1.

d.  Unless the aggrieved person agrees to a longer counseling period under subparagraph f of this paragraph or agrees to mediation under chapter 2 of this order and subparagraph g of this paragraph, the civil rights counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person brought the matter to the counselor's attention.  If the matter has not been resolved to the satisfaction of the aggrieved person, that person shall be informed in writing by the counselor, not later than the 30th day after contacting the counselor, of the right to file a discrimination complaint.  The notice shall inform the person of

(1)  the right to file a discrimination complaint within 15 days of receipt of the notice;

(2)  the appropriate official with whom to file a complaint;

(3)  the complainant's duty to ensure that CRO is informed immediately if the complainant retains counsel or a representative;

(4)  the right to file a class complaint; if the aggrieved person informs the civil rights counselor that he or she wishes to file a class complaint, the counselor shall explain the class complaint procedures and the responsibilities of a class agent required by chapter 4 of this order.

e.  Before the end of the 30-day period, the aggrieved person may agree in writing with the civil rights counselor to postpone the final interview and extend the counseling period for an additional period of no more than 30 days.  If the matter has not been resolved to the satisfaction of the aggrieved person by the conclusion of the agreed extension, the notice described in subparagraph d of this paragraph shall be issued.

f.  When the aggrieved person and the unit have agreed to mediate the matter, the civil rights complaint process shall be extended for up to 60 days.  If the matter has not been resolved to the satisfaction of the aggrieved person by the 60th day, the notice described in subparagraph d of this paragraph shall be issued.

g.  The civil rights counselor shall not try in any way to restrain the aggrieved person from filing a complaint.  During the initial consultation and before a counselor attempts to resolve the matter, the counselor shall not reveal to anyone the identity of the aggrieved person without his or her permission.

h.  Within 15 days of the filing of a complaint, the civil rights counselor shall submit a written report to the CRO Director concerning the issues discussed and actions taken during counseling.

2.  **SPECIAL RULES FOR ADVERSE AND PERFORMANCE-BASED ACTIONS.**

Where an employee is affected by a removal, suspension for more than 14 days, reduction in grade or pay, or furlough of not more than 30 days (whether due to disciplinary, performance-based or other reasons), and the employee wishes to allege that such action

was due in whole or in part to prohibited discrimination, the employee may elect to do either (but not both) of the following:

a. File charge directly with the General Counsel of the PAB under 4 C.F.R. 28.98 within 30 days of the effective date of the personnel action and raise the issue of discrimination in the course of the proceedings before the Board; or

b. File a complaint of discrimination with CRO under this order. Consultation with a civil rights counselor, without filing a written complaint of discrimination, does not constitute an election of the CRO complaint process.

3. **COMPLAINTS AGAINST CRO STAFF.**

a. Employees or applicants alleging discrimination against a member of the CRO staff shall follow the counseling procedures in paragraph 1 of this chapter. The aggrieved person has the right to request a civil rights counselor outside the CRO.

b. If the aggrieved person wishes to file a formal complaint against a CRO staff member, she or he shall follow the process in chapter 2, 3 or 4 of this order, except that the complaint shall be filed with the ACG for Operations who will appoint an employee to assume the duties of the Director, CRO, for the purpose of processing the complaint.

4. **FILING INDIVIDUAL COMPLAINTS.**

a. A complaint must be filed with CRO within 15 days of receipt of the notice required by paragraphs 1e, 1f, or 1g of this chapter and paragraph 2c of chapter 2.

b. A complaint must contain a signed statement from the person claiming to be aggrieved or that person's representative. This statement must be sufficiently precise to identify the aggrieved person and to describe generally the action(s) or practice(s) that form the basis of the complaint. The complaint must also contain a telephone number and address where the complainant or the representative can be contacted.

c. CRO shall acknowledge receipt of a complaint in writing and shall inform the complainant of the date on which the complaint was filed. Such acknowledgment shall also advise the complainant that the complainant has the right to file a charge with the General Counsel of the Personnel Appeals Board (PAB) or a civil action within the time limits in chapter 6 of this order.

5. **DISMISSALS OF COMPLAINTS.**

a. CRO shall dismiss a complaint or a portion of a complaint for the following reasons:

(1) It fails to state a claim under chapter 1, paragraph 7, or states the same claim that is pending before or has been decided by CRO.

(2) It fails to comply with the applicable time limits in chapter 3, paragraphs 1a(1) and 2a, 4a and chapter 4, paragraph 3b unless CRO extends the time limit in accordance with chapter 3 paragraphs 1f and 1a(2).

(3) It alleges a matter that has not been raised in pre-complaint counseling or mediation and is not like or related to a matter that has been raised in pre-complaint counseling or mediation.

