IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Arthur L. Davis, et al<br>    and all others similarly situated<br><br>PLAINTIFFS,<br><br>DAVID M. WALKER<br>Comptroller General of the<br>United States c/o United States Government<br>Accountability Office (GAO)<br>    and<br>Michael Wolf, Chairman<br>United States Government Accountability Office<br>Personnel Appeals Board (PAB)<br>   DEFENDANTS. | CASE NO: 06 1002 (EJS)<br>Maj (DAR) |

**PLAINTIFFS' REPLY MEMORANDUM
TO DEFENDANTS'
OPPOSITION TO DEFENDANT MOTION TO INTERVENE**

    The three named plaintiffs herein, for themselves and all others similarly situated, renew their request that they be allowed to intervene into case number 87-3538, and that this case be consolidated and merged into the underlying case, 87-3538, now before this court[1], pursuant to Federal Rule of Civil Procedure 42(a). Counsel for the Government Harry B. Roback, AUSA, has been contacted and opposes this Motion on the grounds that these three plaintiffs allegedly failed to exhaust administrative remedies. Plaintiffs disagree with that position. Exhaustion of administrative remedies has nothing whatever to do with intervention and the standards for granting intervention under Federal Rule of Civil Procedure 24.

**PRELIMINARY STATEMENT:**

    There are several reasons why these cases should be consolidated.

    First and foremost the claims of all of these related cases involve the same intentional systemic policy of discrimination. By necessity this means that each discriminatory transaction

---

[1] Venkareddy Chennareddy et al v. Walker, 87 CV-3538 (EJS, MJ DAR)

for each year for each employee is driven by the policy. The pattern that emerges is composed of each gerrymandering of each rating, each denial of a promotion, each failure to give equal access to advancement of each protected person. The pattern is made up of thousands of such discriminatory transactions. That pattern is similar, or not similar, to other persons similarly situated by an accumulation and comparison of details pertaining to each of the thousands of employees. Such detailed information and analysis is now available in accurate and machine manipulable form for each and every employee/complainant at GAO, and has been for the entire term of these cases.

This evidentiary fact creates the importance of the Mowbray data base and statistical analysis system (SAS) programs which do exist and have existed all this time. But they were used by management in secret, and denied to exist for the first 20 years of these related complaints. As one result, class certification was denied as lacking proof of commonality and typicality of claims. The Mowbray data will also demonstrate the non-candid nature of the GAO's representations on this point to date. This is relevant to this Motion in that for all this time, the applicant intervenors have been members of a class, which failed to be certified solely because of misinformation, and cover-up by GAO.

The discrimination which may be so readily measured is determinative of all issues in all cases, or so plaintiffs aver. That discrimination is a bar to advancement and promotion based primarily upon age, but with overtones of race, gender and veterans violations. Thus, for purposes of satisfying the Rule 24 requirement of same transactions, plaintiffs allege, and shall prove by the "Mowbray data files and system" (see below). The discriminatory factual pattern is similar if not identical for the original 13 plaintiffs as compared to Davis, Moses and Gilbert. This identity of a discriminatory cause and effect factual pattern was recognized as early as 1999 (when these three persons first attempted to intervene).

It was not until the existence of the underlying mechanism(s) for the hostile treatment, the barring of older person from promotion on an across-the-board basis through the enforcement of

the policy was discovered in 2002 that the ability to prove these allegations a practical reality. Mr. Mowbray has testified that the analysis can be done, and he can turn around a request for analysis, depending upon the complexity in "a couple of days." This fact makes proof of all of these plaintiffs allegations a very practical reality. Therefore, this element of the support for intervention is a foregone conclusion.

Second, the legal issues are the same. The *Chennareddy et al* Court of Appeals decision in 1991, adopted the plaintiffs reliance upon the authority of GAO's own regulations (improperly withheld from the Court) in reversal of the dismissal of the Chennareddy case in *Chennareddy v Bowsher*[2], "continuing violations" theory of systemic violations in their appeal of this Court's original dismissal of claims by the application of contradictions to GAO's own regulations to the violations alleged to exist.

