Attachment "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKAREDDY CHENNAREDDY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID M. WALKER, <br><br> Defendant. | Civil Action 87-3538 (EJS) (DAR) |
| ARTHUR L. DAVIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID M. WALKER, et al., <br><br> Defendants. | Civil Action 06-1002 (EJS) (DAR) |
| JAMES D. MOSES, <br><br> Plaintiff, <br><br> v. <br><br> DAVID M. WALKER, et al., <br><br> Defendants. | Civil Action 06-1712 (EJS) (DAR) |

## JOINT STATUS REPORT-EXHIBIT A

Plaintiffs' and intervenors request discovery in this case, and that it is necessary that this discovery be completed before the hearing on the Motion to Intervene. Defendants position is that no discovery is necessary, and no intervention should be allowed. Plaintiffs position on this point follows.

1. For more than 20 years, since about 1986 (Mowbray Deposition # 2, May 16th, 2008), GAO has maintained a secret data base, maintained by separate years, containing virtually all information pertaining to GAO's professional analysts who are the plaintiffs in all of these related cases. GAO misinformed the plaintiffs and the court in each case that this information does not exist. Now they seek to place the burden upon plaintiffs to show why they need assess to this information about which GAO has gone to such lengths to demonstrate the non-existence.

2. Mr. Mowbray described on May 16th, 2008 in great detail the contents of his four data files. He also described how his SAS programs may be utilized to access information in the four files to extract relevant information on performance ratings, promotions, age, race and gender for each year, and for a group of years. He also described how a part of his information, formerly available in those SAS (Statistical Analysis System) files was transferred to the "human capital office" in 2002. That information is also readily available since it is being maintained in Microsoft excel format. Other discovery in other related cases has elicited the information that management, and perhaps the PAB uses these files and programs to furnish individual and summary information pertaining to GAO's management and policy decisions.

Plaintiffs allege, and seed discovery upon the uses to which this determinative information is put by GAO management. Plaintiffs allege that gerrymandering of performance

ratings is routine, in order to foist GAO's policy of age discrimination upon all persons participating in the performance ratings and retention process, uniformly, and consistently over the entire period of these four cases (Dr. Chennareddy individually) included.

3. Mr. Mowbray testified that no records are kept of his work, or distributions of this analysis work. Similarly none kept of who requests data and who receives data. However, Mr. Mowbray identified one instance where about 2 years ago he was deposed by the General Counsel of the PAB. He could not recall details of that instance however. Email retrieval is sought to test this statement as inherently incredible.

4. Here, in the instant motion to intervene, as well in all of these related cases, for the entire period of time involved, 1986 to 2008, plaintiffs allege an intentional use of age as an adverse ratings and promotion and assignment factor. Mr. Mowbray's data, properly analyzed, will furnish proof of all of these factual and legal issues.

5. As to this specific Motion before the Court, plaintiffs allege that the information to be gathered would prove that the "hostile work environment" alleged by each set of plaintiffs will be demonstrated by the information gathered to the point of certainty.

6. In addition to the data content, discovery will seek all emails from or to Mr. Mowbray, and in later years the from or to the "human capital office". Mr. Mowbray's description of "no records of requests for information" or "deliveries of that information" is simply inherently incredible.

7. By this process plaintiffs will prove that all of the facts demonstrating a bias amounting to an intentional exclusion of older employees from promotion will be proven. By this process, each one of the intervenors, and each person in each of the respective classes, will be demonstrated to be similar if not identical in the "hostility" experienced, in the exclusion based upon age, and perhaps race and gender also. In short, not only will this discovery prove the right to intervene,

it will prove plaintiffs entire case.

8. Plaintiffs in each case are now developing the details of each interrogatory and each request for production of documents (including electronic discovery of emails). The standard level of discovery is expected to be sufficient in all matters, including about 5 depositions, except for the following matters which will require special consideration. These are:

    A. Data requests from Mr. Mowbray which must (according to Mowbray's testimony) utilize his special knowledge of field descriptions, the data content and his programs he has written over the past 20 years.

    B. Email discovery showing the "electronic paper trail" of requests to him for work, his work product deliveries, and the subjects for which the data is used (to prove the intentional use by GAO management of age, and perhaps race and gender, in the ratings and resulting promotion, bonuses, assignments, and career advancement processes.

9. By this process, and by consolidation of these cases, all of the parties, the Court's and the public interest will be well served as well as judicial economy. In plaintiffs' opinion, these cases will shortly be over.

10. And this discovery will demonstrate that all of the legal issues are the same, all of the factual issues are the same, and it makes no sense whatever to do the same thing four times over when one will be sufficient.

                                        Respectfully submitted,

                                        Walter T. Charlton, Counsel for Plaintiffs
                                        In each of the related cases stated in the
                                        caption above.

230 Kirkley Road, Annapolis Maryland 21401  
Telephone, 410 571 8764,  
Email, charltonwt@comcast.net