UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VENKAREDDY CHENNAREDDY, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DAVID M. WALKER, )<br>)<br>Defendant. ) | Civil Action 87-3538 (EGS) (DAR) |
| ARTHUR L. DAVIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DAVID M. WALKER, et al., )<br>)<br>Defendants. ) | Civil Action 06-1002 (EGS) (DAR) |
| JAMES D. MOSES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID M. WALKER, et al., )<br>)<br>Defendants. ) | Civil Action 06-1712 (EGS) (DAR) |

**DEFENDANTS' SUBMISSION REGARDING WHY THE APPLICANT INTERVENORS SHOULD NOT BE PERMITTED TO CONDUCT DISCOVERY PRIOR TO A HEARING ON THE MOTIONS TO INTERVENE**

**Exhibit B**

Presently pending before this Court in <u>Chennareddy, et al. v. Walker</u>, No. 87-3538 ("<u>Chennareddy</u>")—a putative class action involving claims against the Government Accountability Office ("GAO")—is a motion to intervene into the <u>Chennareddy</u> action filed on behalf of Arthur L. Davis, Jimmie Gilbert and James D. Moses (the "applicant intervenors"). (See <u>Chennareddy</u> Dkt. 364.) The applicant intervenors have filed similar motions to intervene into the <u>Chennareddy</u> action in their separately-filed putative class actions against the GAO, <u>Davis, et al. v. Walker, et al.</u>, No. 06-1002 ("<u>Davis</u>"), and <u>Moses v. Walker, et al.</u>, No. 06-1712 ("<u>Moses</u>").[1] (See <u>Davis</u> Dkt. 25, 35; <u>Moses</u> Dkt. 3.)[2] On May 20, 2008, at what was scheduled to be the hearing on the motions to intervene, counsel for the applicant intervenors requested (for the first time) that he be granted leave to conduct discovery prior to a hearing on the motions to intervene. The applicant intervenors' request for leave to conduct discovery should be denied for two, independent reasons: (1) discovery is not necessary for purposes of resolving the motions to intervene; and (2) the request for leave to conduct discovery is untimely.

**A.   Discovery Is Unnecessary for Purposes of Resolving the Pending Motions to Intervene.**

The applicant intervenors do not need to conduct discovery prior to a hearing on the motions to intervene. Whether the applicant intervenors should be permitted to intervene into the <u>Chennareddy</u> action depends on: (1) whether they filed a timely motion to intervene;

---

[1] Two of the "similar motions to intervene" filed in <u>Davis</u> and <u>Moses</u> are in fact motions to consolidate, rather than motions to intervene. (See <u>Davis</u> Dkt. 25; <u>Moses</u> Dkt. 3.) However, the applicant intervenors' motions to consolidate seek the same result as their motions to intervene—the joining of the <u>Chennareddy</u>, <u>Davis</u> and <u>Moses</u> actions into a single action. Thus, for purposes of this filing, and for ease of reference, Defendants will refer to both the motions to intervene and the motions to consolidate as motions to intervene.

[2] There is one additional motion to intervene that was filed in the <u>Moses</u> case. (See <u>Moses</u> Dkt. 54.) However, that motion is not a motion to intervene into the <u>Chennareddy</u> action. (See <u>id.</u>) Rather, it is a motion filed by a third party to intervene into the <u>Moses</u> action. (See <u>id.</u>)

**Exhibit B**

(2) whether they "claim[] an interest relating to the property or transaction that is the subject of the [Chennareddy] action, and [are] so situated that disposing of the [Chennareddy] action [without their involvement] may as a practical matter impair or impede [their] ability to protect [that] interest"; (3) whether they "ha[ve] a claim . . . that shares with the [Chennareddy] action a common question of law or fact"; and (4) whether intervention would prejudice those already parties to the Chennareddy action.  See Fed. R. Civ. P. 24(a), (b) (emphasis added).  Discovery (and any evidence that might be obtained through discovery) is irrelevant to those inquiries and is thus unnecessary for purposes of resolving the pending motions to intervene.  The relevant inquiry on the motions to intervene is whether the claims of the applicant intervenors share common questions of law or fact with the claims asserted in the Chennareddy action, and whether the circumstances of the Davis, Moses and Chennareddy cases otherwise favor intervention.  (See id.)  It is not whether the applicant intervenors can justify intervention based on evidence that they might obtain through discovery.[3]

### B.   Discovery on Matters Pertaining to Intervention Is Untimely.

Even if discovery could be used to the advantage of a party seeking to intervene into another action, the request here to conduct discovery is untimely.  Beginning in May 2000 and continuing through April 2008, the applicant intervenors filed numerous motions (and renewed

---

[3] In their attachment to the parties' Joint Motion, the applicant intervenors argue that they should be permitted to conduct discovery prior to a hearing on the motions to intervene because the information that they will obtain through discovery will allow them and the Chennareddy plaintiffs to prove their respective cases.  (See Ex. A (attached hereto) ¶¶4-5, 7.)  However, as stated above, a motion to intervene is to be evaluated based on (among other things) alleged claims, not proven facts.  Moreover, even if the litigants in the Davis, Moses and Chennareddy cases could all prove their claims with evidence obtained through discovery (a proposition that Defendants strongly dispute), that fact alone would not establish that intervention is appropriate.  Indeed, it would not even establish that the claims asserted in the Davis, Moses and Chennareddy cases share common questions of law or fact.  The same body of proof may be used to establish vastly dissimilar claims.

**Exhibit B**

motions) to intervene into the Chennareddy action. (See, e.g., Chennareddy Dkt. 269 (filed in 2000); Chennareddy Dkt. 339 (filed in 2006); Davis Dkt. 25 (filed in 2006); Moses Dkt. 3 (filed in 2006); Chennareddy Dkt. 367 (filed in 2008); Davis Dkt. 35 (filed in 2008).) Yet, prior to May 20, 2008, the date originally scheduled for a hearing on the motions to intervene, the applicant intervenors did not once request leave to conduct discovery to support their motions to intervene. If the applicant intervenors believed that discovery was necessary to support their motions to intervene, then they should have sought leave to conduct discovery prior to the May 20, 2008 hearing date.[4]

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the request for discovery prior to a hearing on the pending motions to intervene should be DENIED.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[4] In their attachment to the parties' Joint Motion, the applicant intervenors imply that prior to the May 16, 2008 deposition of Robert Mowbray (a GAO employee), the GAO had hid the fact that it possesses electronic data files containing employee personnel data. (See Ex. A (attached hereto) ¶¶1-2.) That assertion is demonstrably false. During prior discovery in the Chennareddy case (in the 1990s), the Chennareddy plaintiffs received electronic personnel data from those data files. Moreover, counsel for the applicant intervenors questioned Mr. Mowbray about the above-mentioned data files when he deposed Mr. Mowbray in 2002. Those data files were also described at length in a report that the GAO filed (voluntarily) in the Chennareddy action on February 22, 2008. (Chennareddy Dkt. 372.)

      /s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 305-1334
Fax: (202) 514-8780

      /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 307-0372
Fax: (202) 514-8780

      /s/
HARRY B. ROBACK
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 616-5309
Fax: (202) 514-8780

**Exhibit B**