Case 1:06-cv-01002-EGS-DAR   Document 42-2   Filed 06/06/2008   Page 1 of 20
Case 1:87-cv-03538-EGS-DAR   Document 368-2   Filed 02/11/2008   Page 1 of 6
Case 1:87-cv-03538-EGS   Document 335-5   Filed 06/10/2005   Page 2 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alfred E. Ramey, et. al.,

    Plaintiffs,

v.    Civil Action No. 88-3037 JGP

Charles A. Bowsher,

    Defendant.

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant, Charles A. Bowsher, by the undersigned, hereby responds to Plaintiffs' First Set of Interrogatories.

Interrogatory No. 9.

The following Interrogatories relate to the data previously furnished in Administrative processing of this class complaint (or requested above) which is described in the preceding Interrogatories and requires generally, additional data relating to the specific employee data previously furnished as well as additional data for the time period after the previous data was furnished.

Please identify in complete detail for each and every employee who has been employed as a GS-11, 12, 13, 14, 15, or equivalent by GAO at any time between the dates of January 1, 1983 and July 1, 1989 the following information:

(1) Social Security Number;
(2) Current Name;
(3) Current Address;
(4) Date of Birth;
(5) For the entire period of that employee's employment at GAO: Each employment classification (series and salary grade, and salary) and the date for each employee that that particular employment application was applicable, whether or not the employee was full time or part time; (Note: This interrogatory [9 (5)] requests each "transaction" and the date thereof related to an

REPLY EXHIBIT
GAO000075

Case 1:06-cv-01002-EGS-DAR   Document 42-2   Filed 06/06/2008   Page 2 of 20

Case 1:87-cv-03538-EGS-DAR   Document 368-2   Filed 02/11/2008   Page 2 of 6
Case 1:87-cv-03538-EGS   Document 335-5   Filed 06/10/2005   Page 3 of 7

employee's history for the entire time such records are kept, related to that employee.)

(6) Present status of that employee, i.e., whether active, retired, on loan to another agency or other similar status classification;

(7) The location or place of (original) employment;

(8) Whether or not that employee has supervisory responsibilities where applicable;

(9) Current GS Grade, step, and salary;

(10) The office where employed; the current employment status; if terminated, the date and reason for termination;

(11) Service computation date;

(12) The entry on duty date.

Note: It is expected that this Interrogatory will be furnished on data disks as well as printed out in readable format.

Response to Interrogatory No. 9.

Computer printout entitled Ad-Hoc 89-198, Exhibit 9a, is a 6,440 page printout containing complete employment histories of all GAO employees who have been employed as a GS-12, 13, 14, or 15 between January 1, 1983 and July 1, 1989.

Exhibit 9b, is a set of 19 computer disks which contains the same information as exhibit 9a. Exhibit 9c is the record format for the computer disks.

(1) See Exhibits 9a and 9b.

(2) See Exhibits 9a and 9b.

(3) Exhibit 9d, computer printout 89-198A, contains the addresses of all employees currently employed by the GAO. Exhibit 9e, computer printout Ad Hoc 89-198b, contains social security numbers of employees whose home addresses were not available through the APAS and National Finance Center computer records. Exhibit 9f is a computer disk entitled Ad Hoc 89-198a and Ad Hoc 89-198b and contains the same information as computer Exhibits 9d

2

REPLY EXHIBIT

Case 1:87-cv-03538-EGS-DAR   Document 368-2   Filed 02/11/2008   Page 3 of 6
Case 1:87-cv-03538-EGS   Document 335-5   Filed 06/10/2005   Page 4 of 7

and 9e. Exhibit 9g, computer printout Home RPT1, contains the addresses of past employees of GAO from the Central Assignments Payables System (CAPS). These addresses were retrieved from the CAPS system by use of the social security numbers from Exhibit 9e. Exhibit 9h is a computer disk entitled Home RPT.TXT and contains the same information as Exhibit 9g. Exhibit 9c contains the record format for Exhibit 9g.

(4) See Exhibits 9a and 9b.

