# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| James D. Moses ) | |
|     For himself and ) | Case No.    1:87 CV 03538 (EJS, DAR) |
|     All others similarly situated ) | |
| ) | |
|     Plaintiffs ) | |
|         V. ) | |
| ) | |
| Gene Dodaro, Acting ) | |
| Comptroller General of the United States, ) | |
| Government Accountability Office (GAO) ) | |
| ) | |
|     Defendant. ) | |

| | |
|---|---|
| Arthur L. Davis, et al ) | |
|     For himself and ) | Case No.    1:06 CV 01002 (EJS, DAR) |
|     All others similarly situated ) | |
| ) | |
|     Plaintiffs ) | |
|         V. ) | |
| ) | |
| Gene Dodaro, Acting ) | |
| Comptroller General of the United States, ) | |
| Government Accountability Office (GAO) ) | |
|     and ) | |
| Paul M. Coran, Chair ) | |
| The Personnel Appeals Board ) | |
|     of the GAO, (PAB) ) | |
|     Defendants. ) | |

| | |
|---|---|
| James D. Moses ) | |
|     For himself and ) | Case No.    1:06 CV 01712 (EJS, DAR) |
|     All others similarly situated ) | |
| ) | |
|     Plaintiffs ) | |
|         V. ) | |
| ) | |
| Gene Dodaro, Acting ) | |
| Comptroller General of the United States, ) | |
| Government Accountability Office (GAO) ) | |
|     and ) | |
| Paul M. Coran, Chair ) | |
| The Personnel Appeals Board ) | |
|     of the GAO, (PAB) ) | |
|     Defendants. ) | |

**OBJECTIONS AND APPEAL FROM MAGISTRATE
JUDGE'S ORDER DATED JUNE 24, 2008, DENYING PLAINTIFFS'
REQUEST FOR DISCOVERY**

Pursuant to F.R.Civ. P. 72(a), plaintiffs hereby object to Magistrate Judge's Minute Order denying plaintiffs' request for discovery.  The Magistrate Judge ruled that plaintiffs "failed to identify any nexus between the discovery.... and the issues presented by the Motions to Intervene" (Attachment).

**Basis for Reversal of Minute Orders Denying Discovery**

The following points are submitted in support of plaintiffs' request for discovery:

1.  Apart from, and more significant than plaintiffs' motions for intervention, is the continuing denial by defendant that it has personnel evidence which would show age bias.  This denial is most recently found in defendant's submission, dated 6-03-08, in which they oppose applicants' intervenors' requests for discovery.  In Exhibit B, footnote 4, defendant GAO maintains as follows:

> Applicant intervenors' imply that prior to the May 16, 2008 deposition of Robert Mowbray (a GAO employee) the GAO had hid (sic) the fact that it possesses electronic data files containing employee personnel data..... That assertion is demonstrably false.

Contrary to the above assertion, plaintiffs' have continually and clearly stated that defendant General Accountability Office has willfully withheld material personnel evidence.  That evidence consists of detailed computer personnel files for each employee during the relevant period, from which crucial data disclosing age bias can be elicited.

The factual evidence to be extracted from the GAO computerized personnel files (the Mowbray files) is as follows:

(1) Age
(2) Race
(3) Gender
(4) Educational Level
(5) Job Series (description)
(6) Grade or Band
(7) Office location, or division
(8) Length of Service
(9) Performance Rating

(10) Application for Promotion  (Y or N)
(11) Series Number in Position Announced
(12) Best Qualified List (Y or N)
(13) Promotion or Not (Y or N)
(14) Special Achievements
(15) Year of this data
(16) Data Supporting Def's Decisions
(17) Other relevant data

2

Defendant's long-time failure to acknowledge the ability of GAO computers to extract relevant data, is not the first instance of defendant's withholding critical information. (See footnote # 1 below of the opinion of the United States Court of Appeals for the District of Columbia Circuit regarding GAO's lack of candor in the instant action)**[1]**.

Not only is the requested information relevant to plaintiffs' allegations of discrimination, but it also supports applicant intervenors, in that their claims are the same as those of the plaintiffs**[2]**.

2. During the status call on December 7, 2007 of the remanded Chennareddy case (87-3538 EJS, DAR), this Court recognized plaintiffs' right to discovery and clearly enunciated from the bench that it (discovery) would occur. The Magistrate's minute order, undisturbed, would undercut this Court's pronouncement on the subject. Furthermore, and as noted above, to prevent discovery at this juncture, would hinder intervenors' ability to prove bias transactions identical to those of the existing plaintiffs (one of the elements of intervention).

---

[1] ***Chennareddy, et al v. Bowsher***, 87-3538, upon appeal in ***Chennareddy v. Bowsher***, 935 F.2d 315, 320, 56 Fair Empl.Prac.Cas. 127, 56 Empl. Prac. Dec. P 40, 846, 290 U.S.App.D.C. 149, (D.C. Cir., June 11, 1991).

