IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>**Gene Dodaro, Acting**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    and<br>**Paul M. Coran, Chair**<br>**The Personnel Appeals Board**<br>    of the GAO, (PAB)<br>    Defendants. | Case No.   1:06 CV 01712 (EJS, DAR) |
| **Arthur L. Davis, et al**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>**Gene Dodaro, Acting**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    and<br>**Paul M. Coran, Chair**<br>**The Personnel Appeals Board**<br>    of the GAO, (PAB)<br>    Defendants. | Case No.   1:06 CV 01002 (EJS, DAR) |
| **Venkareddy Chennareddy, et al**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>**Gene Dodaro, Acting**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br><br>    Defendant. | Case No.   1:87 CV 03538 (EJS, DAR) |

**PLAINTIFFS' OBJECTIONS AND APPEAL OF MAGISTRATE
JUDGE'S RULING DENYING MOTIONS TO INTERVENE
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24 (a) AND (b)**

1

Plaintiffs and applicant intervenors in each of the above captioned cases hereby object to the Magistrate Judge's denial of intervention for each applicant intervenor on the grounds herein stated. Those intervenors who will be divested of all or a part of their rights of equal employment opportunity by this action are: Robert W. Wagner, Jr, Arthur L. Davis, James D. Moses and Jimmie Gilbert. All except Mr Moses are former employees of the defendant, the United States Government Accountability Office (GAO). They object for themselves and all others similarly situated, numbering about 200 employees and former employees who have been divested of their rights to equal employment opportunity under the Age Discrimination in Employment Act of 1967, as amended (ADEA).

Plaintiffs and applicant intervenors Objections and Appeal follow.

### OBJECTIONS TO THE MAGISTRATE JUDGE'S RULING:

**1.** The Magistrate Judge did not have the authority to rule upon the denial of these motions to intervene because the denial of intervention are dispositive matters. Denial would divest each of the applicant intervenors (and all of the about 200 members of the class or classes they seek to represent) of valuable claims as a matter of judgment on the pleadings. This loss will become a *de facto* summary judgment upon the finalization of this ruling. This result violates Local Civil Rules 72.2 (a) and 72.3 (a).

**2.** Appellants respectfully disagree with the merits of the Magistrate's decision on the Motion(s) to intervene. F.R.Civ. P. Rule 24 (a), requires the Court to grant intervention as a matter of right if all of the elements of the rule are met. Here, plaintiffs and intervenors motions are based upon facts which they have averred under oath. A key allegation here is that the transactions and environment of the plaintiffs and the proposed intervenors are not just similar, but a virtually "identical" situation and transactions affecting the civil rights of the applicant intervenors. This identity of situation requires the Court to allow intervention of right, in accordance with Rule 24 (a). The Magistrate did not even address the key point of identity of

situation and transactions for both plaintiffs and applicant intervenors in the Magistrate's ruling (Exhibit 1, Attached).

    **3.** There was an improper inference of untimeliness in the Motions of Intervenors. Untimeliness cannot be an issue under the facts of record of this case. No part of the 20 year delay of this case is attributable to any failing of the plaintiffs. On the contrary, that delay was caused entirely by the failure of the GAO to be candid with the plaintiffs (and the Court) during the years long discovery process in this case. These facts are now well known and clearly before this Court. Additional proof on the merits and abuses of GAO alleged by plaintiffs is now being gathered. That additional proof is in the form of discovery requests served upon GAO on August 5th, 2008. This discovery matter is therefore directly relevant to the issue now before this Court in that the overall situation and identity of transactions will be proven to be the same for all plaintiffs and these intervenors. That fact is determinative of intervention of right, pursuant to F.R.Civ P 24(a)(2). Any dismissal while those facts are in the least indeterminate is improper and out of sequence.

    **4.** The action of the Magistrate was premature in deciding the motions to intervene before the results of the discovery based upon newly disclosed determinative facts is known. Those results are reasonably expected to support plaintiffs' and intervenors position that the intervention under Rule 24(a) intervention of right is completely justified. But to require proof before discovery is contrary to the burdens imposed by the Federal Rules of Civil Procedure, with respect to determinative matters. For example, summary judgment or dismissals of claims before discovery is completed must always be decided to most favor the non-moving party. The Magistrates rulings thereby violate the procedural rules for burdens involving dismissal of claims.

