UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
VENKAREDDY CHENNAREDDY, et al.,    )
                                    )
         Plaintiffs,                )
                                    )
              v.                    )   Civil Action 87-3538 (EGS) (DAR)
                                    )
GENE L. DODARO,                     )
                                    )
         Defendant.                 )
_____ )


_____
                                    )
ARTHUR L. DAVIS, et al.,            )
                                    )
         Plaintiffs,                )
                                    )
              v.                    )   Civil Action 06-1002 (EGS) (DAR)
                                    )
GENE L. DODARO, et al.,             )
                                    )
         Defendants.                )
_____ )


_____
                                    )
JAMES D. MOSES,                     )
                                    )
         Plaintiff,                 )
                                    )
              v.                    )   Civil Action 06-1712 (EGS) (DAR)
                                    )
GENE L. DODARO, et al.,             )
                                    )
         Defendants.                )
_____ )

**DEFENDANTS' OPPOSITION TO THE APPLICANT INTERVENORS' APPEAL OF MAGISTRATE JUDGE ROBINSON'S JULY 22, 2008 DECISION DENYING THEIR MOTIONS TO INTERVENE INTO THE 1987 CHENNAREDDY ACTION**

On January 25, 2008, three individuals—Arthur L. Davis, James D. Moses and Jimmie Gilbert (the "applicant intervenors")—moved pursuant to Federal Rule of Civil Procedure 24 ("Rule 24") to intervene into Chennareddy, et al. v. Dodaro, No. 87-3538 ("Chennareddy"), a twenty-year-old putative class action involving claims of age discrimination against the Government Accountability Office (the "GAO"). (Chennareddy Dkt. 364.) The applicant intervenors filed similar motions to intervene into the Chennareddy action in their separately-filed putative class actions against the GAO, Davis, et al. v. Dodaro, et al., No. 06-1002 ("Davis"), and Moses v. Dodaro, et al., No. 06-1712 ("Moses"). (See Davis Dkt. 25, 35; Moses Dkt. 3.)[1] Defendants opposed each of the motions to intervene. (See Chennareddy Dkt. 367; Davis Dkt. 29, 36; Moses Dkt. 9.)

On April 29, 2008, Robert W. Wagner, Jr., a third party to each of the above actions, filed an additional motion to intervene. (See Moses Dkt. 54.) Unlike the applicant intervenors, Mr. Wagner did not seek to intervene into the Chennareddy action; rather, he sought to intervene into the Moses action. (See id.) Defendants opposed Mr. Wagner's motion to intervene. (See Moses Dkt. 59.)

On July 22, 2008, Magistrate Judge Robinson (the "Magistrate Judge") held a hearing on the applicant intervenors' motions to intervene into the Chennareddy action, as well as on Mr. Wagner's motion to intervene into the Moses action. At the conclusion of the hearing, and

---

[1] Two of the "similar motions to intervene" filed in Davis and Moses were in fact motions to consolidate, rather than motions to intervene. (See Davis Dkt. 25; Moses Dkt. 3.) However, the applicant intervenors' motions to consolidate seek the same result as their motions to intervene—the joining of the Chennareddy, Davis and Moses actions into a single action. Moreover, to date, all parties have treated the motions to consolidate as motions to intervene. (See Pls.' Objections & Appeal of Magistrate Judge's Ruling Denying Mots. to Intervene Pursuant to Fed. R. Civ. P. 24(a) and (b) ("Appeal Br.") at 7.) Thus, Defendants will continue to do so. In any event, the motions to consolidate and the motions to intervene are governed by similar standards. Compare Fed. R. Civ. P 24(b) with Fed. R. Civ. P. 42(a).

2

"[f]or the reasons articulated by the Defendants, both orally [at the hearing] and in writing," the Magistrate Judge denied the motions to intervene. (Hearing Trans. 41:11-15.)[2] "More specifically," the Magistrate Judge denied the motions to intervene because she found that "the proposed intervenors ha[d] failed to make the showing [for intervention] required by [Rule 24]." (Id. at 41:16-21.) The applicant intervenors and Mr. Wagner timely appealed the Magistrate Judge's July 22, 2008 decision denying the motions to intervene to this Court on August 5, 2008. (See Local Civ. R. 72.2.)

