**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **James D. Moses**      )<br>    For himself and      )<br>    All others similarly situated      )<br>                 )<br>    Plaintiffs      )<br>         V.      )<br>                 )<br>**Gene Dodaro, Acting**      )<br>**Comptroller General of the United States,**      )<br>**Government Accountability Office (GAO)**      )<br>         and      )<br>**Paul M. Coran, Chair**      )<br>**The Personnel Appeals Board**      )<br>    of the GAO, (PAB)      )<br>    Defendants.      )   | Case No.   1:06 CV 01712 (EGS, DAR) |
| **Arthur L. Davis, et al**      )<br>    For himself and      )<br>    All others similarly situated      )<br>                 )<br>    Plaintiffs      )<br>         V.      )<br>                 )<br>**Gene Dodaro, Acting**      )<br>**Comptroller General of the United States,**      )<br>**Government Accountability Office (GAO)**      )<br>         and      )<br>**Paul M. Coran, Chair**      )<br>**The Personnel Appeals Board**      )<br>    of the GAO, (PAB)      )<br>    Defendants.      ) | Case No.   1:06 CV 01002 (EGS, DAR) |
| **Venkareddy Chennareddy, et al**      )<br>    For himself and      )<br>    All others similarly situated      )<br>                 )<br>    Plaintiffs      )<br>         V.      )<br>                 )<br>**Gene Dodaro, Acting**      )<br>**Comptroller General of the United States,**      )<br>**Government Accountability Office (GAO)**      )<br>                 )<br>    Defendant.      ) | Case No.   1:87 CV 03538 (EGS, DAR) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO APPEAL
OF MAGISTRATE'S ORDER DENYING INTERVENTION-AND
OBJECTION TO CONTINUING BAD FAITH CONDUCT OF DEFENDANT**

1

## I. PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

**Equitable Estoppel and Equitable Tolling:**

Before addressing the substantive content of this reply, plaintiffs are compelled to Object. Plaintiffs hereby request a continuing objection, in each of these related cases to the inequitable and bad faith actions in withholding evidence by the GAO. That conduct is inimical to the interests of justice in these discrimination cases. The subject of this objection is of overriding importance to all claims being litigated herein. A comment by the Magistrate judge indicated that the Magistrate and the Court may be largely unaware of this aspect of these cases[1]. This objection is intended to focus attention upon disputed facts obscured by the failure of GAO to conduct good faith discovery. The Court was misled as to the purported non-existence by GAO of facts well known to exist and never yet produced. This material, contained in electronic files is expected to be, when produced determinative of these pending motions, and quite possibly the entirety of these related cases.

The effect of these allegations, if proven, as to equitable estoppel, and equitable tolling is believed to be important, if not determinative to all subsequent decisions of the Court. The materials withheld is evidence of universal bias amounting to a hostile work environment. That evidence has been denied to exist and has been withheld during the entire prior history of these cases. Those facts are the nature of the actions/transactions complained about by all of the plaintiffs and all of the intervenors. Under applicable law, the evidence sought is relevant, even determinative of intervention. If the situation and transactions are similar, or as here, identical, intervention of right under F.R.Civ P. 24(a)(2) must be granted. Plaintiffs aver and allege that the transactions and situation are the same, and defendants deny that determinative fact. More importantly, in terms of equitable tolling or estoppel, defendants deny that such evidence even exists, and deny access or production of those well known to exist electronic files containing that

---

[1] The Honorable Magistrate Judge asked "Where in your motion [to intervene] did you raise an issue regarding equitable tolling?" (See, transcript, case # 87-0358, Docket entry 388-2, pg 24 L 1,2). Undersigned counsel's response was " Well, it certainly was discussed in our complaint". (Pg 25, L 11-13 of the same document).

evidence. This withholding and denial is the essence of bad faith under the Federal Rules of Civil procedure, Rule 26 et seq.

Importantly, that set of facts is determinative of the subject of these motion, "intervention of right" under F.R.Civ. P. 24(a)(2) and applicable law in this Circuit.

Defendants' brief in opposition to plaintiffs intervention omitted any reference to the GAO's failure to produce the evidence of the identity of transactions applicable to plaintiffs and applicant intervenors. However GAO argued to the Magistrate that "But there's been no evidence presented to that, and in fact, none exists."(Transcript of Magistrate's hearing, Docket # 388-2, at page 21). The "in fact none exists" is quite simply a false statement. GAO's employee maintaining these electronic files, Mr. William Mowbray (Mowbray) has described the content in detail. The evidence and information has been requested, but GAO still denies they exist (once again, with the above false argument). But the files do in fact exist.

