Page 1319
655 F.2d 1319
26 Fair Empl.Prac.Cas. 7, 26 Empl. Prac. Dec.
P 31,899,
211 U.S.App.D.C. 89
Joseph FOSTER, et al.
v.
Albert GUEORY, Ronald Dorsey, and Rudolph J. Thornton, Appellants,
v.
LOCAL 2311 of the UNITED BROTHERHOOD OF CARPENTERS and JOINERS of AMERICA, et al.
No. 79-2266.
United States Court of Appeals,
District of Columbia Circuit.
Argued Feb. 3, 1981.
Decided June 19, 1981.

Gerald B. Wetlaufer, Washington, D. C., with whom Donald T. Bucklin and Gilbert E. Hardy, Washington, D. C., were on the brief for appellants.

Joel A. Smith, Baltimore, Md., with whom Anthony Abato, Jr., Lutherville, Md., and Alan D. Eisenberg, Arlington, Va., were on the brief for appellee, Carpenters' District Council of Washington, D. C. and vicinity.

Ronald Rosenberg and Charles R. Both, Washington, D. C., were on the brief for appellee, Local 2311.

Mozart G. Ratner, Washington, D. C., entered an appearance for appellees, United Brotherhood of Carpenters, et al.

Gary L. Lieber and John A. McGuinn, Washington, D. C., entered appearances for appellee, Construction Contractors Council, etc.

Before JOHN W. PECK *, United States Senior Circuit Judge for the Sixth Circuit,

Page 1321

MacKINNON and WILKEY, Circuit Judges.

Opinion for the Court filed by Senior Circuit Judge JOHN W. PECK.

JOHN W. PECK, Senior Circuit Judge:

Appellants are three persons whose motion to intervene as plaintiffs in a pending employment discrimination suit was denied by the district court. The complaint that initiated the suit in which appellants now seek to intervene alleged racial discrimination by labor organizations and employers in matters relating to employment as pile drivers. The complained of discrimination was alleged to violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. The plaintiffs who filed that complaint were four members of a defendant labor union. One of the plaintiffs had received a Notice of a Right to Sue from the Equal Employment Opportunity Commission (EEOC), pursuant to 42 U.S.C. § 2000e-5(f)(1) (Supp. V 1975).

The complaint recited that the action was brought on behalf of the plaintiffs and of all others similarly situated. The plaintiffs moved, pursuant to Fed.R.Civ.Pro. 23, to have the action certified as a class action on behalf of all black or other minority persons who have been or who may in the future be discriminated against on the basis of race or color with respect to employment as pile drivers. The district court



denied class certification on the grounds that the plaintiffs had not shown that the class that they sought to represent was sufficiently numerous to justify certification or that declaratory and injunctive relief would not adequately provide most of the relief sought.

Appellants, none of whom were members of the defendant union, moved to intervene pursuant to Fed.R.Civ.Pro. 24. Appellants alleged that they had suffered the "same kinds of discrimination as the original plaintiffs," and that their experiences differed from the original plaintiffs only in that the plaintiffs were members of the defendant union while appellants had been unable to obtain union membership or apprenticeship training due to racial discrimination. Appellants' motion sought intervention of right under Fed.R.Civ.Pro. 24(a)(2), and in the alternative, permissive intervention under Fed.R.Civ.Pro. 24(b).

The district court denied the motion to intervene on the grounds that the appellants and the plaintiffs in the pending suit were not members of a class under Fed.R.Civ.Pro. 23, and that appellants had not exhausted their administrative remedies. On appeal, appellants argue that this is not a valid reason for denying their motion, that they met the criteria of Fed.R.Civ.Pro. 24(a)(2), and that the district court thus erred in not permitting intervention of right. Alternatively, appellants contend that the district court failed to consider appellants' motion for permissive intervention under Fed.R.Civ.Pro. 24(b) and that this was an abuse of discretion.

It is well settled, and appellants concede, that a party seeking relief under Title VII must file timely charges of employment discrimination with the EEOC before that party may seek judicial relief. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973); Love v. Pullman Co., 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972); Evans v. Sheraton Park Hotel, 503 F.2d 177, 183 (D.C.Cir.1974). Appellants filed no charges of discrimination with EEOC, but contend that they may nonetheless intervene as plaintiffs because the Title VII prerequisite of filing charges with EEOC was met by one of the original plaintiffs.

