*EXHIBIT    2*

# WALTER T. CHARLTON & ASSOCIATES

### Attorneys At Law, Washington, D.C.

--------

### 202 296 2975, 410 571 8764 (Phone)
### Mailing Address: 410 897 0471 (Fax)
### 230 Kirkley Road
### Annapolis, Maryland 21401

### August 9th, 2006

United States General Accounting Office (GAO)   **BY CERTIFIED MAIL**
Office of Opportunity and Inclusiveness   **RETURN RECEIPT REQUESTED**
451 G. Street, N.W.
Washington, D.C. 20548

*Re: Class Action(s) , Age Discrimination in Employment*
*Notice and Re-Notice of Intent to Sue 300 COLA Denials*
*(Pursuant to GAO Order # 2713.2, December 2, 1997)*

Ladies and Gentlemen:

This Notice is a New Notice of Intent to Sue by James D. Moses, presently a Band II A

analyst for GAO.  He give this notice for himself and all others similarly situated pursuant to

GAO Order number 2713.2, Chapter 3, 9, page 12 (Age Discrimination in Employment

Act)(ADEA), Chapter 3, 10 (Equal Pay Act, Section 16(b) of the Fair Labor Standards Act) and

Chapter 4, (Class Complaints).  This notice incorporates by this reference two previous notices of

intent to sue for the same pattern and practice of across-the-board age discrimination, and, in the

interest of caution, adds several recent discrete events which Mr. Moses alleges continue the

same pattern and practice.  Those new matters result from the "Band II Restructuring" and cost of

living adjustment (COLA) denials which became effective in his paycheck on February 16th,

2006.  Mr. Moses alleges that all of his complaints are timely, and the latest Notice is Timely

under Statute of Limitations contained in the Fair Labor Standards Act, as applicable to Federal

Employees, 29 U.S.C. § 631(a); 633(a) et seq, as amended.  Mr. Moses alleges that GAO's Order

violates the existing statute of limitations of two years from the event, and three years if the

violation is intentional (as here).  But in any event this Notice is timely for all matters contained

therein.

Mr. Moses notices his intent to sue as a class complaint for himself and about 300 other

similarly situated employees affected adversely by the "Band II Restructuring", or "Band II Split"

and denials of Cost of Living Increases (COLAs) which became effective with the pay check of

February 16, 2006.  Mr. Moses has previously complained of these actions and received

counseling by GAO's  Office of Inclusiveness, but no resolution has occurred.

Although Mr. Moses for years has been a regular counselor for employees, neither he nor

any employee he is aware of has received timely written or other notice of deadlines for

notification or filing applicable to age discrimination cases.  Under federal civil rights law

principles, notice to employees of their rights in employment disputes is an important duty of the

GAO Office of Opportunity and Inclusiveness.  That has simply not happened here.

Mr. Moses and his counsel recently became aware of the existence of GAO Order

Number 2713.2, effective December 2, 1997, through their own research.  Chapters 3 and 4, of

that Order, if interpreted literally, mean that he must complain within 180 days of the occurrence

of the discrete events about which he complains.  It is fortuitous that this fact became known

before the unnoticed deadline expired.  However, as foregoing noted, Mr. Moses argues that all

of these events are part and parcel of the same discriminatory pattern and practice.

This letter is that notice, purportedly required by GAO Order # 2713.2 in the event the

"Band II Split" is found to be a discrete event and not a part, as Mr. Moses claims, of the overall

pattern of age discrimination at the GAO.

Mr. Moses alleges that the first payday that this occurrence became effective was on February 16, 2006, and that the harm is repeated effective on each payday thereafter, each one a separate violation of law. He alleges that about 300 persons are similarly situated in that they are over 40 years of age and have been effectively demoted in rank and denied COLAs while performing satisfactorily in their jobs.

