UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
VENKAREDDY CHENNAREDDY, et al.,     )
                                    )
        Plaintiffs,                 )
                                    )
            v.                      )   Civil Action 87-3538 (EGS) (DAR)
                                    )
GENE L. DODARO,                     )
                                    )
        Defendant.                  )
_____)


_____
                                    )
ARTHUR L. DAVIS, et al.,            )
                                    )
        Plaintiffs,                 )
                                    )
            v.                      )   Civil Action 06-1002 (EGS) (DAR)
                                    )
GENE L. DODARO, et al.,             )
                                    )
        Defendants.                 )
_____)


_____
                                    )
JAMES D. MOSES,                     )
                                    )
        Plaintiff,                  )
                                    )
            v.                      )   Civil Action 06-1712 (EGS) (DAR)
                                    )
GENE L. DODARO, et al.,             )
                                    )
        Defendants.                 )
_____)

**DEFENDANTS' SURREPLY TO THE APPLICANT INTERVENORS' REPLY TO
DEFENDANTS' OPPOSITION TO THE APPEAL OF THE MAGISTRATE
JUDGE'S ORDER DENYING INTERVENTION INTO
THE 1987 CHENNAREDDY ACTION**

Defendants submit this surreply to address an argument that was raised for the first time by the applicant intervenors in their reply brief in support of their appeal of the denial of their motions to intervene. In their reply brief, the applicant intervenors argue that Defendants: (1) have improperly withheld discovery material that would enable the applicant intervenors to establish their right to intervene into Chennareddy v. Dodaro, No. 87-3538 ("Chennareddy"); and yet (2) have relied on that very same material in their arguments opposing intervention. (See Chennareddy Dkt. 393 at 5, 14.) The above argument fails for three reasons. First, as Defendants have previously explained, the applicant intervenors' assertion that Defendants have improperly withheld discovery material is baseless. (See Chennareddy Dkt. 387 at 17.) Second, as Defendants have also previously explained, discovery material could not affect the resolution of the motions to intervene. (See id. at 16-17; see also Chennareddy Dkt. 382 at 3-4; Chennareddy Dkt. July 16, 2008 Minute Order.) And, third, Defendants' arguments opposing intervention are in no way premised upon undisclosed discovery material. Rather, they are based upon: (1) the facts that the applicant intervenors and the Chennareddy Plaintiffs have (and, in some cases, have not) alleged in their respective pleadings; (2) the litigation history and posture of the Chennareddy action; and (3) the litigation history and posture of the separate actions that the applicant intervenors have brought against Defendants, Davis, et al. v. Dodaro, et al., No. 06-1002, and Moses v. Dodaro, et al., No. 06-1712. (See Chennareddy Dkt. 367; Chennareddy Dkt. 387.)

To support their assertion that Defendants have relied upon undisclosed discovery material in opposing intervention, the applicant intervenors cite only a single statement that was made by counsel for Defendants during oral argument on the motions to intervene. That statement appears in italics at the end of the below passage:

> [P]ermissive intervention requires that the intervenors[' claims] and the [claims of the] Chennareddy [plaintiffs] share common questions of law or fact. . . . [W]ith respect to common questions of law or fact, the intervenors have not shown that their claims and the claims of the Chennareddy plaintiffs share common questions of law or fact.  What they have alleged in conclusory fashion is that they share allegations of age discrimination.  But just the fact that two sets of plaintiffs both allege age discrimination on the part of a single defendant doesn't mean that there are common questions of law or fact.  In fact, the intervenors and the Chennareddy plaintiffs were employed in different GAO[1] field offices at different times and are presumably, therefore, challenging decisions made by different GAO managers.  Therefore, there's not a commonality of questions of law or fact, there's no allegation of—there's a conclusory allegation of a common GAO-wide practice of discrimination, *but there's been no evidence presented to that and, in fact, non such exists*.