(4)  It is the basis of a charge filed by the complainant with the PAB general counsel under Chapter 6, paragraph 4 of this order.

(5)  It is the basis of a petition for review filed by the complainant before the PAB; or it alleges a matter that is the same as or like and related to a prohibited personnel practice or other non-discrimination issue raised by the complainant in a petition for review before the PAB.

(6)  It is the basis of a pending civil action in a U.S. district court in which the complainant is a party, provided that at least 180 days have passed since the filing of the administrative complaint; or was the basis of a civil action decided by a U.S. district court in which the complainant was a party.

(7)  It is moot or alleges that a proposal to take a personnel action or a preliminary step to taking a personnel action is discriminatory.

(8)  The complainant cannot be located, provided that reasonable efforts have been made to locate the complainant and the complainant has not responded within 15 days of the mailing of a notice of proposed dismissal sent to his or her last known address.

(9)  CRO has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of mailing the request or the complainant's response does not address CRO's request, provided that the request included a notice of the proposed dismissal of the complaint.  Instead of dismissing for failure to cooperate, the complaint may be decided if sufficient information for that purpose is available.

(10)  If, prior to the issuance of the final agency decision at paragraph 7 of this chapter, the complainant refuses within 30 days of receipt of an offer of settlement to accept an agency offer of full relief containing a certification from the Director, CRO, that the offer constitutes full relief, provided that the offer gave notice that failure to accept would result in dismissal of the complaint.  An offer of full relief under this chapter is all the applicable relief in paragraph 1 of chapter 7.

b.  At the Director's discretion, CRO may dismiss a complaint or a portion of a complaint that is the basis of a charge pending before the General Counsel of the PAB in which the complainant is a party.

c.  CRO shall notify the complainant if a complaint or a portion of a complaint is dismissed and shall set forth the appeal rights under chapter 6 and the reason for the dismissal.

6.  **INVESTIGATION OF COMPLAINTS**.

a.  CRO shall develop a complete and impartial factual record upon which to make findings on the matters raised in the written complaint.

b.  The following procedures apply to the investigation of complaints:

(1)  The complainant, the involved unit officials, and any other employee of GAO shall produce such documentary and testimonial evidence as the investigator deems necessary.

(2)  Investigators are authorized to administer oaths.  Statements of witnesses shall be made either under oath, affirmation, or written statement under penalty of perjury.

(3)  When the complainant or the unit against which a complaint is filed fails without good cause to respond fully and in a timely fashion to requests for documents, records, comparative data, statistics, affidavits, or the testimony of witness(es), the investigator may recommend in the investigative record that the Comptroller General or designee do the following:

(a)  draw an adverse inference that the requested information would have reflected unfavorably on the party refusing to provide the requested information,

(b) consider the matters to which the requested information pertains to be established in favor of the opposing party,

(c) issue a decision fully or partially in favor of the opposing party, and/or

(d) take other appropriate actions.

c.  CRO shall endeavor to complete its investigation within 180 days of the filing date of an individual complaint.

d.  CRO shall notify the complainant when the investigation has been completed; shall provide the complainant with a copy of the investigative file; and shall notify the complainant that within 30 days of receipt of the investigative file, the complainant has the right to note any deficiencies in the file.  CRO shall supplement the investigation as necessary.

7.  **CONCILIATION**. CRO shall review the investigative file and, if deemed appropriate, may initiate conciliation attempts with the complainant after the complainant receives the investigative file.

8. **GAO'S FINAL DECISION**.

a.  Not later than 90 days after the complainant receives a copy of the investigative file, the Comptroller General or designee shall issue a final decision containing:

(1)  a notice of final agency action with a finding of no discrimination or a finding of discrimination; and

(2)  the complainant's rights, including applicable time requirements, to file a lawsuit in a U.S. district court or to file a charge with the General Counsel of the PAB, as set out in chapter 6 of this order.

b.  If conciliation is attempted under paragraph 7 of this chapter, CRO may extend the time frame for issuing a final decision under paragraph 8(a) above for up to 60 days.

9.  **AGE DISCRIMINATION IN EMPLOYMENT ACT**.

   a.  As an alternative to filing a complaint under this order, an aggrieved person alleging discrimination based on age may file a civil action in a U.S. district court under the ADEA against the Comptroller General after giving GAO at least 30 days' notice of the intent to file such an action.  Such notice must be filed in writing with the Director, CRO, 441 G Street, NW, Washington, D.C. 20548, within 180 days of the occurrence of the alleged unlawful practice.

   b.  A complainant who has filed an individual complaint, an agent who has filed a class complaint, or a claimant who has filed a claim for individual relief pursuant to a class complaint under the ADEA may elect either:

      (1)  to file a civil action in an appropriate U.S. district court under paragraph 2 of chapter 6, or

      (2)  to seek relief from the PAB under paragraph 4 or 6 of chapter 6.

   c.  Administrative remedies shall be considered to be exhausted for purposes of filing a civil action:

      (1)  when more than 180 days have elapsed since the complaint was filed, provided that GAO has not issued a final decision and a charge or appeal has not been filed with the PAB, or

      (2)  when GAO has issued a final decision on an individual or class complaint and no appeal has been filed with the PAB.  The civil action must be filed within 90 days of receipt of the final agency decision.