Plaintiffs in all cases allege a continuing discriminatory pattern, one pattern, and one policy of redlining older employees for advancement, solely based upon, age. This is the primary discriminatory practice relied upon by plaintiffs. This policy, if indeed it is proven by the evidence to amount to one policy, continuing over the 20 years period, which is the allegation, satisfies the "hostile work environment" or the equivalent set forth by the Supreme Court in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002). This case and this motion adopt the theory of *Morgan, supra* that the violations of federal law contained in the applicant intervenors' case (No 06-1002) are the same as in the underlying and original case (No 87-3538), and each of the applicant intervenors is a proper member of the class of that case and therefore is eligible to intervene.

Moreover, each of those applicant intervenors, several times attempted to gain intervention. In addition, each of those applicant intervenors contacted the GAO administrative office charged with notification of each employee of their rights and duties, but never received a

---

[2] *Chennareddy General Class Complainant Representing Himself and All Others Similarly Situated, Appellants v. Charles BOWSHER Comptroller General of the United States*., Appellee (Two Cases) Nos. 89-5408, 89-5409, 935 F.2d 315, 56 Fair Empl.Prac.Cas. 127, 56 Empl. Prac. Dec. P 40,846, 290 U.S. App.D.C. 149 (D.C. Circuit 1991).

timely response (within the 180 days allowed by law for completion of the administrative process) Therefore, they timely elected and filed three separate "Notices of Intent to Sue". Under these factual circumstances, there is no reasonable logical or legal reason why intervention should not be allowed. The only reason to deny intervention is to prolong this case and deny relief for arbitrary reasons. This of course, is what the Defendant's urge. That position is simply contrary to the law as well as good sense.

Third, the administrative process at GAO, and in its subsidiary agency is a shambles. Admissions of untimeliness have been are contained in the record of hearings held by Congress (on March 13, 2008) by the OOI, and the PAB has admitted its failure to process to completion over 200 claims before it.

Fourth, on or about May 2, 2008 the GAO General Counsel's office (apparently under orders from the new Acting Controller General) began a campaign to undercut the Davis putative class. On information and belief, GAO's General Counsel arranged for representation by the General Counsel of GAO's new Union to carry to those persons offers of settlement of their claims. The persons contacted were all persons whose complaints were never processed to completion by the GAO "office of inclusiveness" (one of the complaints in both the Moses case and the Davis cases (Cases #s 06-1002 and 06-1712). Those same complainants are members of the Moses putative class, for which a motion to certify is still "live" as never denied in the Court Minute Order of December 10, 2008.(Docket Entry 12/10/07).

These actions are merely a part of the violations of employees rights which are common to all of the complaints now before this Court. For an example of the magnitude of the very recent problems see *Exhibit 1* hereto. GAO, to the knowledge of undersigned counsel, has never notified any putative class member of the existence of these class actions or the rights of all class members to intervene or be represented as a member of a class. The accompanying Exhibit 1 demonstrates the wide-spread nature of these omissions, fear of exposure as a dissident subject to reprisal, and the need for notification of class members. All of these are practical reasons why intervention should be granted. Other relief is necessary to avoid forfeiture of employees rights by misinformation, of failure to notify complainants in the class of their existing rights. GAO

apparently is going behind counsel's back, a clear violation of legal ethics, for the purpose of eviscerating the class. And it is working.

To correct these abuses immediately after granting the intervention, notification of the rights of all class members should be approved by the Court. This action is necessary to prevent a continuation of misinformation concerning the civil rights of class members to accept or reject ongoing efforts of GAO to undercut the class. Solidification of the status of putative class members is yet another reason to grant the motion for intervention.

### REPLY TO INCORRECT STATEMENTS CONTAINED IN DEFENDANTS' OPPOSITION TO DISMISS

Since the filing of this motion in intervene in January 2008, some of the underlying facts have changed. For this reason, a supplemental statement of facts follows. These facts and applicable law rebut the factual representations contained in Defendants' opposition to the Motion to intervene.

1. On May 16th, 2008 plaintiffs took the deposition of Mr. William (Bob) Mowbray with the consent of the defendant. Notices were sent inviting all defendant's counsel to attend in cases Numbers 06-01002, 06-01712 and 87-3538. In attendance were two counsel for GAO, John A. Bielec, Senior Attorney and Lincoln Schroth, Senior Attorney, and one from the Department of Justice Christopher B. Harwood AUSA.