(5) See Exhibits 9a and 9b.

(6) See Exhibits 9a and 9b.

(7) See Exhibits 9a and 9b.

(8) See Exhibits 9a and 9b. Under the APAS and NFC's computer systems, supervisory responsibilities are only indicated if an evaluator or evaluator-related employee is a GS-15. Thus, many employees who have some supervisory responsibilities, are not shown as supervisors on the computer printout and disks.

(9) See Exhibits 9a and 9b.

(10) See Exhibits 9a and 9b.

3

Case 1:06-cv-01002-EGS-DAR   Document 42-2   Filed 06/06/2008   Page 4 of 20
Case 1:87-cv-03538-EGS-DAR   Document 368-2   Filed 02/11/2008   Page 4 of 6
Case 1:87-cv-03538-EGS   Document 335-5   Filed 06/10/2005   Page 5 of 7

(11) See Exhibits 9a and 9b.

(12) See Exhibits 9a and 9b.

Respectfully submitted

*[signature]*
JAY B. STEPHENS, D.C. Bar #177840
United States Attorney

*[signature]*
JOHN D. BATES, D.C. Bar #934927
Assistant United States Attorney

*[signature]*
WILLIAM J. DEMPSTER
Assistant United States Attorney

OF COUNSEL:
JOAN M. HOLLENBACH
Assistant General Counsel
DANIEL A. SCHWIMER
Senior Attorney

Case 1:06-cv-01002-EGS-DAR  Document 42-2  Filed 06/06/2008  Page 5 of 20

Case 1:87-cv-03538-EGS-DAR  Document 368-2  Filed 02/11/2008  Page 5 of 6
Case 1:87-cv-03538-EGS  Document 335-5  Filed 06/10/2005  Page 6 of 7

## VERIFICATION

I, Don L. Phillips, Systems Liaison and Information Branch, Office of Personnel, hereby declare under penalty of perjury that response to Interrogatory No. 9 is true and correct to the best of my knowledge and information.

Date: 11-27-89

_Don L. Phillips_
Don L. Phillips

REPLY EXHIBIT 4

0000000079

Case 1:87-cv-03538-EGS-DAR   Document 368-2   Filed 02/11/2008   Page 6 of 6
Case 1:87-cv-03538-EGS   Document 335-5   Filed 06/10/2005   Page 7 of 7

## CERTIFICATE OF SERVICE

I, William J. Dempster, hereby certify that a copy of the foregoing Defendant's Supplemental Response to Plaintiffs' First Set of Interrogatories has been mailed, postage prepaid to Walter T. Charlton, Esq., 2009 N. 14th Street, Suite 105, Arlington, Virginia 22201 this 30th day of November 1989.

_William J. Dempster_
WILLIAM J. DEMPSTER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VENKAREDDY CHENNAREDDY, )
et al., )
    Plaintiffs, )
)
  v. ) Civil Action No. 87-3538 JGP
)
CHARLES A. BOWSHER, )
    Defendant. )

RECEIVED
AUG 11 1992
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

DEFENDANT'S RESPONSES TO PLAINTIFFS'
FOURTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant, Charles A. Bowsher, by his undersigned counsel, hereby responds to Plaintiffs' Fourth Request for Production of Documents.

Request No. 21

Please produce all documents identified in connection with the attached fourth set of interrogatories.

Response to Request No. 21

Documents responsive to Interrogatory No. 31 are attached. Documents responsive to Interrogatory Nos. 32 and 33 are available for inspection, except where objections have been noted, by contacting Edda Emmanuelli-Perez, Legal Services Division, (202) 275-6404.

Request No. 22

Please furnish an immediate update of all names and addresses of employees and former employees in the disk format previously furnished.

Note: This has previously been requested informally and orally promised to be furnished by GAO, but has not been furnished.

Response to Request No. 22

Exhibit A is 1 computer disk which contains the update of names and addresses of employees and former employees. Exhibit B describes the file layout for Exhibit A.