Page 320 ......
"We are troubled by GAO's failure to bring 4 C.F.R. Sec. 28.51(c) to the District Court's attention. An agency of the United States, like an attorney practicing before the court, has an affirmative duty to inform the court of controlling precedents, including the agency's own rules and regulations. We hope GAO's failure to apprise the District Court of its regulations governing ADEA claims in the present case was an oversight and not an attempt to either gain a strategic advantage over Chennareddy on appeal by arguing waiver, or to *mislead the District Court*. Nonetheless, we find GAO's failure to cite its own regulations before the District Court another reason to reject GAO's waiver argument". [*emphasis added]*

[2] Each unfair rating that correlates with age and each resulting denial of a promotion contained in the computerized data sought is an event, an identifiable "transaction". F. R. Civ P Rule 24(a)(2) provides:

(a)  On timely motion, the court must permit anyone to intervene who:....
  (2)  claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest.....

3

3.  In a Supreme Court case recently decided (June 19th, 2008) and so strikingly similar in its fact pattern to the allegations of the instant claims, that court has altered the burdens of proof in age cases.  It held, that an employer defending a disparate-impact claim under the ADEA bears both the burden of production and the burden of persuasion for the "reasonable factors other than age" (RFOA) affirmative defense under § 623(f)(1) pp.5-17.  ***Meacham et al v. Knowlls Atomic Power Laboratory, aka Kapl, Inc., et al*** No. 06-1505 (2008).

Under the ***Meacham*** decision the defendant must now articulate a defense disclosing reasonable factors other than age as affirmative defenses.  GAO has never done this as of this date, despite the fact that plaintiffs have alleged prima facie cases[3].

Under the Supreme Court's ruling in ***Meacham***, defendant GAO must <u>now</u> produce documentation and carry the burden of persuasion to show that its actions or inactions regarding personnel promotions or retention were for bona-fide occupational qualifications (BFOQ) reasons (Id., ¶ II A).

4.  Finally, the Federal Rules pertaining to discovery (F.R.Civ.P. 26, et seq) are to be liberally construed, in that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to admissible evidence ***Hickman v. Taylor***, 329 U.S. 495, 501 (1947).  The Magistrate Judge's ruling denying discovery and requiring a "nexus" between the discovery and the issues in the motions to intervene, appear to be an overly restrictive view of the Federal Rules and its purposes.  Furthermore, the evidence sought is readily available and as previously noted in paragraph 1, relevant and determinative of the motions to intervene.

---

[3]  As a matter of fact, to date defendant has never filed an answer to the Fourth Amended Complaint, Chennareddy et al v. David M. Walker, 87-3538 (EJS, DAR).

**Conclusion**

In light of the foregoing facts and authorities, the Magistrate's minute order should be overruled. And plaintiffs' request for production should go forward and be completed prior to the hearing on the motions to intervene. Further, defendant is required, under *Meacham, supra*, to produce evidence of "reasonable factors other than age" that would support any affirmative defenses to plaintiffs' complaints. Both sets of documents requested are at the epicenter of the instant actions. And their production will accelerate the resolution of these claims.

An expedited ruling on this appeal is thus requested.

Respectfully submitted,

_____/s/ charltonw 2428_____
Walter T. Charlton, D.C. Bar # 186940
Counsel for All Plaintiffs and the Putative Class(es)
230 Kirkley Road, Annapolis, Maryland 21401
Telephone 410 571 8764, Fax 410 897 0471
Email, charltonwt@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the above objections and appeal of the Magistrate's ruling in this case on the 30th, day of June, 2008 in the ECF system of the court, with the expectation that copies would be served upon the following counsel of record.

Christopher B. Harwood, AUSA
555 Fourth St., N.W.
Washington, D.C. 20530

Heather Graham-Oliver, AUSA
555 4th, Street, N.W. , Room 4808
Washington, D.C. 20530

Harry B. Roback, AUSA
501 Third Street, N.W.
Washington, D.C. 20530

/s/ charltonw 2428

5

# ATTACHMENT

Docket Text:*

**MINUTE ORDER**: Hearing with respect to Plaintiffs motion to intervene (Document No. 364) scheduled for 9:30 a.m. on Tuesday, July 22, 2008 in Courtroom 4 before Magistrate Judge Deborah A. Robinson.  Plaintiffs request for leave to conduct discovery prior to the hearing is hereby denied, the undersigned finding that Plaintiffs counsel has failed to identify any nexus between the discovery which he seeks (see Joint Status Report, Document No. 379 at 2-4) and the issues presented by the motions to intervene. (EW)

* This virtually identical Minute Order was filed by the Magistrate in all three class action cases, 87-cv-3538 (EJS,DAR),  06-cv-01002 (EJS, DAR), and 06- cv- 01712 (EJS,DAR).