    **5.** The Magistrate's decision was erroneous on the merits, as to plaintiffs and intervenors' allegations of transaction and situation similarity (with respect to Rule 24

intervention). The identity of transactions required by Rule 24 has nothing at all to do with class certification. Rule 24 (a)(2) states:

(a)...... the Court **must** permit anyone to intervene who:

> (2) claims an interest related to the property or transaction that is the subject of the action, and is so situated that disposing of the action **may**, as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> [emphasis added]

**6.** The Magistrate judge ruled based, upon an unsupported, unspecified and incorrect finding that "the proposed intervenors have failed to make the showing required by the rule." First, the Rule does not contain any requirement of a "showing". Second, in the absence of discovery (as here) all factual allegations of the plaintiffs must be taken as true. Plaintiffs, in their complaints, and in the motions to intervene have in fact alleged, averred, and met, all necessary elements required to prevail under both Rule 24 (a) and (b). And as to the allegations of meeting all of the elements required by Rule 24, plaintiffs allegations are uncontradicted. There is simply no support nor any valid argument by GAO as to any "missing element" in intervenors' application or failure to meet a requirement of Rule 24.

Plaintiffs alleged identity of situation and transactions, and alleged that they would be harmed if they were not a part of the case to defend their position (and the position of the class they seek to represent, of about 200 additional putative class members).

**7.** The Magistrate infers (by reference to 10 year old decisions of the Court to deny class certification, *although the denials were without prejudice*) that there is some untimeliness on the part of the intervenors in the conclusion of the Magistrate Judge.

**8.** The reference to plaintiffs "effort to obtain reconsideration of various rulings having to do with class certification, some of which are ten years or more removed from today's proceedings", is objectionable and unwarranted. GAO's now effectively admits its failure to be candid with the Court as to the existence of electronically stored personnel data. That data is known to be inimical to GAO's duty to disclose, and denial of the existence of adverse

information known to exist.  By anyone but a government attorney, these failures would be sanctionable.  When committed by GAO the abuses are, or should be sufficient to invoke equitable tolling of all even arguably untimeliness defenses by GAO.  For this reason, equitable tolling and equitable estoppel are appropriate for application to all of GAO's pleadings and false positions.

## ARGUMENT

**I.  Local Civil Rules 72.2 (a) and 72.3 (a) Prohibit this Ruling by the Magistrate Judge:**

L CvR 72.2 (a) provides that:

> (a)....a magistrate judge may hear and determine any pretrial motion or matter other then those specified in LCVR 72.3...

L CvR 72.3. (a)(3) provides that:

> (3) motions for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted , or otherwise to dismiss an action involuntarily;

The above section of LCvR 72.(a)(3) prohibits this ruling by the Magistrate Judge with respect to Mr. Wagner (and the class he seeks to represent).  Similarly, the Motions of Davis, Moses and Gilbert to intervene into the Chennareddy putative class action case, if denied, divests each of them of rights to equal employment for the entire time they have been attempting to intervene, until they filed their own cases.  Thus, a de-facto judgment on the pleadings results as to each intervenor, for Wagner, Davis, Moses and Gilbert, and all members of any class they seek to represent.  This is a massive dismissal of all rights contrary to the intent of LCvR 72.3.  Thus, to the extent any rights of any one of the applicant intervenors are forfeited by the dismissal of this part of their cases, on these pleadings, a partial summary judgment is a de facto result.

**II. The Rights of Mr. Wagner (and the Class he seeks to represent) will be forfeited by this Action; this is a Dispositive Action beyond the power of the Magistrate to Enter:**

Mr. Wagner seeks to intervene into the Moses putative class action. He also claims a right to relief as a putative class member of the Chennareddy, et al class. He, as an intervenor is not required to exhaust administrative remedies, or to give a 30 day notice of intent to sue. But he has attempted to complain. He did so by notification to GAO in a timely fashion. He then, receiving no relief, requested intervention into this existing case. If intervention is denied, the matter is dispositive as to him, and as to the about 200 putative class members similarly situated to him. The rule cited above is violated by the actions of the Magistrate Judge.