The D.C. Circuit has not addressed which standard of review applies to a magistrate judge's denial of a motion to intervene—de novo or clearly erroneous. See Perles v. Kagy, 394 F. Supp. 2d 68, 70 n.6 (D.D.C. 2005) (Kay, M.J.) (observing that the question of which standard of review applies to a magistrate judge's denial of a motion to intervene "is an open question," but concluding that "the correct standard [is] 'clearly erroneous'").[3] In any event, regardless of whether the applicable standard of review is de novo or clearly erroneous, this Court should affirm the Magistrate Judge's decision to deny the motions to intervene. As demonstrated below, the denial of the applicant intervenors' motions to intervene into the Chennareddy action was entirely correct because the applicant intervenors did not (and could not) establish that: (1) they satisfy the requirements of intervention under Rule 24; (2) they or anyone else would be prejudiced by the denial of their motions to intervene; or (3) intervention is in the best interests of those already parties to the Chennareddy action. The Magistrate Judge's decision to deny Mr. Wagner's motion to intervene into the Moses action was also correct. Defendants address the

---

[2] Citations in the form "(Hearing Trans. __)" refer to the transcript of the July 22, 2008 hearing on the motions to intervene, which is attached hereto.

[3] See also WFK & Assocs., LLC v. Tangipahoa Parish, No. 06-6684, 2007 WL 1537633, at *1-*2 (E.D. La. May 23, 2007) (reviewing a magistrate judge's denial of a motion to intervene under the clearly erroneous standard); United States v. W.R. Grave & Co., 185 F.R.D. 184, 187-88 (D.N.J. 1999) (same); United States v. Brooks, 163 F.R.D. 601, 603-05 (D. Or. 1995) (same).

decision on Mr. Wagner's motion to intervene in a separate brief that is being filed contemporaneously with this one.

## BACKGROUND

### A.   Chennareddy, et al. v. Dodaro

Plaintiffs in the Chennareddy action filed their initial complaint against the GAO in 1987 alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiffs claimed—and continue to claim—that they experienced a variety of discrete adverse employment actions while at the GAO as a result of their age. Plaintiffs sought to bring their ADEA action as a class action.

From 1989 to 1994, Plaintiffs conducted voluminous discovery on the issue of class certification. In March 1995, this Court (Penn, J.) denied Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 on the grounds that Plaintiffs had failed to show that: (1) there are questions of law or fact common to the putative class (the "commonality requirement"); (2) the claims of the representative parties are typical of the claims of the putative class (the "typicality requirement"); and (3) the representative parties will fairly and adequately protect the interests of the putative class (the "adequacy requirement"). (See Chennareddy Dkt. 202.) See also Fed. R. Civ. P. 23(a)(2)-(4). The Court first explained that Plaintiffs had failed to satisfy the commonality and typicality requirements because they had failed to show that the alleged "discrimination manifested itself in a particular employment practice leveled against all members of the proposed class." (Chennareddy Dkt. 202 at 4-9, 11.) The Court then stated that Plaintiffs had failed to satisfy the adequacy requirement because "there is a direct intra-class conflict amongst the members of the proposed class." (Id. at 10.) Specifically, the Court found

4

that members of the proposed class had participated in the personnel decisions that other members of the proposed class were challenging.[4] (Id.)

Following the denial of their motion for class certification, Plaintiffs moved for reconsideration of that decision. This Court (Penn, J.) denied Plaintiffs' motion for reconsideration in March 1999. (See Chennareddy Dkt. 256.) Since 1999, Plaintiffs have periodically attempted to renew their motion for class certification, but none of those attempts has been successful. Thus, the Chennareddy action has never been anything more than an individual action brought on behalf of twelve named Plaintiffs.