This false and obstructionist posture continues in the face of admissions to the contrary by the witness (Mowbray) having first hand knowledge of these facts because he built the electronic files (in 1989) still denied to exist. Therefore, the omission of that information from the defendants's briefs in opposition to intervention is telling in effect. But in the interim, more inequitable conduct has occurred, while the delays resulting from the pending motions, including this one, are being considered by the Court. Those matters are:

(1) GAO is (right now) taking actions designed to eviscerate the class by settling claims of (Moses) class members for pennies on the dollar. Those actions were initiated without prior notice to undersigned counsel, notice to the Court, the opportunity to notify class members or to object.

(2) No discovery has as of yet been Ordered or approved by the this Court. However, with the agreement of counsel, one deposition was taken, on May 16th, 2008, of the afore-mentioned Mr. William Mowbray. That deposition confirmed the fact that GAO has possessed, all of the 20+ year time frame of these cases, a centralized computerized

statistical data system, written and maintained in Statistical Analysis System (SAS) language. Those electronic files contain virtually all of the relevant data elements for all professional personnel for all years of these cases. This evidence allows a detailed pattern and practice analysis relevant to the instant issues of the multitude of transactions applicable to all plaintiffs, all intervenors, and all putative class members. And it is readily available.

(3) The withholding of this evidence is a situation that is inimical to the interests of justice and should be corrected immediately.

(4) Only then can the merits of these motions to intervene requiring transactional identity, and/or situation identity be adequately addressed. Therefore, the Court should order forthwith full disclosure of the information contained in the withheld personnel files.

(5) The Magistrate Judge declined to consider equitable tolling and its effect upon these pending motions. (See Transcript, Docket Document 388-2, Pg. 23-25, with specific references to the fact that plaintiffs failed to specifically re-raise the issue in the motion to intervene. Under the standards applicable to Motions to Intervene,

> Motions to intervene are usually evaluated on the basis of well pleaded matters in the motion, the complaint, and any responses of opponents to intervention. **Stadin v. Union Electric Co.**, 303 F.2d 912, 917 (8th Cir. 1962).

The basis for equitable tolling in this case has been raised multiple times, including in the latest Amended Complaint and a separate objection on only this subject. But these troublesome allegations have never been squarely addressed by the Court. Therefore, given the complexity of this case, plaintiffs deemed it necessary to raise this issue once again in the context of these pending motions to intervene. Certainly, the withheld materials are relevant evidence at this time and for these motions.

(6) As of this date, GAO continues to withhold the statistical data which undoubtedly shows a statistically significant universal and uniform bias against older workers, a bar to

promotions and a hostile work environment. It also will show the exclusions of those workers from fair ratings, promotions and retention.

(7) Most importantly, GAO, through its counsel, continues to lead the Court astray by denying and relying upon the very conditions-the absence of evidence- which GAO created by its bad faith actions. Counsel argued (Document 388-2, at page 21 ¶ 2, Mag. Hearing, July 22, 2008).

> But just the fact that two sets of plaintiffs both allege age discrimination on the part of a single defendant doesn't mean that there are common questions of law or fact. In fact, the intervenors and the Chennareddy plaintiffs were employed in different GAO field offices at different times and are presumably, therefore, challenging the decisions made by different GAO managers. Therefore, there's not a commonality of questions of law or fact, there's no allegation of – there's a conclusory allegation of a common GAO-wide practice of discrimination, but there's been no evidence presented to that, and in fact, none such exists.

(8) The Court is requested to note that GAO argues on one hand, that plaintiffs should not get discovery, and on the other hand that the evidence (known to exist now by all parties, as the result of Mr. Mowbray's deposition) does not exist. If indeed, the pattern of universal bias and hostility exists, and is proven as a mathematical certainty, which plaintiffs allege is the case, GAO's position, and representations to this Court will be demonstrated as false.

For these reasons this matter should be considered by the Court in conjunction to these pending motions and discovery allowed forthwith, to resolve these determinative factual differences. If that does not occur, the facts of this case must be taken to most favor the plaintiffs as alleged in the several complaints. Those complaints uniformly allege an identity of situation and transactions as between plaintiffs and applicant intervenors.