Appellants rely on a line of cases which establish that each individual plaintiff in a Title VII class action suit need not individually file an EEOC complaint, but that it is sufficient if at least one member of the plaintiff class has met the filing prerequisite. E. g., Albemarle Paper Co. v. Moody, 422 U.S. 405, 414 n.8, 95 S.Ct. 2362, 2370 n.8, 45 L.Ed.2d 280 (1975); Romasanta v. United Airlines, Inc., 537 F.2d 915, 918 (7th Cir. 1976); Dodge v. Giant Food, Inc., 488 F.2d 1333 n.1 (D.C.Cir.1973); Macklin v. Spector Freight Systems, Inc., 478 F.2d 979, 985

Page 1322

n.11 (D.C.Cir.1973). The rationale of this line of cases was explained by Judge Griffin Bell:

It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume that the next one would be successful. (Emphasis added.)

Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 498 (5th Cir. 1968). In class actions this rationale is invariably applicable, for the very fact that the suit is a class action means that the plaintiffs' claims not only share common questions of law and fact, but those claims are such that representative plaintiffs will fairly and adequately protect the interests of all plaintiffs of the class. Fed.R.Civ.Pro. 23(a)(3) & (4).

The rationale of the above cases has been extended to situations where no class action had been certified, but where the court was nonetheless able to treat as a class a plaintiff who had satisfied the EEOC filing requirement and one or more plaintiffs who had not satisfied that requirement. 1 For example, in Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876 (8th Cir. 1977), fifteen plaintiffs joined in a Title VII suit alleging racial discrimination. No attempt was made to certify the suit as a class action, and only two of the plaintiffs had filed EEOC charges. The Eighth Circuit held that Title VII relief could not be denied to the thirteen plaintiffs who had not pursued administrative remedies. In reaching that result, the court noted that these plaintiffs had "alleged



facts demonstrating they were similarly situated and had received the same discriminatory treatment" as had the two plaintiffs who had filed EEOC charges. Id. at 882. Under these circumstances, the court determined that, "it would be nonsensical to require each of the plaintiffs to individually file administrative charges with the EEOC," id. at 883, thus reaffirming Judge Bell's reasoning in Oatis.

In circumstances more similar to those of the present case, the Fifth Circuit in Wheeler v. American Home Products Corp., 563 F.2d 1233 (1977), permitted intervenors in a class action to maintain their Title VII claims after the class action status had been denied, even though the intervenors had not themselves pursued administrative remedies. The court determined that the intervenors and the original plaintiffs, who had filed EEOC charges, were "members of the same class." Id. at 1239. In reaching this result, the court stated that the reasoning of Oatis should apply, "wherever similarly situated persons intervene in an action and one or more of the original plaintiffs had satisfied the jurisdictional requisites." Id.

It thus appears that the critical factor in determining whether an individual Title VII plaintiff must file an EEOC charge, or whether he may escape this requirement by joining with another plaintiff who has filed such a charge, is the similarity of the two plaintiffs' complaints. Where the two claims are so similar that it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges, then it would be "wasteful, if not vain," 398 F.2d at 498, to require separate EEOC filings. However, where the two complaints differ to the extent that there is a real possibility that one of the claims might be administratively settled while the other can be resolved only by the courts, then the rationale of Oatis does not apply. In such a case each plaintiff should be required to separately file an EEOC charge in order to effectuate the purpose of Title VII's provisions for administrative relief.

In the present case, appellants have alleged that they and the original plaintiffs are victims of the same discriminatory practices. In their memorandum in support of their motion to intervene, the appellants asserted that their claims were "essentially identical" to those of the original plaintiffs, stating that their experience differed only in that the plaintiffs had been able to obtain

Page 1323

membership in a defendant labor union prior to initiating this lawsuit, while none of the appellants had obtained membership until after they attempted to intervene. Consistent with the appellants' contention that their claims are nearly identical to plaintiffs', the original plaintiffs filed an amended complaint that incorporates the complaints of the appellants.

We conclude that the appellants have asserted claims of racial discrimination that are so similar to those asserted by the original plaintiffs that no purpose would be served by requiring appellants to file independent racial discrimination charges with EEOC. In their motion to intervene, the appellants "alleged facts demonstrating they were similarly situated and had received the same discriminatory treatment," 554 F.2d at 882, as the original plaintiffs. This discriminatory treatment constitutes the basis for both appellants' and the original plaintiffs' Title VII claim for relief. This being so, the EEOC charge filed by one of the original plaintiffs served the principal functions of the EEOC filing requirement, enabling the EEOC to provide the alleged wrongdoer with notice and to permit possible conciliation. See Shehadeh v. Chesapeake & Potomac Tel. Co., 595 F.2d 711, 727 (D.C.Cir.1978). If it was impossible for the EEOC to effectuate a settlement of the original plaintiffs' claims, there is no reason to believe that the EEOC would be successful in settling appellants' claims. Consequently, it was error for the district court to deny appellants' motion to intervene as to the Title VII cause of action for the reason that the action had not been certified as a class action and appellants had not filed charges with EEOC.