As per this Notice, Mr. Moses intends to file an amendment to his existing class action lawsuit, or if it becomes necessary to file a new class action in the event the Court determines that the "Band II Split" and resulting actions by GAO are discrete events and not a part of the on-going overall pattern and practice of illegal age discrimination which he, and others have alleged previously in United States District Court Case numbers 87-3538 and 06 1002. Both of those cases allege essentially the same pattern and practice of across-the-board discrimination. Those cases are now "live" before the Honorable Judge John G. Penn, Senior Judge of the United States District Court for the District of Columbia.

Although unnecessary to file a separate notice under existing law, Mr. Moses also alleges that GAO's actions violate the Equal Pay Act. To the extent that act affords relief, no separate notification of the GAO is necessary under the existing GAO Order, 2713.2, chapter 2, # 10.

This Notice also memorializes Mr. Moses's actions in previously complaining to the Civil Rights Office, or as newly named the Office of Opportunity and Inclusiveness, for himself and all others similarly situated, in complaining about the discriminatory effect of the "Band II Split" events, occurrences and related decision to deny COLAs for himself and all others similarly situated.

In no way is this new notice to be construed as an admission of any failure to previously

complain, since in fact Mr. Moses has consistently been timely in accordance with all GAO regulations of which he is and had been made aware. You will please note that Mr. Moses served as a counselor, and therefore purportedly at least, received all instructions appropriate from GAO to perform in that capacity including regulations and GAO Orders which have been brought to his attention by the Office of Opportunity and Inclusiveness or in conversations with the Officials of the GAO with whom he has spoken and been counseled.

This Notice also incorporates by this reference his previous notices which Mr. Moses alleges are part of the on-going pattern and practices of discrimination about which he complains. Those are:

By letter of June 10, 1999 a Notice of Intent to Sue was given by letter, a copy of which was directed to the Comptroller General, Mr. David M. Walker. A copy of that letter is incorporated by this reference. That letter noticed and re-noticed intent to sue for a class action for age discrimination for 15 employees specifically named persons and 151 unnamed persons all of whom were then employees or former employees of the GAO. All of the specifically named persons had previously given the required notice of intent to sue as a part of the on-going case of V. Chennareddy et al v. David Walker, Case No. 87-3538 JGP.

By letter of April 6 , 2005 Mr. Moses again gave notice of intent to sue alleging continuing violations of (ADEA) alleging the same pattern and practice. When the intervention by Messrs. Moses, Davis and Gilbert was denied by the United States District Court, they filed a lawsuit to preserve their remedies. That lawsuit, Case No 06 1002 (JGP) resulted.

Both of the foregoing cases, and the claims of all of the present persons who seek to become class representatives in this case are presently pending before the Honorable Senior

United States District Judge, John G. Penn of the United States District Court for the District of Columbia.

No part of this new Notice of Intent to Sue is to be considered an admission that any previous notice of continuing violations is either abandoned or ineffective as to the new violations herein alleged, nor does this new notice constitute any waiver of or admission to any rights contained in the previous notices of intent to sue by Mr. Moses or any other party now before the United States District Court.

The undersigned firm represents all of those individuals named in the previous lawsuits as well as Mr. Moses for purposes of the contemplated lawsuit(s) and/or in any of the on-going cases as prospective intervenors.

Counsel for Mr. Moses hereby requests that any notification of actions required by Mr. Moses pursuant to GAO regulations or orders, including any counseling required for individual or class complaints, interviews or investigations, be Noticed to this office, and in addition to Mr. Moses.

All correspondence should be directed to this office at:

Walter T. Charlton, D.C. Bar # 186940
230 Kirkley Road,
Annapolis, Maryland 21401
Phone 410 571 8764
email, charltonwt@comcast.net

APPROVED:

_____/s/_____
JAMES D. MOSES

Sincerely,

/s/ charltonw 2428
Walter T. Charlton
Counsel for Mr. Moses and the
class or classes he seeks to represent

CC:
Jimmie Gilbert
7251 S. Vernon Ave.
Chicago,
ILL. 60619

James David Moses
1662 Cyrene Drive
Carson, CA 90746

Arthur Davis
194 Carnival Court
Vallejo, CA 94589

The Honorable David M. Walker
Comptroller General of the United States
of America
451 G. Street, N.W.
Washington, DC 20548