(Chennareddy Dkt. 388 at 20:16-21:18.)  The point of the above passage (which addresses only a portion of one of Defendants' several arguments against intervention) is that the applicant intervenors:  (1) have failed to allege facts showing that their claims and the claims of the Chennareddy Plaintiffs share common questions of law or fact; and (2) presumably cannot do so because the personnel decisions that they and the Chennareddy Plaintiffs are challenging were made by different GAO managers in different GAO field offices at different times.  Defendants have made precisely the same point in their briefs on the issue of intervention.  (See Chennareddy Dkt. 367 at 9-10; Chennareddy Dkt. 387 at 11-13.)  Counsel for Defendants did not intend to make any definitive representation to this Court as to the existence or non-existence of evidence of discrimination on the part of GAO.  Indeed, he had previously argued before this Court (and this Court had previously agreed) that the existence or non-existence of any such evidence is irrelevant to the resolution of the motions to intervene.[2]  (See, e.g., Chennareddy Dkt.

---

[1] The Government Accountability Office ("GAO") is/was the employer of each of the Chennareddy Plaintiffs and applicant intervenors and is the primary Defendant in each of the above-captioned actions.

[2] When counsel for Defendants stated during oral argument that no evidence of a GAO-wide practice of discrimination has been presented or exists, he was referring to the evidence in the record from the Chennareddy Plaintiffs' two prior unsuccessful efforts at class certification. (One of the primary reasons why this Court (Penn, J.) refused to certify a class in the

3

379 at Ex. B; Chennareddy Dkt. June 24, 2008 Minute Order; Chennareddy Dkt. 382 at 3-4; Chennareddy Dkt. July 16, 2008 Minute Order.)

      Nevertheless, to avoid any confusion, Defendants state that they are not arguing (and, in fact, have never argued) that the existence, vel non, of evidence of discrimination on the part of GAO is material to the issue of whether intervention should be granted or denied.[3] As Defendants made clear in their briefing on the issue of intervention (as well as during oral argument on the motions to intervene), their position is that intervention is properly denied because the applicant intervenors have failed to establish that: (1) their rights would be impaired or impeded absent intervention; (2) the motions to intervene were timely filed; (3) there is a sufficiently close nexus between their claims and the claims of the Chennareddy Plaintiffs; and (4) intervention is in the best interests of those already parties to the Chennareddy action. (See, e.g., Chennareddy Dkt. 387 at 6-14; Chennareddy Dkt. 388 at 18:11-22:16, 30:25-31:15.)

---

Chennareddy action in the 1990s was because the Chennareddy Plaintiffs had failed to identify a GAO-wide practice or policy of discrimination. (See Chennareddy Dkt. 387 at 12 n.10.)) Yet, even the evidence in the record from the Chennareddy Plaintiffs' prior unsuccessful attempts at class certification is irrelevant to the issue of intervention. As Defendants have explained on numerous prior occasions (including during oral argument on the motions to intervene), the issue of intervention turns on, inter alia, factual allegations, not evidence. (See, e.g., Chennareddy Dkt. 382 at 3-4; Chennareddy Dkt. 388 at 31:4-5.)

    [3] As stated above, the question of whether there exists evidence of discrimination on the part of GAO has no bearing on the issue of intervention and is not—and was never intended to be—the subject of any definitive representation before this Court in connection with the motions to intervene.

4

## **CONCLUSION**

For the reasons set forth both above and in <u>Chennareddy</u> Docket 387, this Court should affirm the Magistrate Judge's decision denying the applicant intervenors' motions to intervene into the <u>Chennareddy</u> action.

                                             Respectfully submitted,

                                             /s/
                                        JEFFREY A. TAYLOR, D.C. BAR #498610
                                        United States Attorney

                                             /s/
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney

                                           /s/
                                        HEATHER GRAHAM-OLIVER
                                        Assistant United States Attorney
                                        555 Fourth St., N.W.
                                        Washington, D.C.  20530
                                        Phone: (202) 305-1334
                                        Fax: (202) 514-8780

                                           /s/
                                        CHRISTOPHER B. HARWOOD
                                        Assistant United States Attorney
                                        555 Fourth St., N.W.
                                        Washington, D.C.  20530
                                        Phone: (202) 307-0372
                                        Fax: (202) 514-8780

                                           /s/
                                        HARRY B. ROBACK
                                        Assistant United States Attorney
                                        555 Fourth St., N.W.
                                        Washington, D.C.  20530
                                        Phone: (202) 616-5309
                                        Fax: (202) 514-8780