10.  **EQUAL PAY ACT**.  A complainant is authorized under section 16(b) of the Fair Labor Standards Act to file a civil action in a court of competent jurisdiction within 2 years or, if the violation is willful, 3 years of the date of the alleged violation of the Equal Pay Act, regardless of whether the employee pursued any administrative complaint processing.  Recovery of back wages is limited to 2 years before the date of filing suit or to 3 years if the violation is deemed willful.  Liquidated damages in an equal amount may also be awarded.  The filing of a complaint or an appeal under this order shall not toll the time (stop the clock) for filing a civil action.

# CHAPTER 4.  CLASS COMPLAINTS

1. **DEFINITIONS**.

    a.  A "class" is a group of employees, former employees, and/or applicants for employment who, allegedly, have been or are being adversely affected by an agency personnel management policy or practice that discriminates against the group on the basis of race, color, religion, sex, national origin, age,  disability or in retaliation for activities protected by the anti-discrimination statutes.

    b.  A "class complaint" is a written complaint of discrimination filed on behalf of a class by the agent of the class alleging that

        (1) the class is so numerous that a consolidated complaint of the members of the class is impractical;

        (2) there are questions of fact common to the class;

        (3) the claims of the class agent are typical of the class claims; and

        (4) the representative will fairly and adequately protect the class interests.

    c.  A "class agent" is a class member who acts for the class while the class complaint is processed.

2. **PRECOMPLAINT PROCESSING**.  An employee or an applicant who wishes to file a class complaint must seek counseling and be counseled in accordance with chapter 3, paragraph 1.

3. **FILING AND PRESENTATION OF A CLASS COMPLAINT.**

    a.  A class complaint must be signed by the class agent, and by the representative and must identify the policy or the practice adversely affecting the class, as well as the specific action or matter affecting the class agent.

    b.  The complaint must be filed with CRO not later than 15 days after the agent's receipt of the notice of right to file a class complaint.

    c.  The class representative must be an attorney.  Upon filing the complaint, the class representative must enter his/her appearance and certify that he or she will fairly and adequately protect the class interests.  A complaint failing to contain such an appearance and certification of legal counsel shall be rejected by the Director, CRO, without prejudice.  The class agent shall have 15 days from the mailing of the initial rejection to submit an appearance and certificate from counsel.  If the class agent fails to submit an appearance and certification from counsel within this time frame, the class complaint shall be dismissed under chapter 3, para. 5a(8).  The letter of final dismissal shall accept for filing any individual complaint(s) to be processed under chapter 3.  A final dismissal is appealable under chapter 6 of this Order.

    d.  The complaint shall be processed promptly; the parties shall cooperate and shall proceed at all times without undue delay.

4.  **ACCEPTANCE OR DISMISSAL**.

    a.  Following notification that a class complaint has been received, GAO's Office of the General Counsel shall designate an agency representative.

    b.  After receipt of a class complaint, CRO will forward the complaint, along with a copy of the civil rights counselor's report and any other information pertaining to timeliness or other relevant circumstances related to the complaint, to an outside administrative judge or hearing examiner.

    c.  The administrative judge may recommend dismissal of the complaint or any portion for any of the reasons listed in chapter 3, paragraph 5, or because it does not meet the prerequisites of a class complaint under paragraph 1b of this chapter or the additional prerequisite for a class action in Federal Rule of Civil Procedures 23(b).

    d.  If an allegation is not included in the civil rights counselor's report, or was not included in mediation under chapter 2 of this order, the administrative judge shall give the class agent 15 days to state whether the matter was discussed with the counselor or the mediator and, if not, explain why it was not discussed.  If this explanation is  unsatisfactory, the administrative judge shall recommend that the allegation be dismissed.  If the allegation was not discussed with the counselor, and the explanation is satisfactory the administrative judge shall refer the allegation to CRO for further counseling of the class agent.  After counseling, the allegation shall be consolidated with the class complaint.