2. The entire deposition of Mr. Mowbray has been included in the record of this case for the convenience of the Court and the importance attached to this document for a number of reasons. (See Docket Entry # 38, Exhibit # 10 to Pls Opp to Mot to Dismiss, May 22, 2008). Mr. Mowbray's deposition supports Plaintiffs contentions that determinative statistics which Plaintiffs allege support their position of intentional across-the-board age discrimination exist and have existed since about 1986. The significance of this information is that whether or not the bias exists as averred by plaintiffs, in all of the related cases, is readily determinable.

3. Plaintiffs aver that analysis of that massive database is absolutely necessary prior to any determination of whether or not the claims of each plaintiff are similar to those of the other

(much earlier) plaintiffs filings, and as to class certification whether or not each plaintiff is similarly situated to each other putative class member. Plaintiffs aver that all claims are virtually identical over all of these years. And that further, the extent of the bias will be shown to be nearly 100% effective, that is an illegal discriminatory ban imposed from the top down to all managers as against all older employees. This makes the intervention a matter of rights pursuant to Federal Rule of Civil Procedure 24(a)(2) and supports permissive intervention also, ***Kootenai Tribe of Idaho v. Veneman***, 313 F.3d 1094, 1108 (9th Cir. 2002)(Standard for Intervention is common question of law or fact, not more rigorous standard of interest that may be impaired; ***Griffith v. University Hospital, L.L.C.***, 249 F.3d 658, 661 (7th, Cir. 2001).

    4. Nor should there be any question of timeliness in these applicants attempts to intervene. These plaintiffs have been trying to intervene since 1999, and in all respects have followed the rules, including the authority of Stevens v. Department of Treasury, 500 U.S. 1, (1991), and through no fault of their own (the withholding of key evidence by the defendant) could not prove commonality and typicality. But it is interesting to note that all determinations denying class certification were without prejudice to renew. This is just another reason to allow intervention, followed by redetermination of the status of plaintiffs certification motions.

    5. In terms of identity of claims, this Court is requested to Order the Notice of all persons similarly situated in all cases. No part of GAO or its subsidiary, the PAB has properly or candidly notified any of the members of the putative class, or classes. Those persons have an absolute right to Notice of their various options to act, not act, to object or not object, under generally accepted EEO procedures which are a part of every employers responsibility to maintain a discrimination free workplace (See Exhibit # 1). GAO has no less of these responsibilities simply because it is no longer subject to the control of the EEOC as are federal executive branch agencies. The fact that the PAB does not do its job as an oversight agency with the power of the EEOC makes the GAO and PAB omissions no less egregious.

    6. Defendants make a bald statement in their opposition that:

Defendants have failed to satisfy the requirements of Rules 24 and 42 (Ds' Response Pg 1, ¶ 2). This statement is untrue. Rule 24 has been discussed above, there are common questions of common questions of fact (the policy of discrimination applicable to all older persons. There are also common questions of mixed law and fact. These are:

I. Whether the GAO has a policy of discrimination using age as an adverse determinative factor in lowered ratings of its older professional employees?

II. Whether that discriminatory policy is reflected in performance ratings based upon illusory, or false or irrelevant factors designed to carry out its intentional policy of age discrimination against its older professional employees?

III. Whether the mandatory administrative complaint process for GAO employees is meaningless, defective and violates GAO employee's rights to a meaningful administrative processing of complaints.

IV. Whether these employees met their administrative duties by filing the statutory 30 day notices of intent to sue, thereby fulfilling their administrative requirements.

V. Whether GAO has met its mandate to be candid and forthcoming with the Court and adverse parties in these discrimination complaints?

7. The violations of law contained in the underlying case of Chennareddy et al v. Walker, 87-3538 as expressed in the policy of exclusion covers a period of over 20 years. That policy is clear, and unremitting and still happening right now. See Exhibit 1. Dr. Chennareddy retired on January 3, 2006. It appears necessary under Rule 23 procedures to have a present employee, like Mr. Moses, or a contemporary of his as a class representative to protect the interests of the present employees. For this reason also the Motion should be granted.