Request No. 23

An update of all employment information in the disk format previously furnished is hereby requested. However, please note that no print-out is requested, merely the current update furnished on disk media.

Response to Request No. 23

Exhibit C is a set of 4 computer disks which contain the update of employment information. Exhibit D describes the file layout for Exhibit C.

Respectfully submitted,

JAY B. STEPHENS, D.C. Bar #177840
United States Attorney

JOHN D. BATES, D.C. Bar #934927
Assistant United States Attorney

JEFFREY T. SPRUNG, D.C. Bar #384880
Assistant United States Attorney

OF COUNSEL:

JOAN M. HOLLENBACH
Associate General Counsel

EDDA EMMANUELLI-PEREZ
Attorney Advisor
United States General Accounting Office

2

REPLY EXHIBIT 1    0000000083

## VERIFICATION

I, Rebecca Taylor, System Liaison and Information Branch, Office of Personnel, hereby declare under penalty of perjury, under the laws of the United States of America, that responses to Fourth Request for Production of Documents Nos. 22 and 23 are true and correct to the best of my knowledge and information.

Date: 6-29-92

Rebecca Taylor
Rebecca Taylor

# File Layout for 92-009 Part 2

Dataset Name: AH92009B.DAT

File Layout:

| Field Name | Type | Length | From | Through |
|---|---|---|---|---|
| Social Security Number | N | 9 | 1 | 9 |
| Employee Name | A | 27 | 11 | 37 |
| Date of Birth | N | 6 | 38 | 43 |
| Street Number | A | 48 | 44 | 93 |
| City | A | 20 | 94 | 113 |
| State | A | 2 | 114 | 115 |
| Zip Code | N | 5 | 116 | 120 |

This file contains the SSN, Most Current Name, Most Current Home Address, and Date of Birth for GS-12 through GS-15, PE-IF, PE-II, PE-III, PA-ID, PA-IE, or PA-II from July 1989 through the current date. There are 9,187 records in the total file.

EXHIBIT B

File Layout for 92-009 Part 1

Dataset Name: AH92009A.DAT

File Layout:

| Field Name | Type | Length | From | Through |
|---|---|---|---|---|
| Social Security Number | N | 9 | 1 | 9 |
| Employee Name | A | 27 | 11 | 37 |
| Date of Birth | N | 6 | 38 | 43 |
| Org Code | A | 7 | 44 | 50 |
| GAO Hire Date | N | 6 | 51 | 56 |
| Pay Plan | A | 2 | 57 | 58 |
| Grade | A | 2 | 59 | 60 |
| Step | A | 2 | 61 | 62 |
| Series | A | 4 | 63 | 66 |
| Vet Preference | A | 1 | 67 | 67 |
| Tenure Group | A | 1 | 68 | 68 |
| Federal Service Comp Date | N | 6 | 69 | 74 |
| Pay Basis | A | 2 | 75 | 76 |
| Salary | N | 7.2 | 77 | 83 |
| Time Basis of EMPL | A | 1 | 84 | 84 |
| Appointment Type | A | 2 | 85 | 86 |
| Nature of Action Code | A | 6 | 87 | 92 |
| Authority Code | A | 6 | 93 | 98 |
| Effective Date | N | 6 | 99 | 104 |
| Supervisory Code | A | 1 | 105 | 105 |

This file contains Employment Histories for GS-12 through GS-15, PE-IF, PE-II, PE-III, PA-D, PA-IF or PA-II from July 1989 through the current date. There are 53,774 records in the total file. The DOS 'BACKUP' procedure was used to download this file to four 3.5 inch diskettes (DOS VERSION 3.3).

EXHIBIT D

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Responses to Plaintiffs' Fourth Set of Interrogatories has been served on this 11th day of August, 1992, by hand to:

WALTER T. CHARLTON
2009 N. 14th Street
Suite 410
Arlington, Virginia 22201.