Mr. Wagner also was aware of the on-going Chennareddy putative class action, and the fact that he was a member of the putative class for many years. Without intervention, those rights also will be lost, except in the event (problematic at this time) that class certification is granted. But the rule does not require an absolute divestiture of rights, only that rights *may* be lost. Therefore, the Magistrate's order is beyond the scope of the power of the Magistrate to enter.

**III. The Rights of Messrs. Moses, Davis and Gilbert, and the Class or Classes they Seek to Represent will Be divested by the Magistrate's Ruling. Therefore, that Ruling is Beyond the Scope of the Magistrate to Enter:**

Messrs. Davis, Moses and Gilbert began to complain about perceptions of bias in the year 1999. They attempted on numerous occasions to join, by intervention the Chennareddy class action, case # 87-3538 against their employer, GAO. They all filed administrative complaints which were not acted upon. Finally, after filing the requisite notices of intent to sue they filed their own class complaint.

## IV. Intervention Should Be Permitted

The motions to intervene were filed in all of these related cases pursuant to the requirements of Federal Rule of Civil Procedure Rule 24. Applicant intervenors were a new applicant intervenor, Mr. Robert W. Wagner, Jr., who seeks intervention into the latest case filed, Moses v Walker, et al # 06-01712 (EJS, DAR); and Messrs. Davis, Moses and Gilbert who seek to intervene into the earliest case filed Chennareddy, et al v. Walker, # 87-03538 (EJS, DAR).

All applicant intervenors, for themselves and the putative class or classes they seek to represent, claim[1] that the basic underlying complaints, and the invidious pattern and practices complained about in all of these cases are not just similar, but virtually identical. They claim a hostile work environment for age bias amounting to a virtual bar to all advancements, once a magic age of maturity (about 50) is reached.

Under the applicable case law, if the similarity of events, or the "transactions" complained about are sufficiently similar, and the applicant intervenor will be adversely affected by the outcome of the case if intervention is disallowed, intervention must be grated. Under F. R. Civ. P. Rule 24 (a)(2), in this circumstance, where the application for intervention is deemed timely, intervention of right requires the Court to permit intervention.

## V. Equitable Tolling and Equitable Estoppel Should Bar GAO From Invoking any Untimeliness Defenses to Bar Intervention:

No inquiry has yet been made into GAO's bad faith conduct in denying access, for more than 20 years to dispositive personnel information. GAO not only failed to disclose dispositive information, it misinformed the Court that such did not exist. The interminable delays resulting created, among other great prejudices to plaintiffs and all putative class members, the denials of

---

[1] See the separate individual complaints of each plaintiff and each intervenor. All claim an identical pattern of ADEA discrimination including a bar to advancement, promotions, and retention amounting to a hostile work environment on an across-the-board basis for over 20 years. All are long-term employees. All will be divested of at least some rights by the denial. Mr. Wagner, and the class he seeks to represent will be totally stripped of his rights if intervention is denied. Davis, Moses and Gilbert, and the class or classes they seek to represent will be greatly diminished in the temporal scope of their own complaints.

class certification. Since class certification was repeatedly denied based upon false representations of no bias, and no similarity, there arose a need for intervenors to apply for intervention simply to protect themselves. All of this expensive and deplorable delay is attributable solely to GAO's failure to meet its clear duty to be candid with this Court.

With this background, any allegation or statement or inference of untimeliness by plaintiffs should be deemed outrageous, dishonest, made in bad faith, and barred by equitable considerations.

The defendants have consistently failed to produce the requested "electronic materials" -- which they have a duty to produce, and have not been candid with the Court by denying the existence of these discoverable materials-on this subject-for over 20 years. The substantive evidence has still not been produced. If it was, all of the intricacies of this case would simply evaporate[2].