On January 3, 2008, Plaintiffs filed their Fourth Amended Complaint in which they made clear their intent to again raise the issue of class certification. The Fourth Amended Complaint alleges that for the last 20 years, the GAO has unlawfully discriminated against a class of "older experienced persons" principally on the basis of their age. (Chennareddy Dkt. 363 at 1.) Notably, Plaintiffs included in the Fourth Amended Complaint allegations concerning events that purportedly occurred at the GAO after January 3, 2006—including events relating to a pay-scale restructuring that went into effect on January 8, 2006 (the "2006 pay-scale restructuring")—despite the fact that no Plaintiff was employed at the GAO subsequent to January 3, 2006.[5] (See id. at 16-17; see also Chennareddy Dkt. 356 at 7-9 & attached declaration (discussing the 2006 pay-scale restructuring).)

---

[4] In denying Plaintiffs' motion for class certification, the Court observed that it "ha[d] the authority to narrow the class, divide the class members into subclasses or permit potential class members to opt out of the class." (Chennareddy Dkt. 202 at 11.) However, it found "that [those] measures would not cure the defects in this case" because Plaintiffs: (1) "would still have failed to identify a discriminatory practice or policy affecting promotion decisions at the GAO"; and (2) "would still be faced with a class . . . consisting [of] class members who participated in the very process they are challenging." (Id.)

[5] Plaintiff Venkareddy Chennareddy's retirement became effective on January 3, 2006. (Chennareddy Dkt. 364 at 2.) The other Plaintiffs separated from the GAO well before that date. (See Chennareddy Dkt. 356 at 9 & n.3.)

**B.     Davis, et al. v. Dodaro, et al.**

After several unsuccessful attempts to intervene into the Chennareddy action (none of which occurred before 1999),[6] in May 2006, the three applicant intervenors—Messrs. Davis, Moses and Gilbert—filed their own putative class action against the GAO alleging age discrimination pursuant to the ADEA.  The Davis action involves claims based on, inter alia, the 2006 pay-scale restructuring, as well as other events that allegedly occurred subsequent to the date when the last of the Plaintiffs in the Chennareddy action had separated from the GAO. (See, e.g., Davis Dkt. 1 at 10-11.) There is a fully briefed motion to dismiss pending in the Davis action.

**C.     Moses v. Dodaro, et al.**

In October 2006, one of the applicant intervenors, Mr. Moses, filed an additional putative class action against the GAO alleging age discrimination pursuant to the ADEA.  The Moses action, like the Davis action, involves claims based on events that allegedly occurred while no Plaintiff from the Chennareddy action was employed at the GAO, including events relating to the 2006 pay-scale restructuring.  (See, e.g., Moses Dkt. 1 at 1-2 ¶1.)  Of all of the plaintiffs in the Chennareddy, Davis and Moses actions, only Mr. Moses was employed by the GAO subsequent to January 3, 2006.  (See Chennareddy Dkt. 371 at 2.)  There is a fully briefed motion to dismiss pending in the Moses action.

## ARGUMENT

The Magistrate Judge properly denied the applicant intervenors' Rule 24 motions to intervene into the Chennareddy action.  Rule 24 provides for two types of intervention: (1) intervention of right; and (2) permissive intervention.  See Fed. R. Civ. P. 24(a), (b).  The

---

[6] (See Hearing Trans. 12:11-13 ("[T]he intervenors, Davis, Moses and Gilbert, began attempting to intervene into the Chennareddy case in 1999 . . . .").)

applicant intervenors failed to establish that they satisfy the requirements of intervention of right. (See infra Part A.) They also failed to establish that they satisfy the requirements of permissive intervention. (See infra Part B.1.) In any event, there were good reasons to deny the motions to intervene—the denial of the motions prejudices no one, whereas permitting intervention would delay and unnecessarily complicate the twenty-year-old Chennareddy action and, thereby, prejudice those already parties to that action. (See infra Part B.2.) Finally, each of the objections that the applicant intervenors have raised in their appeal brief to the denial of their motions to intervene is unavailing. (See infra Part C.)