**REPLY ARGUMENT**

**I. The "Order" of the Magistrate, In These Circumstances, With Pending Motions to Certify Is a Final Determinative Denial of All Rights, of Wagner and Class Members; as Such it is Ultra Vires and Void:**

The Appeal of the Magistrate's Order effectively dismisses all recent claims of applicant intervenor Mr. Wagner. It also dismisses the claims of the older long-term claims of intervenors Messrs. Moses, Davis and Gilbert (and the several hundred putative class members each of the above seek to represent). If, for example Wagner, and the about 200 putative class members he seeks to represent are denied intervention, all rights to relief are gone. This result is a de-facto dismissal of all claims.

Entry an Order dismissing claims is a violation of the referral order itself. The District Judge's Order of reference clearly states the referral is "for a Report and Recommendation on dispositive motions. (Docket 04/15/2008. Signed by Judge Emmet G. Sullivan on April 15, 2008)". The Order of the Magistrate also violates the rules of this Court. Both the Federal Rule governing the duties of Magistrates, F.R.Civ P. 72(b) and Local Rule LCv72.3(a)(3) require the Magistrate to make a report with findings of fact, and recommendation to the Court for entry. LCv72.3 specifically denies the power to a magistrate to enter an order having the effect of the instant Order. The local rules provide, when read together, as they must be:

The Magistrate Judge did not issue a report and recommendation on intervention as was the extent of her authority pursuant to the Order of Referral. (See **Minute Order** of 04/15/08- "referring Moses v. Walker, Civil Action No. 06-1712, to Magistrate Judge Deborah A. Robinson for *a report and recommendation on dispositive motions*". (Emphasis added)(Similar Minute Order entered on 4/15/08 in each of the three cases captioned above).

The Federal Rules of Civil Procedure[2] do not allow for a Magistrate Judge to issue the equivalent of a judgment of dismissal, as here.

The local rules of this Court provide:

> (LCvR 72.2 (a)) At the request of the district judge .... a magistrate judge may hear and determine any pretrial or matter ***other then those specified in LCvR 72.3*** *of these Rules*, and may conduct proceedings and ***enter orders***...
> [emphasis added].

---

[2] See, Rule 72(a)-Non-Dispositive Motions; Rule 72 (b)-Dispositive Motions

However, LCvR 72.3 (a) provides at (3) the exceptions to the authority of the Magistrate Judge to enter an order on her own authority. That rule states, when read in conjunction with 72.2(a) that the Magistrate Judge *may **not** enter on her own authority*:

> "...(3) motions for judgment on the pleadings, for *summary judgment, to dismiss* or to *permit maintenance of a class action*, to dismiss for failure to state a claim upon which relief can be granted, or otherwise to *dismiss an action involuntarily*;" [emphasis added].

Here, the Magistrate Judge erred in ruling and entering a Minute Order denying intervention. The Magistrate ruled, over plaintiffs objection

> "Now as the Court indicated at the outset, the Court has determined that the three motions as to which we have heard argument are motions that this Court can determine in accordance with local Civil Rule 72.2 (a).". (See, Ex. # 1, Transcript of Mag. Ruling, pg.1, Line 1).

However, plaintiffs contend that the matters before the Court, when denied, resulted in a de facto judgment on the pleadings against all intervenors, and all class members they seek to represent. When viewed in that light, which is the correct view, the Order(s) denying intervention clearly falls within the exception contained in LCvR 72.3(a)(3) which states:

> "(3) motions for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or otherwise to dismiss an action involuntarily;" (Exhibit 1, pg. 1 paragraph 1, line 1)

The Honorable Magistrate found, as a prerequisite to the Order entered that dismissing the several motions to intervene were not a determinative of the rights of the petitioners. That decision was clearly erroneous. Counsel for the plaintiffs/intervenors objected to the Magistrate's determination that the Orders denying intervention was not a "disposition of" LCvR 72.3(a) matters. As a factual matter, which must be taken to most favor the plaintiffs at this stage of the proceeding, the denial of intervention was the death knell for the rights of all of Mr. Wagner's rights. It was also a death knell for the rights of those of the class or classes he seeks to represent as a class representative attempting to protect his interests in a long overdue class

certification action.

The Magistrate did not make any findings of fact except the conclusory finding that the requirements of the rule were not met. In fact, none of the requirements of this Circuit appearing in *Foster v. Gueory*, et al v Local 2311 et al, 655 F.2d 1319 (D.C. Cir 1981) were addressed, although all of the requirements were in fact met.