In denying appellants' motion to intervene for failure to exhaust administrative remedies, the district court also denied appellants the right to intervene in the § 1981 cause of action recited in the complaint. In Macklin v. Spector Freight Systems, Inc., 478 F.2d 979, 996 (D.C.Cir.1973), we rejected the proposition that



a plaintiff must file a charge with EEOC or plead an excuse for not doing so before he can bring an action under § 1981. In reaching that result, we noted that § 1981 and Title VII provide radically different schemes of enforcement and differ so widely in their scopes that the courts' customary duty to accommodate conflicting legislation is inapplicable. Rather than concluding that Title VII creates any procedural barriers to the application of § 1981, we concluded that the two statutes provide independent, if overlapping, actions for racial discrimination in employment, and that the EEOC filing requirement of Title VII cannot be applied to § 1981, which itself contains no such requirement. In addition, the Supreme Court in Johnson v. Railway Express Agency, 421 U.S. 454, 461, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975) concluded that the remedies of § 1981 and Title VII are separate and distinct and that Congress did not expect a plaintiff to complete Title VII procedures prior to initiating a § 1981 suit. Accordingly, we conclude that the district court erred in denying appellants' motion to intervene in the plaintiffs' § 1981 action on the grounds that appellants had not exhausted administrative remedies.

Since we have concluded that the district court inappropriately applied a requirement of exhaustion of administrative remedies to deny appellants' motion to intervene, we now turn to a consideration of appellants' motion under the appropriate criteria. 2 Those criteria are supplied by Fed.R.Civ.Pro. 24, which establishes two categories of intervention, intervention of right and permissive intervention. Appellants' motion seeks intervention under each of these sections in the alternative. Because we conclude

Page 1324

that appellants are entitled to intervene of right, we do not consider the alternative question of permissive intervention.

Preliminarily, we have determined that it is proper for this Court to rule on appellants' motion rather than to remand to the district court for that decision. We are well aware that in the usual circumstances of an appeal from a denial of a motion to intervene the district court has already evaluated the motion according to the criteria of Rule 24. In those cases the appellate court's review is directed to an examination of the district court's decision to determine whether the denial of intervention of right was clearly erroneous or whether a denial of permissive intervention was an abuse of discretion. See, Hodgson v. United Mine Workers of America, 473 F.2d 118, 127 n.40 (D.C.Cir.1972). In contrast, in the present case the district court has not attempted to apply Rule 24 to appellants' motion. However, there is no requirement that the district court make findings of fact and conclusions of law in ruling on a motion to intervene, Edmondson v. State of Nebraska, 383 F.2d 123, 126 n.1 (8th Cir. 1967), and motions to intervene are usually evaluated on the basis of well pleaded matters in the motion, the complaint, and any responses of opponents to intervention. Stadin v. Union Electric Co., 309 F.2d 912, 917 (8th Cir. 1962). Since those materials are presently before this Court, judicial economy is better served by this Court deciding whether appellants have made a sufficient showing under Rule 24 to be entitled to intervene than by remanding to the district court for that decision.

Fed.R.Civ.Pro. 24(a)(2) provides four criteria for intervention of right. The first of these is that the motion to intervene must be timely made. Whether a motion to intervene is timely made is "to be determined from all the circumstances, including the purpose for which intervention is sought ... and the improbability of prejudice to those already in the case." Natural Resources Defense Council v. Costle, 561 F.2d 904, 907 (D.C.Cir.1977), citing Hodgson v. United Mine Workers of America, 473 F.2d 118, 129 (D.C.Cir.1972). See also, NAACP v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). In the present case appellants satisfied the timeliness requirement when their motion was made little more than one month after the district court denied the original plaintiffs' motion for class certification. Until that denial, appellants might have reasonably believed they could secure relief as members of a plaintiff class. Though the motion to intervene did not occur until approximately ten months after the filing of the complaint, it is improbable that the defendants would be prejudiced by



intervention at that time since the purpose of intervention was to permit appellants to join in the complaint rather than to assert different causes of action. Under these circumstances, appellants' motion to intervene was timely.