    e.  If an allegation lacks specificity and detail, the administrative judge shall afford the class agent 15 days from the receipt of the request to provide specific and detailed information.  If the class agent fails to provide such information within the specified time period, the administrative judge shall recommend that the Comptroller General or designee dismiss the complaint.  If the information provided contains new allegations outside the scope of the complaint, the administrative judge shall advise the class agent what, if any, action should be taken to proceed on an individual or a class basis concerning these allegations.

    f.  The administrative judge shall allow the class agent and the agency representative to file a brief on the certification of the class.

    g.  The administrative judge may recommend that a class be divided into subclasses and that each subclass be treated as a class, and the provisions of this section then shall be construed and applied accordingly.

    h.  The administrative judge shall prepare a written recommendation on whether to accept or dismiss a complaint.  This recommendation together with the complaint file shall be forwarded to CRO, and notification of that action shall be sent to the class agent and to the GAO representative.  The Comptroller General or designee shall accept, reject, or modify the recommendation.  By certified mail, return receipt requested, the Comptroller General or designee shall notify the agent, the GAO representative, and the administrative judge, of the decision to accept or dismiss a

complaint.  At the same time, CRO shall forward to the class agent and the GAO representative, copies of the administrative judge's recommendation and the complaint file.  The dismissal of a class complaint shall inform the parties either that the complaint is being filed on that date as an individual complaint of discrimination under chapter 3, paragraph 1, or that the complaint is dismissed as an individual complaint in accordance with chapter 3, paragraph 5.  In addition, CRO shall inform the class agent of the right to file a charge with the General Counsel of the PAB or a civil action in a U.S. district court.

5.  **NOTIFICATION**.

    a.  Within 15 days of a decision accepting a class complaint, CRO shall use reasonable means (mailing to the last known addresses or posting at a place reasonably accessible to members of the class) to notify all class members of the acceptance of the class complaint.

    b.  Such notice shall contain

        (1) the name of the organizational unit, its location, and the date of acceptance of the complaint;

        (2) a description of the issues accepted as part of the class complaint;

        (3) an explanation of the binding nature of the final decision or resolution of the complaint on class members; and

        (4) the name, the address, and the telephone number of the class representative.

6.  **OBTAINING EVIDENCE CONCERNING THE COMPLAINT**.

    a.  The administrative judge shall notify the class agent and the GAO representative of the allowable time period for both parties to prepare their cases.  This period will include at least 60 days from the date of notification and may be extended by the administrative judge upon the request of either party for good cause.  Both parties are entitled to reasonable development of evidence on matters relevant to the issues raised in the complaint.  Evidence may be developed through interrogatories, depositions, requests for admissions, stipulations, and/or production of documents.  Requests for information that is irrelevant, overburdensome, repetitious, or privileged shall be grounds for objection to production.

    b.  If mutual cooperation fails, either party may request the administrative judge to rule on a request to develop evidence.  If a party fails to respond to an order by the administrative judge to provide or permit discovery without good cause, the administrative judge may

        (1) draw an adverse inference that the requested information would have reflected unfavorably on the party refusing to provide the requested information,

        (2) consider the matters to which the requested information pertains to be established in favor of the opposing party,

        (3) recommend that a decision be entered in favor of the opposing party, and/or

(4) take other appropriate actions.

7. **OPPORTUNITY FOR COMPLAINT RESOLUTION.**

a.  The administrative judge shall furnish the class agent and the GAO representative a copy of all materials obtained concerning the complaint and provide an opportunity for the agent to discuss materials with GAO's representative to try to resolve the complaint.

b.  The complaint may be resolved by agreement of the GAO representative and the class agent at any time as long as the agreement is fair and reasonable.

c.  If the complaint is resolved, the resolution terms shall be written and signed by the class agent and GAO's representative.

d.  CRO shall notify all class members about the resolution in the same manner as notification of the acceptance of the class complaint and shall state the relief, if any, GAO will grant.  A resolution shall bind all class members.  Within 30 days of the date of the resolution notice, any member of the class may petition the Director, CRO, to vacate (annual) the resolution because it benefits only the class agent or is otherwise not fair and reasonable.  CRO shall process such a petition in accordance with chapter 4, paragraph 4.  If the administrative judge finds that the resolution is not fair and reasonable, the judge shall recommend to the Comptroller General or designee that the resolution be vacated and that the original class agent be replaced by the petitioner or some other class member who is eligible to be the class agent during further processing of the class complaint.  A GAO decision that the resolution is not fair and reasonable vacates any agreement between the former class agent and GAO's representative.