8. Finally, mention must be made of facts elicited in a hearing on March 13, 2008, one day after the Comptroller General of the United States resigned. Testimony at that hearing, for which transcripts have not yet been released fully corroborates the allegations of plaintiffs, for

the whole term of these related cases.  Thus, the factual foundation of this motion is deemed unassailable by the plaintiffs and intervenors herein.

**CONCLUSION:**

It is unquestioned that all indicia of earnings, advancements, status and retention at GAO are based upon the purported merit ratings system in place.  That same ratings system, slightly modified, has been in place for the entire term of the employment of these plaintiffs, and all plaintiffs in the related cases.  Plaintiffs allege that the pattern of non-promotion is driven by central policy, centrally controlled and is systemic.  The policy is one policy for all of the thousands of transactions resulting in the pattern of discrimination measured by the Mobray data.  It is there for the measurement.

Therefore, the same class of parties, the same factual issues, and the same legal issues are present in each of the related cases.  It makes no sense whatever to leave this case separate from the main case.  In fact, not one reason except delay, and judicial expense rather than economy will result from denying this Motion.  As a practical matter, that is the only defense GAO has, explaining the actions of that agency.  There simply is no good faith defense to plaintiffs allegations, because they are true.  The Motion should be granted.

    Respectfully submitted,

    Signed, *charltonw2428*

    Walter T. Charlton, Attorney for Plaintiffs
    D.C. Bar # 186940
    Walter T. Charlton & Associates
    213 Morgan Street, N.W.
    Washington D.C., 20001
    Phone 410 571 8764, Fax 410 897 0471
    charltonwt@comcast.net

## CERTIFICATE OF SERVICE

 I hereby certify that I filed, with the expectation of electronic delivery, a copy of the accompanying Renewal of the Motion to Intervene and Consolidate to:
Harry B. Roback AUSA
Civil Division
501 Third Street, N.W.
Washington, D.C. 20530

on this 3rd[th] day of June, 2008

  /s/

Charltonw 2428

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>    For himself and<br>    All others similarly situated<br><br>**Plaintiffs**<br><br>            v.<br><br>**DAVID M. WALKER,**<br>    Comptroller General (GAO)<br><br>    and<br><br>**Michael Doheny, Chair**<br>**The Personnel Appeals Board of the GAO,**<br>            **(PAB)**<br><br>**Defendants.** | Case No.  1:06 CV 01712  (EJS)<br>                       Maj. (DAR) |

**ORDER**

Upon consideration of plaintiffs Arthur L. Davis, Jimmie Gilbert, and James D. Moses's Renewal of their Motion to Intervene, and Motion to Consolidate this case with the other cases now before this Court against the Defendant's herein, and it appearing that the issues, facts and class or classes of the parties are substantially the same in all cases, and it further appearing that the interests of simplicity and judicial economy predominate over arguments to the contrary, the same counsel represents all plaintiffs, a consolidation will avoid inconsistent findings, will be in the interests of justice and will provide for a single, coherent consistent judgment, and if further appearing that no prejudice to any party will result from this consolidation, now therefore the Motion to Intervene and to Consolidate is GRANTED.

Cases numbered 87 CV-3538; and case number 06 CV 01002 are hereby Consolidated and henceforth shall be considered as one case under the Caption, **Venkareddy Chennareddy, et al v. Walker** for all purposes.

By separate Order this Court will address the discovery matters unique to this case with respect to Mr. Mowbray's and the "Human Capital Division" of GAO and the files and data represented in those computerized files of the agency.  However, full discovery will be allowed

1

and GAO and the PAB are hereby Ordered to cooperate to the fullest extent to development of the data requested by plaintiffs herein in accordance with the spirit and rules of full discovery in civil rights litigation cases.

Case number 06 CV 01002 is hereby dismissed as duplicative and thereby moot.

Messrs. Davis, Moses and Gilbert shall be added as intervenors into Case No. 87-3538, as named party plaintiffs and putative class representatives. The effect of their representations as additional putative class representatives shall accrue and attach to their status in that case as of the date they first moved to intervene as a class representative.

                                                _____
United States District Court
Emmet J. Sullivan, Judge
Deborah A. Robinson, Magistrate Judge