JEFFREY H. SPRUNG, D.C. BAR #384880
Assistant United States Attorney
Judiciary Center
4th Floor – Room 4120
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7190

United States Attorney

District of Columbia

*Judiciary Center*
*555 Fourth Street, N.W.*
*Washington, D.C. 20001*

December 18, 1992

BY FACSIMILE

Walter T. Charlton, Esq.
2009 North 14th Street
Suite 410
Arlington, Virginia 22201

Re: Chennareddy v. Bowsher, Civil Action No. 87-3538

Dear Mr. Charlton:

We have received your letters of December 4 and 15, 1992. In correspondence and an affidavit, you have alleged that the discovery responses of the General Accounting Office (GAO) provided on computer disks are "missing" data that they "were supposed to contain," Affidavit of William A. Mullen dated November 14, 1992 at 1, resulting in "serious problems," Letter dated December 4, 1992 from Walter T. Charlton to Jeffrey T. Sprung. You have made similar allegations in court filings.

After reviewing the basis for your allegations, we have concluded that they are unfounded. You also have requested additional computerized data from GAO. Accordingly, in addition to responding to the allegations described above, we address below whether, and under what time frame, we can produce the data you request.

As you are aware, we have provided three separate productions of data on computer disks in this action. The first production was in October 1989 in response to number 7 of plaintiffs' first set of interrogatories, which requested "'employment information' . . . pertaining to the fiscal year ended 9/30/88." You subsequently informed us that you wanted data for the periods ending March 31, 1988 and March 31, 1989. GAO produced the requested information on a disk entitled Ad-Hoc 89-186, sorted by year, grade, and name.

REPLY EXHIBIT
0000000025

Walter T. Charlton, Esq.
December 18, 1992
Page 2

The second production, provided in November 1989, responded to number 9 of plaintiffs' first set of interrogatories and consisted of a set of 19 disks entitled Ad-Hoc 89-198. These disks were in response to your request for extensive employee-specific information for GS-11 through -15 (or equivalent band) employees employed between January 1, 1983 and July 1, 1989. The request did not seek data sorted by year.

The third production, provided in August 1992 in response to number 23 of plaintiffs' fourth set of requests for production of documents, was a set of four disks entitled AH92009A.DAT. It responded to your request for "an update of all employment information . . . previously furnished," and it contained employment histories for GS-12 through GS-15 and Band I, Full Performance through Band III employees from July 1989 through March 1992. This third production of employment histories updated the more extensive of your two requests, the second production described above, and like that production it was not sorted by year.

We now turn to the allegations made by you regarding GAO's productions.

1. 1988 Year Data. You allege in your December 4 letter that "[d]ata for the year 1988 is missing" from the third production. This assertion apparently is based on your belief that our third production was required to consist of an update of the first production.[1] The language of your third request is imprecise and ambiguous, however, and we construed it as seeking an update of the second request, which sought far more extensive information, for the period post-dating July 1, 1989. This appears you now believe that your allegation was based simply on a misunderstanding, we see no basis for shifting to GAO responsibility for the imprecise language in your third production request.

We recognize that you now want computerized data updating our first production, separated by years. This is not a request that you previously made expressly to GAO. Furthermore, you can derive the information you seek from the data provided in the production request.

---

[1] Even this explanation does not completely eliminate the confusion, however, because our first production included data for the period ending March 31, 1988 and March 31, 1989, and it thus included 1988 data.

REPLY EXHIBIT

AOAO000026

Case 1:06-cv-01002-EGS-DAR   Document 42-2   Filed 06/06/2008   Page 15 of 20

Case 1:87-cv-03538-EGS-DAR   Document 368-4   Filed 02/11/2008   Page 3 of 5
Case 1:87-cv-03538-EGS   Document 335-3   Filed 06/10/2005   Page 4 of 6

Walter T. Charlton, Esq.
December 18, 1992
Page 3

second and third productions. Nevertheless, in an effort to expedite the resolution of these discovery issues, we will update the first production for the years not previously provided, from March 31, 1989 through March 31, 1992, for GS-12 through GS-15 employees and Band I, Full Performance through Band III employees. However, it will require GAO approximately 30 days, until January 15, 1993, in which to compile this data and provide it to you. With regard to format issues, please see paragraph 2 below.