**CONCLUSION:**

The Appeal should be granted. In the event intervenors do not succeed in their intervention motion, each of them stand to lose substantive rights, and the class they seek to represent stands to lose substantive rights. Therefore, these motions are dispositive matters, the matters to be considered dispositive are all of their claimed rights to equal employment treatment for all years involved. Therefore, it cannot be successfully argued that the denial of intervention is a non-dispositive motion.

For the above reasons, the Magistrate's Order is beyond the scope of the power of the Magistrate to enter, and must be vacated. All of the elements of intervention of right having been met, and the motion being timely, intervention should be allowed as "intervention of right" under

---

[2] On August 5th, 2008, the plaintiffs most recent set of discovery (the first since reassignment of judges) for the underlying case was served upon defendant's counsel. That discovery requests the production of the electronically stored information which will not just "show" that plaintiffs and intervenors have met the requirements of Rule 24, but prove the existence of that identity of transactions and situation beyond any reasonable doubt-with GAO's own data.

rule 24(a). Equitable tolling or equitable estoppel are appropriate in this case, hence timeliness defenses by the defendant(s) are inapplicable:

**REQUEST FOR HEARING:**

A HEARING ON THIS APPEAL IS RESPECTFULLY REQUESTED.

Respectfully submitted,

Signed, *charltonw2428*

Walter T. Charlton, Attorney for Plaintiffs
D.C. Bar # 186940
Walter T. Charlton & Associates
230 Kirkley Road, Annapolis, Md 21401
Phone 410 571 8764, Fax 410 897 0471
charltonwt@comcast.net

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that he filed the above Objections and Appeal of the Magistrate Judge's Denial of Motions to Intervene Filed by plaintiffs, joined by applicant intervenors in the afore-captioned case on the 5th day of August, 2008 in the ECF system of the court. The errata to the Objections and Appeal was filed on August 9, 2008. Both documents were filed with the expectation that copies would be served upon the following counsel of record:

Christopher B. Harwood,
AUSA 555 Fourth St., N.W.
Washington, D.C. 20530

Heather Graham-Oliver, AUSA
555 4th, Street, N.W. , Room 4808
Washington, D.C. 20530

Harry B. Roback, AUSA
501 Third Street, N.W.
Washington, D.C. 20530

/s/ charltonw 2428

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **James D. Moses**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>**Gene Dodaro, Acting**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    and<br>**Paul M. Coran, Chair**<br>**The Personnel Appeals Board**<br>    of the GAO, (PAB)<br>    Defendants. | Case No.   1:06 CV 01712 (EJS, DAR) |
| **Arthur L. Davis, et al**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>**Gene Dodaro, Acting**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br>    and<br>**Paul M. Coran, Chair**<br>**The Personnel Appeals Board**<br>    of the GAO, (PAB)<br>    Defendants. | Case No.   1:06 CV 01002 (EJS, DAR) |
| **Venkareddy Chennareddy, et al**<br>    For himself and<br>    All others similarly situated<br><br>    Plaintiffs<br>        V.<br><br>**Gene Dodaro, Acting**<br>**Comptroller General of the United States,**<br>**Government Accountability Office (GAO)**<br><br>    Defendant. | Case No.   1:87 CV 03538 (EJS, DAR) |

## ORDER

1

The Court, upon consideration of the record of this case, and having considered the Appeal of Magistrate Judge Robinson's July 22, 2008 decision denying plaintiffs' and applicant intervenors' Motion to Intervene, and the Court finding that the intervention requested is a matter of right under the applicable Rule (Rule 24 (a)), and finding that there are no impediments of record to the intervention requests, and further finding that the allegations of the plaintiffs and intervenors are similar if not identical in the applicable facts as well as the causes of action alleged herein, now therefore the intervention is granted.

Messrs., Robert W. Wagner, Jr, James D. Moses, Arthur L. Davis, and Jimmie Gilbert are hereby granted intervention into the cases to which they have applied for intervention, along with all of the rights and duties applicable to each respective case.

_____
United States District Court
Emmet J. Sullivan, Judge