### A. The Applicant Intervenors Failed to Establish that They Satisfy the Requirements of Intervention of Right

Intervention of right is allowed "[o]n timely motion" when: (1) "a federal statute" confers "an unconditional right to intervene"; or (2) the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the [applicant's] ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Here, the applicant intervenors failed to establish that they meet the requirements of intervention of right. There is no federal statute that grants the applicant intervenors an unconditional right to intervene into the Chennareddy action. Thus, to establish their right to intervene, the applicant intervenors were required to demonstrate, inter alia, that: (1) absent intervention, their interests would be impaired or impeded; and (2) they filed a timely motion to intervene. The applicant intervenors did not—and cannot—make either showing.

First, the applicant intervenors' interests will not be impaired or impeded absent intervention into the Chennareddy action. The Chennareddy action is, at present, an individual action brought by twelve Plaintiffs. No class has been certified; in fact, the Chennareddy

7

Plaintiffs' motion for class certification has been denied (twice). Thus, the disposition of the Chennareddy action could not possibly impair or impede the applicant intervenors' interests. Moreover, if this Court were to permit the Chennareddy Plaintiffs to renew their motion for class certification and a class were ultimately certified, then the applicant intervenors could (if they qualify) become part of that class. If no class is certified or if the applicant intervenors do not qualify for any class that is certified, then the applicant intervenors could simply continue to litigate their claims in their separate putative class actions. See Tripp v. Executive Office of the President, 194 F.R.D. 344, 347 (D.D.C. 2000) (denying motion to intervene because, inter alia, "the proposed intervenors already have a forum—their own case—in which to protect their interests"). Under no scenario will the disposition of the Chennareddy action negatively affect the applicant intervenors' ability to effectively litigate their claims.[7]

Notably, courts routinely deny motions to intervene into putative class actions (like the Chennareddy action) on the ground that the parties seeking to intervene cannot establish that their interests will be impaired or impeded absent intervention. See, e.g., Clark v. State Farm Mut. Auto. Ins. Co., No. 00-cv-01841, 2007 WL 1850996, at *4 (D. Colo. June 25, 2007) (denying motion to intervene because "the proposed intervenors may still protect their interests by qualifying as part of the class or by filing separate actions"); Jones v. GES Exposition Servs.,

---

[7] In their appeal brief, the applicant intervenors assert that the denial of their motions to intervene will prejudice them because it will preclude them from litigating claims based on events that occurred before they initially filed suit in Davis and Moses in 2006. (See Appeal Br. at 5, 7 n.1.) However, the denial of the motions to intervene will not affect whether the applicant intervenors can litigate such claims. If the applicant intervenors possess viable claims based on events that occurred prior to 2006, then absent intervention, they can assert (and have asserted) those claims in the Davis and Moses actions. If, however, such claims would fail if raised in the Davis and Moses actions, then they would likewise fail if intervention were granted and they were raised in the Chennareddy action. In other words, any defense that Defendants may have to the applicant intervenors' pre-2006 claims would be equally successful (or unsuccessful) regardless of whether intervention were granted or denied.

8

Inc., No. 02 C 6243, 2004 WL 2011396, at *8 (N.D. Ill. Sept. 7, 2004) ("[I]nasmuch as resolution of this case, in which no class has been certified, will not preclude the proposed intervenors from bringing their own suit, the proposed intervenors have not satisfied the 'impairment' requirement of Rule 24(a)."); In re Safeguard Scientifics, 220 F.R.D. 43, 48-49 (E.D. Pa. 2004) (denying motion to intervene as of right where no class was certified and the proposed intervenors "remain[ed] free to assert their claims by filing individual civil actions against [defendant]").