The Court should vacate the Magistrate's Order and treat the proceedings as recommendations with all findings decided de-novo by the District Judge. The Court, in its ultimate decision should follow the criterial set out in Foster, and rule that intervention should be allowed as to all four applicant intervenors. If the Court, subsequent to discovery determines that the transactional or other prerequisites have not been met as to any one of those intervenors, summary judgment at a later date would be the appropriate remedy for that unforseen situation.

**II. All Plaintiffs in All Cases, Individually Timely Exhausted Administrative Remedies (Despite GAO's Pending Motions to the Contrary); Putative Class Members Who Are Applicant Intervenors are Not Required to Exhaust Administrative Remedies (or to Give a 30 day Notice of Intent To Sue:**

**A. Moses Exhausted Administrative Remedies (two ways):**

First, Moses timely filed his notice of intent to sue over the latest round of discriminatory actions by GAO management (the band II split and demotions). The Court's attention is directed to Docket Entry # 15, with seven attachments. Although GAO continues to argue (generally, without giving specifics) that Moses has not met the requirements for intervention, and his complaint is subject to dismissal (via the "live" motion to dismiss in that case) this argument is untrue.

For the convenience of the Court the key Attachments contained in the record of case # 06-01712, Docket Entry # 15 are included with this reply for the Court's convenience. (See Exhibit # 2, Moses 30 day Notice and Re-Notice of intent to sue, August 9th, 2006 containing the

history of Moses and Davis et al Notices in prior attempts to obtain relief beginning in 1999. See also Exhibit # 3, US Post Office Return Receipt, signed by Elaine B. Wise, GAO Office Of Opportunity and Inclusiveness, and Exhibit 4- Certificate of Delivery, US Postal Service, August 14, 2006.

Therefore, there cannot be any serious question that Mr. Moses has timely presented his 30 day notice of intent to sue in the latest case in this series of attempts, he having met all timeliness requirements

The Court is also requested to note that Mr. Moses letter states on page 1,

> "He [Moses] give (sic) notice for himself *and all others similarly situated* pursuant to GAO Order number 2713.2, Chapter 3, 9, page 12 (Age Discrimination in Employment Act) ADEA), Chapter 3, 10 (Equal Pay Act, Section 16(b) of the Fair Labor Standards Act) and Chapter 4, (Class Complaints)." [emphasis added].

The importance of this Notice is that under the principle of *Foster, et al v. Gueory*, 655 F.2d 1319, 26 Fair Empl. Prac.Cas. 7, 26 Empl. Prac. Dec. P 31,899 (D.C. Cir. 1981) even where a class has not been certified, person similarly or identically situated with the plaintiff exhausting the administrative remedies may intervene, as a matter of intervention of right, if the transactions or the situation is similar.

Second, as a matter of administrative exhaustion (in addition to the notices of intent to sue) over the many years of these complaints, Mr. Moses, Mr. Davis, and Dr. Chennareddy have repeatedly given notices to the OOI which have never been acted upon in a timely fashion. The record is replete with the notices given which were never acted upon by the defendant GAO, through its Office of Inclusiveness. Therefore, any notice that any member of the putative class could have given would have been a vain task.

### B. Wagner, a Member of the Class, Is not Required to Exhaust Administrative Remedies, Wagner, However, Additionally, Gave Notice Thorough Moses:

Wagner alleges in his Motion that his claims are similar if not identical to those of Moses.

Moses gave timely notice for himself and the class. Therefore, under the authority of ***Foster v. Gurory***, 655 F.2d 1319 (D.C. Cir. 1981) has been applied with equal force to federal employers (***Artis v. Greenspan***, 474 F.Supp.2d 2 (D.D.C., 2007;***Moore v. Chertoff***, 437 F. Supp. 2d 156 (D.D.C., 2006);***Delgado v. Ashcroft***, 368 F. Supp.2d 3 (D.D.C., 2004), any further notice of intent to sue, or identical complaints would have been

> "Requiring that each class member file a separate charge might drown agency [EEOC] and employer alike by touching off a multitude of fruitless negotiations" (***Horton v. Jackson County Bd. Of County Com'Rs.***, 343 F.3d 897 (7th, Cir., 2003).