Fed.R.Civ.Pro. 24(a)(2) also requires that an intervenor of right claim an interest relating to the property or transaction which is the subject of the action, and that the intervenor be so situated that as a practical matter disposition of the action may impair or impede his ability to protect that interest. An intervenor's interest is obvious when he asserts a claim to property that is the subject matter of the suit, e. g., Atlantis Development v. United States, 379 F.2d 818 (5th Cir. 1967), but intervention of right is not limited to such situations. Rather, "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Nuesse v. Camp, 385 F.2d 694, 700 (D.C.Cir.1967). 3 Applying the interest criterion as a "practical guide" in the present case, we conclude that intervenors are indeed concerned persons whose involvement in the suit is compatible with efficiency and due process. Appellants are persons who allege that they have suffered injury from the same or very similar wrongful acts as those complained of by the original plaintiffs,

Page 1325

and appellants' claims for relief are founded on the same statutory rights as are the claims of the plaintiffs. While the individual acts of discrimination suffered by the plaintiffs and the appellants may differ, they each assert their claims as a result of the same "significantly protectable interest," Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1970), in being free of racial discrimination in employment.

Appellants have also sustained their burden of showing that their interests may be practically impaired or impeded by the disposition of the plaintiffs' suit. Clearly, that disposition would have no binding effect on the appellants if they are not permitted to intervene. However, appellants and plaintiffs have each contended that their respective rights under Title VII and under § 1981 have been violated by the same practices of the defendants. It is a possibility that trial of plaintiffs' claims could result in a determination that certain of these practices as a matter of law do not violate either Title VII or § 1981. In that event, appellants' ability to protect their interest could be impaired or impeded by the principle of stare decisis. This possibility is a sufficient showing to meet the Rule 24(a)(2) criterion. Nuesse v. Camp, 385 F.2d 694, 700 (D.C.Cir.1967).

Finally, intervention of right requires that the appellants show that their interests are not adequately represented by the existing parties. This burden is minimal and is met if appellants show that representation of their interests "may" be inadequate. Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10, 30 L.Ed.2d 686 (1972); Natural Resources Defense Council v. Costle, 561 F.2d 904, 911 (D.C.Cir.1977). While the interests of appellants and of plaintiffs in the present case have the same source in law and in fact, they are not identical. In addition to the alleged discrimination directly affecting both plaintiffs and appellants, the appellants are alleged to have suffered racial discrimination in their attempts to join the labor union. Plaintiffs, as members of the union, have little apparent reason to diligently pursue this particular allegation, in spite of the district court's conclusion that plaintiffs have standing to raise that issue. Furthermore, since the relief sought by both plaintiffs and appellants includes back pay, there is no way that plaintiffs could represent all of appellants' individual claims adequately. Accordingly, appellants have met the minimal necessary showing that their interests may not be adequately represented by the existing parties.

For the above reasons, we conclude that appellants have met their burden under Fed.R.Civ.Pro. 24(a)(2) and are entitled to intervene in the plaintiffs' suit. 4 Accordingly, the district court order denying appellants' motion is reversed, and the case is remanded for intervention of appellants.

---------------

\* Sitting by designation pursuant to 28 U.S.C. § 294(d).



1 Contra, in Hodge v. McLean Trucking Co., 607 F.2d 1118 (1979), the Fifth Circuit, without discussing the similarity of the claims, refused to permit intervention in a Title VII suit because the intervenors had not filed an EEOC charge.

2 Though the district court's denial of class certification for lack of numerosity implies that joinder is a practical alternative to class certification, that finding does not assure the availability of joinder. The denial of certification for lack of numerosity simply means that if appellants are to be parties to the lawsuit, then joinder is a more appropriate means of adding them than certifying the suit as a class action. The appellants must still meet the joinder requirements, and there would be no anomaly if they were not only denied class certification for lack of numerosity but also were denied intervention for failure to meet the requirements of Fed.R.Civ.Pro. 24.

3 In Smuck v. Hobson, 408 F.2d 175 (D.C.Cir.1969) (en banc), we applied this "practical guide" in holding that parents of schoolchildren had sufficient "interest" to intervene of right when a board of education refused to appeal a desegregation decision.

4 Appellees have argued that permitting intervention in this case expands the court's subject matter jurisdiction both horizontally, by adding plaintiffs, and vertically, by extending all plaintiffs' claims back in time based on the date of the original complaint. This argument is without merit. So long as the original plaintiffs remain in the action and none of the original pleadings have been struck, the subject matter of the suit is fixed, and neither the nature of the claims being litigated nor the time periods to which they apply are affected by the addition of appellants-intervenors as plaintiffs.