8. **HEARING**.

a.  The administrative judge shall set a date for hearing.  GAO shall direct all employees the administrative judge has approved as witnesses to attend the hearing to give testimony.  Attendance at a hearing shall be limited to persons determined by the administrative judge to have a direct connection to the complaint.  Because hearings are part of the investigative process they are closed to the public.  The administrative judge shall have the power to regulate the conduct of a hearing, limit the number of witnesses whose testimony would be repetitious, and exclude any person from a hearing for any conduct or misbehavior that obstructs the hearing.  Although the rules of evidence shall not be applied strictly, the administrative judge shall exclude all irrelevant or repetitious evidence.

b.  The following procedures apply to complaint hearings:

(1)  The class agent, the GAO representative, and any employee of GAO shall produce such documentary and testimonial evidence as the administrative judge deems necessary.

(2)  The administrative judge is authorized to administer oaths.  Witnesses shall make statements under oath, affirmation or, where deemed appropriate by the administrative judge, by written statement under penalty of perjury.

16

(3)  If the class agent or the GAO representative fails without good cause to respond fully and in timely fashion to an order of the administrative judge, the judge may

(a)  draw an adverse inference that the requested information would have reflected unfavorably on the party refusing to provide the requested information,

(b)  consider the matters to which the requested information pertains to be established in favor of the opposing party,

(c)  recommend a decision in favor of the opposing party, and/or

(d)  take other appropriate actions.

9.  **FINDINGS AND CONCLUSIONS WITHOUT A HEARING**.

a.  If a party believes that some or all material facts are not in genuine dispute, that party may, at least 15 days before the hearing date or at such earlier time as is required by the administrative judge, file a statement with the administrative judge setting forth the fact or facts that are not in dispute and referring to the parts of the record relied on to support the statement.  The statement must demonstrate that there is no genuine dispute as to any material fact and that the filing party is entitled to a ruling in its favor.  The filing party shall serve the statement on the opposing party.

b.  The opposing party may file an opposition within 15 days of receipt of the statement in paragraph 9a.  The opposition may refer to the case's record or submit an affidavit to rebut the statement that a fact is not in dispute.  The opposing party may also file an affidavit stating that it cannot, for reasons stated, present facts to oppose the request.

c.  After considering the submissions made pursuant to paragraphs 9a and b, the administrative judge may limit the hearing to the issues remaining in dispute, issue findings and recommendations without a hearing, or make any other appropriate ruling.

d.  If the administrative judge determines independently that some or all facts are not in genuine dispute, after giving notice to the parties and providing them the opportunity to respond in writing within 15 days of receiving the notice, the judge may issue an order limiting the scope of the hearing or issue findings and recommendations without holding a hearing.

10.  **RECORD OF HEARING**.  The hearing shall be recorded, and CRO shall arrange and pay for verbatim transcripts for the class agent and the GAO representative.  All documents submitted to and accepted by the administrative judge at the hearing shall
be made part of the record of the hearing.  When a party submits a document, the party shall furnish a copy of the document to the other party.

11.  **REPORT OF FINDINGS AND RECOMMENDATIONS**.

a.  The administrative judge shall give to CRO a report of recommended findings and conclusions on the complaint, including a recommended decision, and recommended systemic relief for the class, if appropriate, with regard to the personnel action or matter that gave rise to the complaint.

b.  If the administrative judge finds no class relief appropriate, the judge shall determine if a finding of individual discrimination is warranted and, if so, shall recommend appropriate relief.

c.  The administrative judge shall notify the class agent and the GAO representative of the date on which the report of recommended findings and conclusions was forwarded to CRO.

12.  **GAO'S FINAL DECISION**.

a.  After receiving the report of findings and recommendations issued under paragraph 11 above, the Comptroller General or designee shall issue a final decision, which shall accept, reject, or modify the findings and the recommendations of the administrative judge.

b.  When GAO's final decision is to reject or modify the findings and the recommendations of the administrative judge, the decision shall contain specific reasons for the action.

c.  GAO's final decision shall require any relief authorized by law and determined to be necessary or desirable to resolve the issue of discrimination.

d.  A final decision on a class complaint shall, subject to chapter 6, be binding on all members of the class and GAO.

e.  The final decision shall inform the class agent of the right to file a charge with the PAB General Counsel or to file a civil action in accordance with chapter 6 and the applicable time limits.

13.  **NOTIFICATION OF GAO'S FINAL DECISION**.

a.  GAO's final decision shall be in writing and shall be sent, along with a copy of the administrative judge's report of findings and recommendations, to the class agent by certified mail, return receipt requested and to the GAO representative by other appropriate means.

b.  Within 10 days of sending the final decision to the class agent and the GAO representative, CRO shall notify class members of the final decision and the relief awarded, if any, through the same media employed to give notice of the existence of the class complaint under paragraph 5. The notice shall include information concerning the rights of class members to seek individual relief and the procedures to be followed.