2. **Changes in Format.** In your December 4 memorandum, you contend that GAO responded improperly to the third production request, because the data was provided in a different format than the format used in the first and second productions. The data in the third production was provided in the format in which it is kept by GAO. This production accordingly fully complied with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 34(b) ("[a] party who produces documents for inspection shall produce them as they are kept in the normal course of business"). The difference in formats was caused by a change in October 1988 in the system in which GAO personnel records were kept, from the Automated Personnel Accounting System (APAS) to the National Finance Center (NFC) system. All the fields of information retrievable from the APAS data disks are contained on the NFC data disks, although a different method may be required to retrieve the same information from each.

We are not required to reformat or run analyses of data in responding to your discovery requests, notwithstanding your request that we do so. Accordingly, the update of the first production will be in the NFC format. We have determined that we cannot provide post-1988 data to you in the earlier format without incurring a substantial expense.

3. **Missing "Date of Last Promotion".** In your December 4 memorandum, you allege that the third production omitted "the date of the last promotion." Your complaint springs, however, from the format change. Although this information is not -- and is not required to be -- provided in the same format as the earlier responses, it is included in the data we provided you. While the APAS system had a data element that was entitled "date of last promotion", the NFC system does not have that same data element. However, the NFC system does have a data element entitled "effective date" that identifies the effective date of an employees' last promotion. You can identify the effective date of an employee's last promotion by selecting "nature of action code" 702. In this way, you can obtain information concerning the "date of the last promotion" from the third production.

Case 1:06-cv-01002-EGS-DAR    Document 42-2    Filed 06/06/2008    Page 16 of 20

Case 1:87-cv-03538-EGS-DAR   Document 368-4   Filed 02/11/2008   Page 4 of 5
Case 1:87-cv-03538-EGS   Document 335-3   Filed 06/10/2005   Page 5 of 6

Walter T. Charlton, Esq.
December 18, 1992
Page 4

4. **Data Blanks.** Finally, you contend that data from the third production for persons who have left GAO contain "blanks" for all employment transactions regardless of when they left, for years after 1983. We have not found that the data provided in our third production contains erroneous "blanks". Nevertheless, on November 13 we provided you with a second copy of the disks that comprised the third production.[2] If you continue to believe that this is a problem, we can discuss this further on a conference call involving our computer consultants.

5. **Timing of New Production.** As explained above, we cannot provide the new information you have requested within 20 days, as you sought in your December 15 letter. We will be able to provide you this data by January 15, 1993.

For your information, we recently discovered that data after SSN 193300948 cannot be accessed in the disks provided in the second production. GAO currently is correcting these errors, and we will provide corrected disks to you when the errors have been eliminated. We note that this information was contained in the print-out provided to you as part of the second production. You have informed us that you currently are not using data from the second production in preparing your responses to our interrogatories or your motion for class certification. December 15 letter at 1. Nevertheless, we expect to have corrected data by January 15.

---

2   As we have explained to you, the third production is an update of the second production covering employment histories from July 1989 through March 1992. We used the identical Social Security Number (SSN) list from the second production to update the information for the third production. Therefore, if an employee separated from GAO prior to July 1, 1989, his or her SSN would be listed in the third production but would not be accompanied by data. For example, Mr. Mullen noted in his affidavit that he was not able to obtain data from his SSN in the third update. However, Mr. Mullen retired from GAO in January 1989, prior to the period updated in the third production. Therefore, no employment data would be provided for him in the third production.

Walter T. Charlton, Esq.
December 18, 1992
Page 5

If you have any remaining questions concerning our data production, please contact AUSA Sprung at (202) 514-7190.