Second, the applicant intervenors have failed to establish that their motions to intervene were timely filed. "'[T]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.'" Smoke v. Norton, 252 F.3d 468, 471 (D.C. Cir. 2001). Here, the applicant intervenors acknowledge that they did not first seek to intervene into the Chennareddy action until 1999. (See Hearing Trans. 12:11-13; Appeal Br. at 6.) Yet, by 1999, the Chennareddy action had already been pending for twelve years, during which time Plaintiffs' motion for class certification had been denied (twice) and the issues for further litigation between the parties had been crystallized. The applicant intervenors have offered no explanation for why they waited twelve years to move to intervene into the Chennareddy action. Moreover, the Chennareddy action has now been litigated for more than twenty years by the same parties. The addition of new plaintiffs—with unique claims[8]—to the

---

[8] As stated above, of all of the Chennareddy Plaintiffs and applicant intervenors, only Mr. Moses was employed at the GAO subsequent to January 3, 2006. (See supra at 6.) Thus, he has standing to litigate claims—including claims based on the 2006 pay-scale restructuring—that no other Chennareddy Plaintiff or applicant intervenor has standing to assert. And, he has made

9

Chennareddy action at this late date would substantially confuse the issues to be litigated therein, delay final resolution of the action and, thereby, prejudice those already parties to the case. By contrast, as discussed above (and again below), the applicant intervenors are not prejudiced at all by the denial of their motions to intervene.[9]

      **B.**      **The Applicant Intervenors Failed to Establish that (1) They Satisfy the Requirements of Permissive Intervention or (2) Intervention is in the Best Interests of the Parties to the Chennareddy action**

Permissive intervention is allowed "[o]n timely motion" when: (1) "a federal statute" confers "a conditional right to intervene"; or (2) the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In deciding whether to allow permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The decision to grant or deny permissive intervention is left to the broad discretion of the district court. Environmental Defense v. Leavitt, 329 F. Supp. 2d 55, 66 (D.D.C. 2004) ("the court enjoys considerable discretion under Rule 24(b)"); see Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). Indeed, a district court may "deny a motion for permissive intervention even if the movant [has] established [all of Rule 24(b)'s requirements for permissive intervention]." Equal Employment Opportunity Comm'n, 146 F.3d at 1048; see Environmental Defense, 329 F. Supp. 2d at 66.

Here, the Magistrate Judge was correct to deny the applicant intervenors' request for permissive intervention. As an initial matter, the applicant intervenors failed to establish that

---

clear his intent to assert such claims in the Chennareddy action. (See Chennareddy Dkt. 363 at 16-17.)

[9] It is not entirely clear why the applicant intervenors are seeking to intervene into the Chennareddy action, instead of simply pursuing their putative class action claims in their separate putative class actions.

10

they meet the requirements of permissive intervention.  Moreover, permitting the applicant intervenors to intervene into the Chennareddy action would result in substantial prejudice to those already parties to the Chennareddy action, whereas denying intervention would prejudice no one.  Thus, even assuming arguendo that the applicant intervenors had established that they meet the requirements of permissive intervention (and they did not), the denial of their request for permissive intervention still would have been appropriate.

        1.      The applicant intervenors failed to establish that they meet the requirements of permissive intervention

In addition to having made untimely motions to intervene (see supra at 9-10), the applicant intervenors failed to establish that they meet the other requirements of permissive intervention.  No federal statute grants the applicant intervenors a conditional right to intervene into the Chennareddy action, and the applicant intervenors failed to show that their claims and the claims of the Chennareddy Plaintiffs share "a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  To be sure, both the Chennareddy Plaintiffs and the applicant intervenors have alleged that, due to their age, they experienced a variety of discrete adverse employment actions while employed at the GAO.  (See, e.g., Chennareddy Dkt. 363 at 1; Chennareddy Dkt. 364 at 3 ¶9.)  However, in their motions to intervene (and in their brief on appeal), the applicant intervenors did not allege any facts showing that their age discrimination claims share common questions of law or fact with those of the Chennareddy Plaintiffs.  (See, e.g., Chennareddy Dkt. 364; Davis Dkt. 35; Moses Dkt. 3.)  The applicant intervenors did not, for example, allege facts showing that the personnel actions that they are challenging occurred during the same time period or even within the same GAO field office as the personnel actions that the Chennareddy

Plaintiffs are challenging. (See id.) Nor did the applicant intervenors allege facts showing that the same GAO officials were responsible for both sets of personnel actions.[10] (See id.)