### C. The Original Plaintiffs Prevailed in Their Appeal; It Cannot Now be Argued that they Failed to Exhaust Administrative Remedies as a Matter of The Law of that Case:

GAO took the incorrect position that the Original complainants had failed to exhaust administrative remedies. The Court of Appeals in ***Chennareddy v. Bowsher***, 935 F3d 315 (D.C. Cir 1991). The case was reversed and remanded with an admonition that the agency had a duty to bring all of its applicable regulations to the Court's attention, which it failed to do in that case. Therefore, as a matter of the law of the case, administrative exhaustion has occurred as to those plaintiffs.

### III. Once Plaintiffs Have Exhausted Administrative Remedies, for the Class, Additional Putative Class Members Are not Required to Exhaust Administrative Remedies, Whether the Class Is Certified or Not. Here Wagner Meets the Requirements of Rule 24(a)(2).

This case presents several troublesome "which came first, the chicken or the egg" problems which apparently have confused both the Honorable Magistrate Judge as well as opposing counsel. Fortunately, the law on this subject is well settled in this Circuit. For the convenience of the Court the leading case on this subject, with hundreds of citations, including federal agency application, is ***Foster v. Gueory, et al v Local 2311 et al***, 655 F.2d 1319 (D.C. Cir 1981). That case is attached as Exhibit 1.

The requirements of F.R.Civ. P. 24(a)(2) are simple and self-explanatory. The problems

come in application of the facts.

> Rule 24(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) .......
>
> (2). claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**Application of the Facts of this Case to the Law contained in *Foster, supra*.:**

> *Foster*, provides four criterial for intervention of right. The first is timeliness.

**A. Applications for Intervention Were Timely. The GAO is Incorrect in Its Recitation of Law Applicable to All Intervenors:**

All four applicants for intervention were timely. Under the rule of *Foster, supra*, in a putative class action, where no Motion to Certify a class has been finally denied, and thereby the rights of a putative class member put in jeopardy, it is not possible to be untimely (late). Here, no one of the putative class members has as of yet been finally dispossessed of their rights. They are all in jeopardy but it simply hasn't happened yet. This is because all class certification motions have simply not been ruled upon by the Court. The latest attempt for a Moses class certification has not been ruled upon. The latest Motion for the Chennareddy class has been denied, but without prejudice to renew. And the same is true for Davis, Moses and Gilbert. With inaction by the Court, under Foster, the clock has not yet begun to run.

With the lack of certainty, each one of these intervenors, and each one of the putative class members fear of being stripped of their rights is entirely appropriate. To illustrate this situation, each of the four criterial required to intervene in this Circuit has been analyzed for Mr.

Wagner. The others, Davis, Moses and Gilbert, all exhausted administrative remedies by filing multiple complaints, and each filed one or more 30 day notices of intent to sue. Therefore, the only criteria remaining in question is whether the transactional events contained in the hidden data base will support their position. These applicant intervenors all aver that it will, that the transactions and situation are identical one to the other when comparing plaintiffs, applicant intervenors and putative class members. That is because there is simply only one pattern and practice, a hostile work environment to older workers complained about by all of these analysts.

The analysis as to Wagner following the Foster criteria follows:

*Foster* held as to the First of these criteria:

> ..appellants satisfied the timeliness requirement when their motion was made little more than on month after the district court denied the original plaintiffs' motion for class certification. Until that denial appellants might have reasonably believed they could secure relief as members of a plaintiff class. (At Pg 1324)

Here, Wagner moved to intervene into the Moses class on April 29, 2008 (Docket entry 54). On the same day, Mr. Moses, the only class representative, moved for a declaratory judgment that he has substantially prevailed. October 4th, 2006 Moses filed his case as a class action requesting injunctive relief. No action had been taken by the Court. On May 21, 2007 Moses moved for immediate certification of the class. No action was taken by the Court. That motion remains unresolved at this time.

Wagner has therefore moved *before* any action has been taken by the Court which irrevocably and finally takes his rights. But the standard is not that. Rather the rule reads that [the movant] is so situated that disposing of the action *may* as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Here, Wagner's interest as an applicant intervenor depends entirely upon the status of Moses. If Moses' class action is not certified, or if Moses is deemed not be an adequate class representative, simply because he has substantially prevailed, Wagner's interests will be impaired

or lost. Certainly, in either event his interest *may* be lost.

Therefore, in an abundance of caution Mr. Wagner elected to move to intervene. As a matter of timeliness, he therefore is possibly earlier than need be, but he certainly, under the holding of *Foster*, is not late. Under these circumstances Wagner's Motion to Intervene was timely under the criteria of *Foster*.