14. **RELIEF FOR INDIVIDUAL CLASS MEMBERS**.

a.  If discrimination is found, GAO must eliminate or modify the employment policy or practice from which the complaint arose and provide individual relief, including an award of attorney's fees and costs (except in ADEA cases), in accordance with chapter 7, paragraph 1.

b.  If classwide discrimination is not found, but it is found that the class agent is a victim of discrimination, chapter 7, paragraph 1, shall apply.  Within 90 days of the issuance of the final decision finding no classwide discrimination, CRO shall issue the acknowledgment of receipt of any individual complaint that has been subsumed by the class complaint and process it in accordance with chapter 3.

c.  If discrimination is found and a class member claims that the decision entitles him or her to individual relief, the class member may file a written claim with the Civil Rights Director within 30 days of receipt of GAO's final decision if notification was by mail or within 30 days of actual posting under paragraph 5a of this chapter.  The claim must include a specific, detailed proof that the claimant is a class member who was affected by a personnel action or a matter resulting from the discriminatory policy or practice and that this discriminatory action took place within the time period for which GAO found classwide discrimination in its final decision.  The Comptroller General or designee shall issue a final decision on each such claim, along with a notice of the right to file a charge with the General Counsel of the PAB or a civil action in accordance with chapter 6 and the applicable time limits.

(Reverse Blank)

December 2, 1997

## CHAPTER 5. RELATIONSHIP TO GRIEVANCE PROCEDURES

An employee who files a formal discrimination complaint under this order may not thereafter file a grievance under Order 2771.1, "Administrative Grievance Procedure," on the same matter. In accordance with chapter 3, paragraph 11(e) of Order 2771.1, a pending grievance shall be cancelled if the employee files a discrimination complaint under this order on the same matter.

(Reverse Blank)

(2713.2)                                                                December 2, 1997

## CHAPTER 6.  CIVIL ACTIONS AND PAB APPEALS

1. **FILING ALTERNATIVES**.    A complainant who has filed an individual complaint, an agent who has filed a class complaint, or a claimant who has filed a claim for individual relief pursuant to a class complaint under the Title VII, the ADEA and/or the ADA may:

a.  file a civil action in an appropriate U.S. district court according to paragraph 2 below, or

b.  seek relief from the PAB for individual complaints according to paragraph 4 below and for class actions according to paragraph 6 below.

2. **FILING A CIVIL ACTION IN DISTRICT COURT:  TITLE VII, AGE DISCRIMINATION IN EMPLOYMENT ACT, AND THE AMERICANS WITH DISABILITIES ACT**.

a.  A civil action for an individual or a class complaint may be filed in an appropriate U.S. district court at the following times:

(1)  Within 90 days of receiving GAO's final decision or dismissal on an individual or a class complaint provided that a petition for review has not been filed with the PAB, or

(2)  Anytime after 180 days has elapsed from the date the complaint was filed, provided that GAO has not issued a final decision, and a petition for review has not been filed with the PAB.

b.  A jury trial is available under Title VII and the ADA.

c.  The court has discretionary power to appoint an attorney to represent an individual.

3. **APPEAL FROM DISTRICT COURT DECISION**.  A district court decision may be appealed to the corresponding U.S. Court of Appeals.

4. **SEEKING RELIEF FROM THE PAB:  INDIVIDUAL COMPLAINTS**.

a.  An individual complainant may seek relief from the PAB according to 4 CFR 28.98 by filing a charge with the General Counsel of the PAB at the following times:

(1)  Within 30 days of receipt by the charging party of GAO's final decision or dismissal of a whole or a portion of the complaint; or

(2)  Anytime after 120 days have elapsed from the date the complaint was filed provided that GAO has not issued a final decision.

b.  The PAB Office of General Counsel (PAB/OGC) shall investigate a charge according to 4 CFR 28.12.  If it concludes that there are reasonable grounds to believe that the individual's rights have been violated, the PAB/OGC will represent the individual on appeal to the Board unless the individual chooses not to be represented by the PAB/OGC.  If the PAB/OGC does not find reasonable grounds to believe that the individual's rights have been violated, the individual may

23

still pursue the matter before the Board on his or her own or with private counsel, after receiving a Right to Appeal Letter from the PAB/OGC.  4 CFR 28.18(a).

c.  An individual may appeal to the Board by filing a petition for review under 4 CFR 28.18. An individual appealing to the Board is entitled to discovery, a hearing and a final decision from the PAB according to 4  CFR 28.99.  Pursuant to 4 CFR 28.101, the PAB will terminate the proceeding if an employee files a civil action in U.S. district court.

5.  **DIRECT APPEAL TO PAB:  TERMINATION BY REDUCTION IN FORCE**.  An individual  whose employment has been terminated as a result of a Reduction in Force (RIF), may file an appeal directly with the PAB without first filing a complaint with GAO's Civil Rights Office or a charge with the general counsel of the PAB.  4 CFR 28.13.