Sincerely,

JAY B. STEPHENS
United States Attorney

BY: *[signature]*
JOHN D. BATES
Chief, Civil Division

REPLY EXHIBIT

000000029

United States Attorney

*District of Columbia*

**FILE COPY**

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 7, 1994

Walter T. Charlton, Esq.
Walter T. Charlton and Associates
2009 North 14th Street, Suite 410
Arlington, VA 22201

Re: <u>Chennareddy v. Bowsher</u>, Civil No. 87-3538 (D.D.C.)

Dear Mr. Charlton:

This is in response to your letters dated January 24 and 25, 1994. As you know, I was in trial from January 24 - 31, 1994, and thus had no opportunity to respond to you in writing.

Let me first address your concerns regarding the information defendant produced on January 24, 1994. You state that the computer disks and accompanying documents do not provide you with information concerning persons promoted during the years covered by the information provided. However, as I explained to you on the telephone last week, it is my understanding that this information can be retrieved from the disks provided as long as the appropriate codes are used. I gave you the name and telephone number of agency counsel Edda Emmanuelli-Perez, who offered to put you in touch with a computer analyst for the agency who will assist you in retrieving the information sought. Please let me know if you need further assistance on this matter.

With respect to the delay in your receipt of defendant's supplemental responses to plaintiff's fourth set of requests for production of documents, as I explained to you on the telephone last week, the agency has informed me that they provided the information to our office in November 1993. I have not been able to determine what happened to it between that time and my receipt of it in the beginning of January. The delay in my releasing the information, as I explained to you, was caused by my having just inherited the case and my inability to become familiar with the case sufficiently quickly in light of the preparations needed for the medical malpractice trial I started on January 24, 1994. I apologize for the delay in your receipt of the information and can assure you that the delay was not prompted by any attempt to

prejudice plaintiffs' case.

You have also requested to know our position regarding your desire to pursue discovery of the two expert witnesses we relied upon for our opposition to plaintiffs' motion for class certification. As I told you by telephone, it was my understanding that the discovery period in this case had closed. However, we will not oppose your request to reopen discovery in order to pursue your request on the class certification issue. Your request for an accelerated response to plaintiffs' seventh set of interrogatories is almost moot, in light of the fact that our response could be considered due on January 14, 1994. I say "could be" because you filed plaintiffs' requests before moving to extend the discovery period, which had already closed. Although we will attempt to provide responses by February 14, 1994, I will oppose your request to accelerate our responses. I never represented to you that my agreement for an extension of time for discovery included an agreement to accelerate our response to plaintiffs' interrogatories.

In both of your recent motions you represent that defendant has failed to respond to your discovery requests concerning expert witnesses. Please fax to me the discovery requests that you have represented to the Court we have failed to respond to.

Finally, as you agreed last week, I am moving for an extension of time in which to respond to plaintiffs' request for an evidentiary hearing on the class certification issue. I will be out of the office tomorrow, on jury duty in Superior Court. Please feel free to call me Wednesday if you wish to discuss any of these matters.

Sincerely,

Marina Utgoff Braswell
Marina Utgoff Braswell
Assistant U.S. Attorney

**GAO**

United States
General Accounting Office
Washington, D.C. 20548

Office of the General Counsel

February 17, 1994

Walter T. Charlton
2009 N. 14th Street
Suite 410
Arlington, Virginia 22201

BY FACSIMILE & MAIL

Re: Chennareddy v. Bowsher, C.A. 87-3538

Dear Mr. Charlton:

This is to confirm that the General Accounting Office (GAO) will re-run the computer disks for fiscal years 1990, 1991 and 1992 as discussed by your client, William Mullen and Don Phillips, GAO. Mr. Mullen and Mr. Phillips have identified the specific difficulties Mr. Mullen has encountered in working with the computer data and GAO's contractor has determined how to address those difficulties. Specifically, since you cannot convert the data we provided using your software, we will provide the data in a dbase format.

Therefore, in order to facilitate discovery in this case, we will re-run the computer disks and provide them to you as soon as they are completed. GAO's contractor has indicated that this should be completed by the end of next week.

Thank you for your cooperation.

Sincerely,

Edda Emmanuelli-Perez
Senior Attorney

cc: Don Phillips
    Marina Braswell