At most, the motions to intervene (and the appeal brief) reveal that the applicant intervenors and the Chennareddy Plaintiffs are both alleging age discrimination on the part of the GAO. However, the fact that two groups of litigants are alleging age discrimination against the same government agency does not establish that their claims involve common questions of law or fact sufficient to justify intervention. Otherwise, a single age discrimination suit brought against an agency would become an open venue in which any agency employee could raise his or her age discrimination claims, regardless of whether those claims and the claims in the original action involve common questions of law or fact.

The reason the applicant intervenors have not alleged facts showing that their claims and the claims of the Chennareddy Plaintiffs share common questions of law or fact is simple—they cannot do so. This is because the personnel decisions that the Chennareddy Plaintiffs and the applicant intervenors are challenging as discriminatory were made by different GAO managers in different GAO field offices at different times. For example:

- Mr. Moses is currently employed at the GAO's Los Angeles field office, and is attempting to challenge decisions made by managers of that office (see Moses Dkt. 1 at 14 ¶18; Davis Dkt. 1 at 3-4);

- Mr. Gilbert was employed at the GAO's Chicago field office until 1999, and is attempting to challenge decisions made by managers of that office (Davis Dkt. 1 at 3-4); and

---

[10] Nor did the applicant intervenors plead facts suggesting that there exists (or ever existed) an agency-wide practice or policy of age discrimination at the GAO. (See, e.g., Chennareddy Dkt. 364; Davis Dkt. 35; Moses Dkt. 3.) Notably, one of the primary reasons why this Court (Penn, J.) denied the Chennareddy Plaintiffs' motion for class certification in 1995 (and again in 1999) was because Plaintiffs had "failed to identify [an agency-wide] discriminatory practice or policy affecting [personnel] decisions at the GAO." (See Chennareddy Dkt. 202 at 4-9, 11.)

12

- Mr. Davis, Chennareddy Plaintiff Venkareddy Chennareddy and Chennareddy Plaintiff Roger Carroll were employed at the GAO's headquarters office in Washington, D.C. until 2004, 2006 and 1993, respectively, and are attempting to challenge decisions made by managers of that office (Davis Dkt. 1 at 4; Chennareddy Dkt. 364 at 2; Chennareddy Decl. at 1; Caroll Decl. at 2).[11]

Moreover, the fact that the applicant intervenors are seeking to "represent [the interests of] African Americans, who allege that their race creates exacerbation of the underlying age discrimination" at the GAO (Chennareddy Dkt. 364 at 2), is yet another reason why they cannot show that their claims and the claims of the Chennareddy Plaintiffs share common questions of law or fact. No Plaintiff in the Chennareddy action is African American. Thus, none is asserting—or has standing to assert—an age claim with such a race-based element.

> 2. Even if the applicant intervenors had established that they meet the requirements of permissive intervention, the denial of their request for permissive intervention still would have been appropriate

Even assuming arguendo that the applicant intervenors had shown that their motion to intervene was timely filed and that their claims and those of the Chennareddy Plaintiffs share common questions of law or fact (and they did not), the denial of their request for permissive intervention still would have been proper. This is because the denial of intervention prejudices no one, whereas permitting the applicant intervenors to intervene into the Chennareddy action would significantly complicate and delay resolution of that action. See Fed. R. Civ. P. 24(b)(3) (in evaluating a motion for permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights").

Now that their request to intervene into the Chennareddy action has been denied, the applicant intervenors can continue to pursue their claims in their separate putative class actions. See Jones, 2004 WL 2011396, at *10 (denying motion for permissive intervention because "the

---

[11] The declarations of Messrs. Chennareddy and Caroll appear at Chennareddy Dkt. 363.