Second, *Foster* held that:

> ... (pg. 1324) intervenors are indeed concerned persons who involvement in the suit is compatible with efficiency and due process. Appellants are person who allege that they have suffered injury from the same or very similar wrongful acts as those complained of by the original plaintiffs, (pg 1325) and appellants' claims for relief are founded on the same statutory rights as are the claims of the plaintiffs. While the individual actions of discrimination suffered by the plaintiffs and the appellants may differ, they each assert their claims as a result of the same "significantly protectable interest" Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed2d 580 (1970, in being free of racial discrimination in employment.

Here, Wagner has adopted the complaint of Moses in all respects. That complaint is cast as a pattern and practice resulting in a hostile work environment for all older employees. Therefore, the interests complained about by Wagner and Moses are identical.

Third, Foster held (at pg 1325) that the applicant intervenor have the

> burden of showing that their interests may be practically impaired or impeded by the disposition of the plaintiff's suit.

Here, there can be no doubt that if Moses is dismissed from the suit because he substantially prevailed, or the class certification is denied, Wagner's lawsuit will be untimely. Wagner admits that the only right he has to relief is through his participation as a member of the putative class. Therefore, there is no doubt that his interests *may* be impaired.

Fourth and finally, Foster held (at pg. 1325) that intervenors

> show that their interests are not adequately represented by the existing parties. This burden is minimal and is met if appellants show that representation of their

13

interest "may" be inadequate.  Trbovich v. United Mine Workers of America, 404 U.S. 528, 538,n.10, 92 S.Ct. 630, 636, n.10, 20 L.Ed.2d 686 (1972).

Here, if Moses fails for either reason to carry his burden of class certification, Wagner's rights are lost.  Moreover, Wagner resigned rather than suffer the indignity of demotion.  Moses persevered.  Thus, their posture at the workplace was slightly different as to the complaint of discrimination.

Therefore, Wagner has met his burden of all four criteria and his intervention must be allowed.  The same logic applies to Wagner's right to permissive intervention.

### B. Transactional Identity of Situation Exists, GAO Falsely Denies It Does Not, and Keeps Hidden the Determinative Evidence Disproving GAO's Position:

GAO continues to deny the transactional identity which may be easily proven by candid disgorgement of the hidden electronic personnel data.  Any argument that there is no transactional identity or similarity is simply a false ploy to delay resolution of these cases and mislead the Court.  And that is what has been done in the instant arguments before the Magistrate Judge.

Denial of access to that evidence, and then, as above (argument quoted above (item (4) stating "there's been no evidence presented on that, and in fact, none such exists" is simply false, as attested to by Mr. Mowbray in his deposition.  Therefore, relying upon the lack of such evidence on one hand, and failing to produce what has been described in detail is no more and no less than a basically disingenuous argument to the Court.  (See transcript, pg 21, argument of Mr. Harwood arguing that there are no common questions of law or fact as between plaintiffs and applicant intervenors.

Identity or striking similarity of transactions and situation is precisely what will be shown if GAO is required to disclose the evidence[3] hidden and denied to exist for 20 years.  Plaintiffs

---

[3]  That evidence is electronic personnel data on all employees, including the plaintiffs and intervenors, meets the criterial of ***Meacham Et Al v. Knolls Atomic Power Laboratory, A.KA. KAPL, Inc***, No. 06-1505, ___ U.S ____, June 19, 2008 (Pp. 5-17)(the burden of production and persuasion of Electronic Data showing a Bona-fide

can state this with confidence based upon the partial statistics laboriously gathered in prior years. Therefore, plaintiffs allege that this evidence will prove beyond any reasonable doubt that identity of transactions and situation exists as between plaintiffs and intervenors. That element is the main element required by Rule 24(a)(2)[4]. If true (or if plaintiffs/intervenors allegations must be taken as such, these motions to intervene must be granted.

Plaintiffs hereby object, and requests a forthwith order that GAO make full disclosure of the Mowbray data, and related management systems (by which top GAO management controls promotions and advancement) *before* this Court rules thereby adopting the GAO's incorrect and dishonest position as its own. This procedure will, plaintiffs aver, greatly expedite resolution of these cases.