6.  **SEEKING RELIEF FROM THE PAB:  CLASS ACTIONS**.  A petition for review of GAO's disposition of a class complaint may be submitted to the Board according to 4 CFR 28.97 at the following times:

a.  Within 20 days of receipt of a GAO determination rejecting or canceling the class complaint; or

b.  Within 20 days of receipt of a GAO determination accepting the class action, but with modifications that are not satisfactory to the agent of the class; or

c.  Within 20 days of receipt of a final GAO decision resolving the complaint if that decision, in whole or in part, has not satisfied  the agent of the class; or

d.  When more than 180 days have elapsed since the class complaint was filed and GAO has not issued a final decision.

7.  **APPEAL FROM PAB DECISION**.  A PAB decision may only be appealed to the Court of Appeals for the Federal Circuit.  The appeal must be filed within 30 days after receiving the PAB's final decision.  4 CFR 28.90.

December 2, 1997                                                                    (2713.2)

## CHAPTER 7.  REMEDIES AND COMPLIANCE

1.  **REMEDIES AND RELIEF**.  When GAO finds discrimination in an individual case, relief shall include any of the following:

a.  placement in the position the person would have occupied or a substantially equivalent position with backpay on a make-whole basis computed in the manner prescribed by 5 C.F.R.§ 550.805, including interest, unless clear and convincing evidence contained in the record demonstrates that the personnel action would have been taken even absent the discrimination; the backpay liability under Title VII is limited to two years prior to the date the discrimination complaint was filed;

b.  if clear and convincing evidence indicates that, although discrimination existed at the time the personnel action was taken, the personnel action would have been taken even absent discrimination, the agency shall nevertheless eliminate any discriminatory practice and ensure it does not recur;

c.  other appropriate relief sought; and

d.  reasonable attorney's fees (except under the ADEA and the EPA), upon submission of a verified statement of costs and attorney's fees within 30 days of signing a settlement, a mediation agreement or a final decision.  A statement of attorney's fees shall be accompanied by an affidavit executed by the attorney of record itemizing the attorney's charges for legal services.

2.  **COMPLIANCE**.

a.  Any settlement or mediated agreement knowingly and voluntarily agreed upon by the parties, reached at any stage of the complaint process, shall be binding on both parties.  If the complainant believes that GAO has failed to comply with the terms of a settlement, a mediated agreement, or a final decision, the complainant shall notify the Director, CRO, in writing, of the alleged noncompliance within 30 days of the noncompliance.  The complainant may request that the terms of the settlement, the agreement or the decision be specifically implemented.

b.  CRO shall determine if there has been noncompliance and respond to the complainant, in writing.

c.  If the complainant is not satisfied with the CRO determination, he or she may appeal to the PAB for specific implementation of the terms of the agreement.  The complainant must file the PAB appeal within 30 days of receipt of the CRO determination.

3.  **VOLUNTARY SETTLEMENT ATTEMPTS.**  GAO shall make reasonable efforts to voluntarily settle complaints of discrimination as early as possible in and throughout the administrative processing of complaints, including the precomplaint counseling stage.  Any settlement reached shall be put in writing, shall be signed by both parties, and shall identify the allegations resolved.

(Reverse Blank)

(2713.2)

December 2, 1997

# CHAPTER 8.  ADMINISTRATIVE MATTERS

1. **FILING AND COMPUTATION OF TIME.**

    a.  All time periods in this order that are stated in terms of days are calendar days.

    b.  A document shall be deemed timely if it is delivered in person; is postmarked before the expiration of the applicable filing period; or, in the absence of a legible postmark, if it is received by mail within 5 days of the expiration of the applicable filing period.

    c.  The time limits in this order are subject to waiver, estoppel[4] and equitable tolling.[5]

    d.  The first day counted shall be the day after the event from which the time period begins to run, and the last day of the period shall be included, unless it falls on a Saturday, a Sunday, or a federal holiday. In these three instances, the period shall be extended to include the next business day.

2. **REPRESENTATION AND OFFICIAL TIME**.

    a.  At any stage in the process provided in this order, including the counseling stage under chapter 3, paragraph 1, the complainant shall have the right to be accompanied, represented, and advised by a representative of the complainant's choice.

    b.  Employees who participate in the complaint process must balance time spent addressing the complaint with their normal duties and responsibilities, and they must coordinate time spent on the complaint with their supervisor.  A reasonable amount of time shall be granted for the following:

        (1)  participating in mediation or conciliation

        (2)  preparing a written complaint.