13

proposed intervenors are free to assert their rights in a separate suit"). Thus, not only have the applicant intervenors not been prejudiced by the denial of their motions to intervene, but no member of the putative class that they seek to represent has been prejudiced either. On the other hand, if the motions to intervene were granted, then the applicant intervenors would seek to raise their own unique claims in the Chennareddy action—including claims based on events that purportedly occurred after all of the current Chennareddy Plaintiffs had separated from the GAO. Intervention would thus cause confusion, inefficiency and further delay in the Chennareddy action.[12] There is simply no need to further complicate and delay the Chennareddy action through the addition of new parties and new claims, particularly where those claims are already being litigated—or could be litigated—in the Davis and Moses actions.

  **C.**   **The Applicant Intervenors' Objections to the Magistrate Judge's Denial of Their Motions to Intervene into the Chennareddy Action are Unavailing**

In their brief on appeal, the applicant intervenors raise six principal objections to the Magistrate Judge's denial of their motions to intervene into the Chennareddy action. As demonstrated below, each of those objections is without merit.

First, the applicant intervenors assert that the Magistrate Judge did not have the authority to decide the motions to intervene because intervention is a dispositive matter. (Appeal Br. at 2 ¶1; see id. at 5-6.) However, whether or not intervention is a dispositive matter is immaterial. Even assuming arguendo that intervention is a dispositive matter (and many courts, including a court in this district, have held that it is not),[13] all that means is that this Court must review the

---

[12] For instance, with respect to delay, intervention would lead to the taking of discovery in the Chennareddy action that would not otherwise need to be taken—i.e., discovery of the applicant intervenors and matters relating to their unique claims, including but not limited to, claims concerning the 2006 pay-scale restructuring.

[13] See, e.g., Kagy, 394 F. Supp. 2d at 70 n.6; WFK & Assocs., LLC, 2007 WL 1537633, at *1-*2; W.R. Grave & Co., 185 F.R.D. at 187-88; Brooks, 163 F.R.D. at 603-05.

14

Magistrate Judge's denial of the applicant intervenors' motions to intervene de novo. Yet, because the Magistrate Judge was entirely correct to deny the motions to intervene (see supra Parts A-B), the standard of review that applies to her decision is irrelevant.

Second, the applicant intervenors insist that they demonstrated that their intervention into the Chennareddy action is appropriate under both Rule 24(a) and Rule 24(b), and thus, that the Magistrate Judge erred in denying their motions to intervene. (See Appeal Br. at 2-4 ¶¶2, 5, 6; see also id. at 7.) This argument is based upon a false premise. As explained in detail above, the applicant intervenors did not demonstrate that intervention is appropriate under either Rule 24(a) or Rule 24(b). (See supra Part A (explaining that the applicant intervenors failed to demonstrate that they are entitled to intervene into the Chennareddy action pursuant to Rule 24(a) because they did not show that their rights would be impaired or impeded absent intervention or that their request to intervene was timely filed); Part B (explaining that that applicant intervenors failed to demonstrate that they are entitled to intervene into the Chennareddy action pursuant to Rule 24(b) because they did not show that their request to intervene was timely filed, that their age discrimination claims share common questions of law or fact with the age discrimination claims of the Chennareddy Plaintiffs, or that intervention is in the best interests of those already parties to the Chennareddy action). Thus, the Magistrate Judge rightly denied the applicant intervenors' motions to intervene.

Third, the applicant intervenors argue that the denial of their motions to intervene has prejudiced them because it has resulted in a situation where they are precluded from litigating claims based on events that occurred before they initially filed suit in Davis and Moses in 2006. (See Appeal Br. at 5, 7 n.1.) However, as explained above (see supra n.7), the denial of the motions to intervene has had no effect whatsoever on whether the applicant intervenors can

litigate such claims. If the applicant intervenors possess viable claims based on events that occurred prior to 2006, then they can litigate those claims in the Davis and Moses actions; they do not need to intervene into the Chennareddy action to do so. If, however, such claims would fail if brought in the Davis and Moses actions, then they would likewise fail if intervention were granted and they were brought in the Chennareddy action.