Plaintiffs herein have alleged an identity of transactions and situation. Those allegations cannot be refuted absent the discovery requested. Plaintiffs and intervenor's allegation must at this stage of the proceeding be taken as true. Therefore the Motions to Intervene should be allowed as intervention of right, subject however, to later summary judgment subsequent tot he completion of discovery on the identity of transactions/situation issue.

### C. The Intervention of Davis, Moses and Gilbert Should be Granted:

As to Moses, Davis and Gilbert, the denial of intervention was effectively a final dismissal of a part of each of those petitioners' claims. The order entered is also a denial of the rights of any putative class members for those persons whose rights were identical rights to those of Davis, Moses, and Gilbert, so dismissed[5]. These Orders are therefore, clearly excluded from

---

business purpose excusing bias is upon the employer).

[4] See discussion and argument above of the landmark case of ***Joseph Foster, et al, v. Albert Gueory, et al v. Local 2311 of the United Brotherhood of Carpenters and Joiners of America, et al***, 655 F.2d 1319, 26 Fair Empl.Prac.Cas.7, 211 U.S. App. D.C. 89 (D.C. Cir. 1981)

[5] The rights of Moses, Davis and Gilbert date, at least, to 1999, when they first attempted to intervene. Intervention was denied. However, plaintiffs allege that the denials of class certification and intervention were (both) the result of failures of GAO to make good faith discovery. Those failures were GAO's denial of the existence of determinative electronic evidence demonstrating the bias herein alleged. GAO falsely denied the

the authority of the Magistrate Judge by LCvR 72.3 (3).  During the hearing before entry of the Minute Order by the Magistrate counsel for the plaintiffs timely objected to the ruling on the grounds (See Transcript, page 55 of 61, Line 8-22) Hearing of July 22, 2008)[6].

Therefore, the Magistrate erred as a matter of law when the Judge determined that the Orders entered in each of the three cases were not "for the disposition of" (a matter contained in Rule 72.3(a)(3).

### Conclusion

For the above reasons, and as further outlined following the Appeal should be allowed. Intervention should be granted as to all four applicant intervenors.

Respectfully submitted,

CharltonW 2428

Walter T. Charlton, D.C. Bar 186940
410 571 8764
230 Kirkley Road, Annapolis, Maryland
Attorney for Plaintiffs, Applicant
Intervenors, and all others similarly situated.
Email, charltonwt@comcast.net

---

existence of evidence subject to F.R.Civ. P. Rule 26(a)(1) discovery on the striking uniformity of the transactions and environment demonstrating a hostile work environment.  Plaintiffs allege the new evidence, is still being withheld in contravention of **F.R.Civ. P. 26(a)(1)** and the recent ruling of **Meacham, et al v. Knolls, et al**, decided June 19, No. 06-1505. 2008 (in an age case, the employer bears the burden of production and burden of persuasion of a bona-fide business reason for the statistical bias observed.  That evidence (if the Court ever orders it produced) is alleged to be clear and convincing in determinative effect upon a finding of prohibited bias against all older employees amounting to a hostile work environment.  Innumerable requests for production and Motions to Compel have to date proved fruitless.

[6] Counsel objected as follows:  "Mr. Charlton: Yes, Your Honor.  I would just like to note that we would respectfully disagree with your conclusion that this not a dispositive motion.  It certainly is or potentially is in terms of at least Mr. Wagner."

CERTIFICATE OF SERVICE

      I hereby certify that I filed, in the ECF system of the United States District Court, on the 3rd day of September, 2008, this reply memorandum in each of the afore-captioned cases, with the expectation that it would be forwarded electronically to the following counsel of record:

Christopher B. Harwood,
AUSA 555 Fourth St., N.W.
Washington, D.C. 20530

Heather Graham-Oliver, AUSA
555 4th, Street, N.W. , Room 4808
Washington, D.C. 20530

Harry B. Roback, AUSA
501 Third Street, N.W.
Washington, D.C. 20530

/s/ charltonw 2428

INDEX OF EXHIBITS

Exhibit 1        Foster v. Gueory v. Local 23211, United Brotherhood of
                 Carpenters and Joiners of America, et al
                 655 F. 2d 1319 (D.C. Cir. 1981)

Exhibit 2        James D. Moses, 30 day Notice and Re-Notice of Intent to Sue
                 August 9, 2006.

Exhibit 3        Postal Return Receipt, signed by Elaine B. Wise-GAO
                 Office of Opportunity and Inclusiveness

Exhibit 4        Certificate of Delivery, US Postal Service 8/14/06