        (3)  responding to a CRO request for information

        (4)  attending a deposition

        (5)  participating in a hearing

    c.  Only participating in a hearing and attending a deposition may automatically take precedence over a complainant's completion of official duties.  In all other situations, the complainant's day-to-day assignment responsibilities are given priority.

    d.  If there is a disagreement between the complainant and his or her unit concerning any time charges related to a complaint, the Director, CRO will determine what is appropriate.  Depending

---

[4] A restraint on a party to prevent the party from contradicting its own previous assertion.

[5] The clock may be stopped for good cause.

on the individual case, the Director, CRO and management may determine that the employee has exhausted "reasonable" time and that he or she should use his or her own time to further prepare for complaint matters.  Other than activities listed in this paragraph at subparagraph b, complainants are not authorized to spend official time on complaint matters.

e.  If the complainant is a GAO employee and designates another GAO employee as representative, that representative, if otherwise on duty, shall also be granted a reasonable amount of official time--as defined in subparagraph b--to prepare the initial complaint and to respond to CRO requests for information.  GAO is not obligated to change work schedules, incur overtime wages, or pay travel expenses to facilitate the choice of a specific representative or to allow the complainant and representative to confer.

f.  If the representation of a complainant or GAO would conflict with the official or collateral duties of the representative, CRO may, after giving the representative an opportunity to respond, disqualify the representative.

g.  The complainant shall notify CRO of the name, address, and the office telephone number of a representative.

h.  The complainant shall at all times be responsible for proceeding with the complaint whether or not a representative has been designated.  All official correspondence shall be sent to the complainant, with a copy forwarded to the designated representative unless the complainant otherwise instructs CRO in writing.  Time frames for receipt of materials by the complainant shall be computed from the time of receipt by the complainant unless the complainant has instructed CRO that the representative will receive the official correspondence.

3.  **JOINT PROCESSING AND CONSOLIDATION OF COMPLAINTS**.

Complaints of discrimination filed by two or more complainants consisting of substantially similar allegations of discrimination or relating to the same matter, or two or more complaints of discrimination from the same complainant, may be consolidated by CRO for joint processing after appropriate notification to the parties.

December 2, 1997                                                                    (2713.2)

## *<u>CHAPTER 9.  DISCRIMINATION COMPLAINT PROCESSING FOR GAO VISITORS, GUESTS, OR PATRONS</u>

**1.  <u>PURPOSE</u>**.  This chapter establishes general procedures applicable to complaints by a qualified individual with a disability who is a visitor, guest, or patron of the GAO and who alleges a violation of the rights and protections provided to such persons under Title II,   §§  201-230, or Title III, §§ 302 and 303, of the Americans with Disabilities Act (ADA), as set forth in § 509(c)(6) of the ADA, as amended by the Congressional Accountability Act, Pub. L. No. 104-1, January 23, 1995.

**2.  <u>POLICY</u>**.  In accordance with the Americans with Disabilities Act, a qualified individual with a disability who is a visitor, guest, or patron of GAO shall not, by reason of such disability, be excluded from participating in, or be denied, the full and equal enjoyment of any goods, services, programs, activities, facilities, privileges, or accommodations provided by GAO to the public.  The GAO facility, to the maximum extent feasible, will be readily accessible and usable by qualified individuals with disabilities who are visitors, guests, or patrons of GAO.

**3.  <u>WHO CAN FILE A COMPLAINT</u>**.   A qualified individual with a disability who is a visitor, guest, or patron of GAO may file a complaint.  "Qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices; the removal of architectural, communication, or transportation barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

**4.  <u>WHEN AND WHERE COMPLAINTS ARE TO BE FILED; APPEALS</u>**

   a.  A qualified individual, as defined in paragraph 3, above, must file a written complaint with GAO's Civil Rights Office (CRO) within 45 days of the incident or occurrence he or she believes to be discriminatory.  CRO will attempt to mediate the matter.  If mediation fails, CRO will issue a written decision.

   b.  If the complainant is not satisfied with the CRO decision, he or she may appeal to the Office of the Assistant Comptroller General for Operations within 30 days of receipt of the CRO decision.  The Office of the Assistant Comptroller General for Operations will review the matter and issue a Final Decision.

   c.  If the complainant is not satisfied with the Final Decision, he or she may file a civil action with the appropriate United States district court within 90 days of receipt of the Final Decision.

   d.  The complainant also has the right to file a civil action with the appropriate United States district court anytime after 180 days have elapsed from the date the complaint was filed, provided that the agency has not issued a Final Decision.

**5.  <u>EXCLUSION</u>**.  This chapter does not apply to a visitor, guest, or patron of GAO who poses a direct threat to the health and safety of others.  A "direct threat" is a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices or procedures, or by the provision of auxiliary aids and services.