Fourth, the applicant intervenors claim that "[t]here was an improper inference of untimeliness in [their motions to intervene]." (Appeal Br. at 3 ¶3; see id. at 8.) Yet, the applicant intervenors did not first seek to intervene into the Chennareddy action until it had already been pending for 12 years, and have never offered any explanation for their 12-year delay. (See, e.g., Appeal Br. at 1-9.) Nor have they offered any meaningful analysis as to the other elements relevant to the timeliness inquiry. (See, e.g., id.) See also Smoke, 252 F.3d at 471 (explaining that timeliness is to be judged by, inter alia, the "'time elapsed since the inception of the suit, . . . the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case'"). Thus, the applicant intervenors' complaint about an improper inference of untimeliness is without merit. In any event, even if the applicant intervenors' motions to intervene were timely filed, they still were properly denied for the reasons discussed above. (See supra Parts A-B.)

Fifth, the applicant intervenors assert that the Magistrate Judge erred in deciding the motions to intervene before they had been given an opportunity to take discovery of the GAO. (Appeal Br. at 3 ¶¶3, 4.) However, as Defendants have previously explained, discovery could not have affected the resolution of the motions to intervene. (See Chennareddy Dkt. 382.) Indeed, in denying the applicant intervenors' June 30, 2008 appeal of the Magistrate Judge's decision denying them leave to conduct discovery prior to a hearing on their motions to

16

intervene, this Court stated that "it appears that . . . discovery is . . . unnecessary for resolution of [the] motion[s] to intervene." (Chennareddy Dkt. July 16, 2008 Minute Order.) This Court's statement regarding discovery was entirely correct. The relevant inquiries on the motions to intervene were whether: (1) the rights of the applicant intervenors would be impaired or impeded absent intervention; (2) the motions to intervene were timely filed; (3) there is a sufficiently close nexus between the claims of the applicant intervenors and the claims of the Chennareddy Plaintiffs; and (4) intervention is in the best interests of those already parties to the Chennareddy action. No amount of discovery could have affected the outcome of those inquiries.

Finally, the applicant intervenors complain that the GAO was not "candid" with the Chennareddy Plaintiffs or this Court during prior discovery in the Chennareddy case (in the 1990s) "as to the existence of electronically stored personnel data." (Appeal Br. at 4 ¶8; see id. at 3, 7-8.) Yet, as Defendants have explained on numerous prior occasions, that assertion is baseless. (See Chennareddy Dkt. 368 at 2 & Exs. 1-5; see also Chennareddy Dkt. 379 Ex. B at 4 n.4; Chennareddy Dkt. 372 at ¶3.) In any event, the assertion is entirely irrelevant to the issue at hand—whether the applicant intervenors have demonstrated that they meet the requirements of intervention under Rule 24.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully requests that this Court AFFIRM the Magistrate Judge's decision denying the applicant intervenors' motions to intervene.

>   Respectfully submitted,
>
>   /s/
>   JEFFREY A. TAYLOR, D.C. BAR #498610
>   United States Attorney
>
>   /s/
>   RUDOLPH CONTRERAS, D.C. BAR #434122
>   Assistant United States Attorney
>
>   /s/
>   HEATHER GRAHAM-OLIVER
>   Assistant United States Attorney
>   555 Fourth St., N.W.
>   Washington, D.C. 20530
>   Phone: (202) 305-1334
>   Fax: (202) 514-8780
>
>   /s/
>   CHRISTOPHER B. HARWOOD
>   Assistant United States Attorney
>   555 Fourth St., N.W.
>   Washington, D.C. 20530
>   Phone: (202) 307-0372
>   Fax: (202) 514-8780
>
>   /s/
>   HARRY B. ROBACK
>   Assistant United States Attorney
>   555 Fourth St., N.W.
>   Washington, D.C. 20530
>   Phone: (202) 616-5309
>   Fax: (202) 514-8780